IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL GONIDAKIS, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**OHIO REDISTRICTING COMMISSION, et al.,**<br><br>Defendants, and<br><br>**LEAGUE OF WOMEN VOTERS OF OHIO and A. PHILIP RANDOLPH INSTITUTE OF OHIO,**<br><br>Intervenor-Defendants. | Case No. 2:22-cv-773 |

## APPLICANTS' MOTION TO INTERVENE AS DEFENDANTS AND NOTICE OF FORTHCOMING FILINGS

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the League of Women Voters of Ohio and the A. Philip Randolph Institute of Ohio ("Applicants") respectfully move to intervene as Defendants in this case.

Applicants are two Ohio-based organizations engaged in voter advocacy efforts who have (i) devoted significant resources to combatting efforts by the Commission Defendants to enact an unfairly partisan plan in violation of Article XI of the Ohio Constitution, and (ii) initiated ongoing litigation in the Ohio Supreme Court regarding the constitutional validity of the General Assembly plan now at issue here.  In light of Applicants' prompt intervention and significant legal interest in this litigation (which would be impaired and inadequately represented absent intervention) along with the substantial overlap in questions of law and fact, Applicants should be permitted seek intervention as of right under Rule 24(a)(2) or, alternatively, permissive

intervention under Rule 24(b)(1)(b). A memorandum in support of this motion and accompanying exhibits is filed herewith.

WHEREFORE, Applicants respectfully request that this Court grant their motion to intervene as of right, or in the alternative, grant permissive intervention. Applicants further provide notice of their intent to submit additional papers regarding threshold issues for the Court's consideration.

Respectfully submitted,

*/s/ Freda J. Levenson*
Freda J. Levenson (0045916)
   *Counsel of Record*
ACLU OF OHIO FOUNDATION, INC.
4506 Chester Avenue
Cleveland, OH 44103
(614) 586-1972 x125
flevenson@acluohio.org

Robert D. Fram*
COVINGTON & BURLING, LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000
rfram@cov.com

David J. Carey (0088787)
ACLU OF OHIO FOUNDATION, INC.
1108 City Park Avenue, Suite 203
Columbus, OH 43206
(614) 586-1972 x2004
dcarey@acluohio.org

Sarah Suwanda*
COVINGTON & BURLING, LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
ssuwanda@cov.com

Alora Thomas*
Julie A. Ebenstein*
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
(212) 519-7866
athomas@aclu.org
jebenstein@aclu.org

* *Pro hac vice* application forthcoming

3

## CERTIFICATE OF SERVICE

  I, Freda J. Levenson, hereby certify that on this 20th day of February, 2022, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Southern District of Ohio, Eastern Division via the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Freda J. Levenson*
Freda J. Levenson (0045916)
*Counsel for Intervenor-Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL GONIDAKIS, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**OHIO REDISTRICTING COMMISSION, et al.,**<br><br>Defendants, and<br><br>**LEAGUE OF WOMEN VOTERS OF OHIO and A. PHILIP RANDOLPH INSTITUTE OF OHIO,**<br><br>Intervenor-Defendants. | Case No. 2:22-cv-773 |

**MEMORANDUM IN SUPPORT OF APPLICANTS' MOTION TO INTERVENE AS DEFENDANTS AND NOTICE OF FORTHCOMING FILINGS**

The League of Women Voters of Ohio and the A. Philip Randolph Institute of Ohio, ("Applicants") submit this memorandum in support of their motion to intervene as Defendants as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure or, in the alternative, permissive intervention pursuant to Rule 24(b). Applicants further provide notice of their intent to submit forthwith additional filings opposing Plaintiffs' improper request for a three-judge panel and moving to stay this case on the basis of abstention.

**I.  INTRODUCTION**

By filing suit in this Court while the Ohio Redistricting Commission (the "Commission" or "Commission Defendants") is under a state-court order to adopt a constitutionally compliant district plan for the Ohio General Assembly, Plaintiffs would undermine ongoing redistricting litigation before the Ohio Supreme Court. That litigation, initiated on September 23, 2021 by

Applicants against the Commission Defendants, is still pending. The Ohio Supreme Court has jurisdiction over that ongoing litigation, in which it has recently stricken plans enacted by the Commission Defendants, and is actively exercising judicial review over the drawing and enactment of a constitutionally compliant district plan.

This remains the case even though the Commission has claimed to reach an impasse while refusing to comply with the Ohio Supreme Court's February 7, 2022 order that it enact a constitutional plan by February 17, 2022. To eliminate any conceivable doubt as to its continuing supervisory jurisdiction, on February 18, 2022, the Ohio Supreme Court, *sua sponte,* ordered the Commission to show cause why it should not be held in contempt for asserting "impasse" and violating the Court's orders to enact a constitutional plan.

Contrary to Plaintiffs' assertions, there is no malapportionment case for *this* Court to review at this time. The Ohio Supreme Court is currently adjudicating Ohio's state legislative plan in a timely and expeditious manner. Applicants have every belief that *that* litigation will result in a constitutional plan. The order to show cause issued by the Ohio Supreme Court hours after the Commission's declaration of impasse underscores that point: the state court can and does intend to act imminently to resolve the constitutional issues before it. Because the Ohio Supreme Court is currently adjudicating the remedial process over which a new, constitutional plan will be enacted, Plaintiffs' purported malapportionment case is not yet ripe. Thus, a three-judge panel pursuant to 28 U.S.C. § 2284(a) would be improper. *See City of Philadelphia v. Klutznick*, 503 F. Supp. 657, 658 (E.D. Pa. 1980) (denying request for three-judge panel where "the legal challenge must be to the final product-the apportionment").

Moreover, there is a long line of federal court jurisprudence requiring federal courts to abstain from interfering while redistricting, also known as reapportionment, is before a state

2

court, as it is here. *Growe v. Emison*, 507 U.S. 25, 33 (1993) ("In the reapportionment context, the Court has required federal judges to defer consideration of disputes involving redistricting where the State, through its legislative *or* judicial branch, has begun to address that highly political task itself.").

If Applicants' motion to intervene is granted, Applicants will imminently (i) contest Plaintiffs' improper request for re-assignment to a three-judge panel pursuant to 28 U.S.C. § 2284(a), and (ii) move to stay this case on the basis of abstention.

**II.     FACTUAL BACKGROUND**

    **A.     Applicants are organizations that promote the interests of voters in Ohio.**

The League of Women Voters of Ohio ("LWVO") is a nonpartisan, statewide nonprofit founded in May 1920, shortly before the ratification of the Nineteenth Amendment in August 1920 granting women's suffrage. LWVO and its 3,661 members, including residents of all of Ohio's Senate districts and 94 of Ohio's 99 House districts, are dedicated to empowering citizens and ensuring an effective democracy. As part of its mission to empower voters and defend democracy, LWVO aims to shape public policy, to educate the public about policy issues and the functioning of our democracy, and to protect and expand Ohioans' access to elections and their government. Individual LWVO members invest substantial volunteer time in voter education, civic engagement, and voter registration.

Gerrymandering impairs LWVO's work by deterring and discouraging its members and other Ohio voters from engaging in the political process, thereby making it more difficult for LWVO to engage voters through its education, registration, and outreach efforts. Concern about the prospect of a gerrymandered general assembly map forced LWVO during 2021 to divert staff responsibilities, member efforts, and financial resources to an advocacy campaign for fair districts. This advocacy campaign included attending and testifying at multiple hearings across

3

the state, mobilizing voter communications with elected officials, and organizing lobbying visits and rallies at the Statehouse in Columbus, among other efforts. LWVO also helped sponsor a competition for citizens to draw redistricting maps that privileged good governance aims over partisan ends. LWVO deployed all of its staff members to work on redistricting-related work, hired a new staff person to work strictly on redistricting, and hired a mapping expert to run the citizen map-drawing competition and analyze the Commission's map proposals as they became available. In September 2021, on its own behalf and as a representative of its members, LWVO filed a lawsuit in the Ohio Supreme Court against the Commission Defendants and other Ohio officials in order to seek a constitutionally compliant district plan.

The Ohio A. Philip Randolph Institute ("APRI") is the Ohio chapter of the A. Philip Randolph Institute, a national organization for African-American trade unionists and community activists, with eight chapters across Ohio and hundreds of members and volunteers statewide. The bulk of APRI's work is focused on voter education, registration, civic engagement, and outreach efforts. These efforts have continued during the COVID-19 pandemic, with APRI leadership and members conducting in-person and virtual voter outreach and voter education events, and partnering with churches to educate the public about absentee voting.

Gerrymandering impairs APRI's work by deterring and discouraging its members and other Ohio voters from engaging in the political process, thereby making it more difficult for APRI to engage voters through its education, registration, and outreach efforts. The prospect of another gerrymandered map consumed APRI's time and resources throughout 2021 that would otherwise have gone to traditional voter registration and outreach efforts. For example, APRI members have testified at redistricting hearings in response to the Commission's proposed maps,

4

at times forcing them to cancel or set aside other activities. In addition, APRI members have educated citizens and answered countless questions about the redistricting process, what "packing" and "cracking" are, why there is an initiative for fair districts and what its goals are, why their neighborhoods have been chopped up in unprecedented ways, and why a system has been designed that leads them to feel that their votes do not count. In September 2021, on its own behalf and as a representative of its members, APRI filed a lawsuit in the Ohio Supreme Court against the Commission Defendants and other Ohio officials in order to seek a constitutionally compliant district plan.

**B. Applicants first filed suit in the Ohio Supreme Court regarding the validity of the General Assembly district plan.**

Just after midnight on September 16, 2021, the Commission Defendants voted along party lines to enact a General Assembly district plan to be in effect for the next four years. One week later, on September 23, 2021, Applicants filed a complaint in the Ohio Supreme Court, alleging that the Commission enacted a General Assembly district plan that violated Article XI of the Ohio Constitution.[1] Specifically, Applicants alleged that the Commission violated Sections 6(A) and 6(B) of Article XI by enacting a plan that (i) primarily favored the Republican Party, and (ii) failed to correspond closely to the statewide preferences of the voters of Ohio. *See* Exhibit A, Complaint ("*LWV* Compl.") ¶ 91, *League of Women Voters of Ohio v. Ohio Redistricting Comm'n*, No. 2021-1193 (Ohio Sept. 23, 2021).[2]

---

[1] The Ohio Supreme Court maintains exclusive and original jurisdiction over all actions arising under Article XI of the Ohio Constitution. Ohio Const., Art. XI, § 9.

[2] Exhibit A represents a true and accurate copy of the complaint filed by Applicants in the Ohio Supreme Court, which is publicly available on the Ohio Supreme Court's docket, https://www.supremecourt.ohio.gov/pdf_viewer/pdf_viewer.aspx?pdf=910299.pdf.

Following expedited discovery, full merits briefing, and oral argument, the Ohio Supreme Court, on January 12, 2022, invalidated the plan enacted by the Commission, ordered the Commission to reconvene to adopt a new plan within ten days of judgment, and *retained* jurisdiction to review the new, constitutionally compliant plan adopted by the Commission. *See League of Women Voters of Ohio v. Ohio Redistricting Comm'n*, No. 2022-Ohio-65, slip op. ¶ 137 (Ohio Jan. 12, 2022). On January 22, 2022, the Commission adopted a revised plan, to which Applicants, three days later, lodged objections explaining that the revised plan violated Article XI, Sections 6(A) and 6(B). *See* Petitioners' Objections to the Commission's Revised Map, *League of Women Voters of Ohio*, No. 2021-1193 (Ohio Jan. 25, 2022).[3]

On February 7, 2022, the Ohio Supreme Court sustained Applicants' objections and once again invalidated the plan enacted by the Commission, finding that the January 22 plan "violates Article XI, Sections 6(A) and 6(B) of the Ohio Constitution." *League of Women Voters of Ohio v. Ohio Redistricting Comm'n*, No. 2022-Ohio-342, slip op. ¶ 3 (Ohio Feb. 7, 2022). The Ohio Supreme Court then ordered the Commission to adopt a new plan "no later than February 17, 2022, and shall file a copy of that plan with this court by 9:00 a.m. on February 18, 2022." *Id.* ¶ 68. The Ohio Supreme Court, once again, retained jurisdiction for purpose of reviewing the forthcoming plan. *Id.*

In the ten days following that February 7 order, the Commission convened only on the afternoon of the Ohio Supreme Court's mandated deadline for enacting a constitutionally compliant district plan. At that February 17 meeting, the majority Commission members did not introduce any plan. Nor did they consider or comment on the plan submitted to the Commission

---

[3] Petitioners' filing of objections is publicly available on the Ohio Supreme Court's docket, https://www.supremecourt.ohio.gov/pdf_viewer/pdf_viewer.aspx?pdf=918621.pdf.

by Applicants. *See* Bennett & League of Women Voters Petitioners (Feb. 15, 2022), The Ohio Redistricting Comm'n, https://redistricting.ohio.gov/maps ("General Assembly District Plans – General Public Sponsors"). Instead, they only heaped criticism on a plan introduced by the minority Commission members. Accordingly, the Commission did not enact any plan at all in accordance with the Ohio Supreme Court's February 17, 2022 deadline, and instead declared an impasse.

Following the Commission's filing of its notice of impasse in the Ohio Supreme Court, Applicants filed a motion to require the Commission to explain why it failed to enact a plan as mandated by the Ohio Supreme Court. Hours later, the Ohio Supreme Court, *sua sponte*, ordered the Commission to show cause why its members should not be held in contempt. *See* 02/18/2022 Case Announcements #2, *League of Women Voters of Ohio v. Ohio Redistricting Comm'n*, 2022-Ohio-498 (Ohio Feb. 18, 2022).

Within 15 hours of the Commission's declaration of an impasse, Plaintiffs filed the instant action before this Court. Notwithstanding the very much live issues before the Ohio Supreme Court, Plaintiffs here are seeking an end run in federal court. In complaining that the "current state legislative districts (or lack thereof) violate the U.S. Constitution and [that] this Court should adopt the Second Plan previously adopted by the Redistricting Commission," Pls.' Compl. ¶ 6, Plaintiffs ask this Court to reinstate the very plan that Applicants formally objected to and that the Ohio Supreme Court invalidated as unconstitutional on February 7, 2022.

### III. ARGUMENT

Under Rule 24(a)(2), the "interest" of an intervenor as of right is to be liberally construed in favor of intervention. *See, e.g.*, *Bradley v. Milliken,* 828 F.2d 1186, 1192 (6th Cir. 1987) (citing *Hatton v. County Bd. of Educ. of Maury County, Tenn.,* 422 F.2d 457, 461 (6th Cir. 1970)). Similarly, Rule 24(b) is to be construed liberally in favor of intervention. *See, e.g.*,

7

*Assoc. Builders & Contractors v. Perry*, 16 F.3d 688, 690 (6th Cir. 1994) (permissive intervenors need not show standing); *Purnell v. City of Akron*, 925 F. 2d 941, 950 ("Rule 24 is broadly construed in favor of potential intervenors.").

For the reasons set forth below, Applicants are entitled to intervene as of right under Rule 24(a)(2). In the alternative, this Court should grant permissive intervention under Rule 24(b)(1)(B).

### A. Applicants are entitled to intervention as of right.

Upon timely application, any party may intervene as of right where, in relevant part, the applicant:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). In this Circuit, intervention as a matter of right is proper when the proposed intervenors demonstrate: "(1) the motion to intervene is timely; (2) the proposed intervenors have a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the proposed intervenors' ability to protect their legal interest; and (4) the parties to the litigation cannot adequately protect the proposed intervenors' interest." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). Applicants satisfy these criteria to intervene as a matter of right.

#### 1. Applicants' motion to intervene is timely.

This motion, which is being filed within one business day after Plaintiffs initiated this action, is undoubtedly timely. *See generally Davis v. Lifetime Cap., Inc.*, 560 F. App'x 477, 490–94 (6th Cir. 2014). Applicants' prompt motion for intervention on the Sunday after Plaintiffs' Friday filing, at this nascent stage in this litigation, does not at all delay the

8

advancement of this action or otherwise harm the parties. Not one business day has passed, and no answer or responsive briefing has been filed. *See Jansen*, 904 F.2d at 341 (intervention was considered timely six months into the discovery process). Accordingly, Applicant's prompt motion to intervene is timely for purposes of Rule 24, and no unusual circumstances militate against intervention as of right. *See id.* at 494.

### 2. Applicants have a significant legal interest in this litigation.

Nor is there any doubt that Applicants have a significant interest in this litigation. *See Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (explaining that courts in this Circuit adopt a "rather expansive notion of the interest sufficient to invoke intervention of right"). Indeed, Applicants' interests could not be more "significant." In the first instance, Applicants are two Ohio-based organizations engaged in voter advocacy efforts, who have devoted significant resources to combatting efforts by the Commission to enact an unfairly partisan plan in light of Article XI of the Constitution. They have fought for, and have a demonstrably significant interest in, ensuring that the Commission adopts an Article XI-compliant plan. And courts have routinely found that public interest organizations, like Applicants, should be granted intervention in voting and other election-related cases. *See, e.g.*, *Texas v. United States*, 798 F.3d 1108, 1111 (D.C. Cir. 2015); *Pub. Interest Legal Found., Inc. v. Winfrey*, 463 F. Supp. 3d 795, 797 (E.D. Mich. 2020); *Kobach v. U.S. Election Assistance Comm'n*, 2013 WL 6511874, at *5 (D. Kan. Dec. 12, 2013).

What is more, Applicants filed suit in the Ohio Supreme Court for the very purpose of invalidating unconstitutional, Commission-enacted plans—including the very plan that Plaintiffs now seek to reinstate through this Court. There can be no greater evidence of Applicants' "significant" legal interest when Plaintiffs' complaint does nothing more than attempt to change the venue and outcome of Applicants' initial suit. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58

F.3d 1392, 1397 (9th Cir. 1995) (finding "sufficient interest" where intervenors filed a separate lawsuit regarding the same issues as the case in which it intervened).

### 3. Disposition of this case may impair or impede Applicants' interests.

Applicants are not required to show that disposition in this case *will* impair their ability to protect their interests, only that disposition *may* impair their interests. *See, e.g.*, *Purnell*, 925 F.2d at 948 (applicants "need not show that substantial impairment of their interest *will* result") (emphasis added); *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014). But because of the identical subject matter and conflicting remedies between the two cases, any disposition in this case would almost surely impair Applicants' interests. Indeed, in their ongoing suit before the Ohio Supreme Court, Applicants seek the *exact opposite* remedy of the one being sought by Plaintiffs here: while Plaintiffs seek to enact the second Commission plan that Applicants objected to (and the Ohio Supreme Court ultimately struck down), Applicants seek to enact a constitutionally compliant district plan. *Compare* Pls.' Compl. ¶ 6 *with* Petitioners' Objections to the Commission's Revised Map, *League of Women Voters of Ohio*, No. 2021-1193 (Ohio Jan. 25, 2022). Put simply, Plaintiffs' eleventh-hour attempt to use a new venue to reinstate an already invalidated, unconstitutional plan while the remedial phase of a state case is ongoing raises serious concerns that disposition in this case will—and at the very least may—"impair or impede" Applicants' interests.

### 4. Applicants' interest is not adequately represented by the existing defendants.

Applicants' burden in showing inadequate representation is "minimal." *Davis v. Lifetime Cap., Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014) (citing *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972)). Indeed, a proposed intervenor "need only show that there is a *potential* for inadequate representation." *Id.* Here, the interests of the Applicants are

10

undoubtedly distinct and even diametrically opposed to the Commission Defendants in this action. That divergence is underscored by the fact that Applicants, in response to the Commission Defendants' inability to enact a district plan, filed a motion before the Ohio Supreme Court requiring the Commission to explain its failure to enact a constitutionally compliant plan by the February 17, 2022 deadline (in accordance with the Ohio Supreme Court's February 7, 2022 order). *See* Petitioners' Motion to Require Respondents to Explain Their Failure to Comply with the Court's Feb. 7, 2022 Order, *League of Women Voters of Ohio*, No. 2021-1193 (Ohio Feb. 18, 2022).[4] Because Applicants have been, and are, currently adverse to the Commission Defendants in that pending state-court litigation on substantially similar claims at issue here, Applicants have satisfied the inadequacy requirement.

\* \* \*

In light of the fact that Applicants have satisfied all four criteria, Applicants respectfully submit that they entitled to intervene as of right under Rule 24(a)(2).

**B.     In the alternative, the Court should grant permissive intervention.**

Even if the Court determines that Applicants are not entitled to intervene as a matter of right, the Court should exercise its broad discretion to grant permissive intervention. A court may grant permissive intervention when the motion to intervene is timely and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Applicants easily satisfy the threshold requirements for permissive intervention here. Their motion is timely, and they seek to assert defenses that squarely address the factual and

---

[4] Petitioners' motion is publicly available on the Ohio Supreme Court's docket, https://www.supremecourt.ohio.gov/pdf_viewer/pdf_viewer.aspx?pdf=919727.pdf.

11

legal premise of Plaintiffs' claims—including but not limited to whether the Commission Defendants should adopt a revised plan that was already invalidated by the Ohio Supreme Court. Indeed, permissive intervention is especially appropriate where, as here, Applicants initiated and actively participated in the process through which those very Commission-enacted plans were struck down.

Nor would granting Applicants' motion at this nascent stage of the case delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(3). Not only is that rule to be construed liberally, *see Purnell*, 925 F.2d at 950, but the original parties cannot plausibly claim prejudice or delay when (i) Applicants moved to intervene within 72 hours of the original complaint, and (ii) Plaintiffs' after-the-fact suit attempts to delay the substantially similar and ongoing litigation pending before the Ohio Supreme Court.

### IV. CONCLUSION

For the foregoing reasons, Applicants League of Women Voters of Ohio and A. Philip Randolph Institute of Ohio respectfully request that they may be allowed to intervene as Defendants in this action.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Freda J. Levenson* |
| Robert D. Fram* | Freda J. Levenson (0045916) |
| COVINGTON & BURLING, LLP |   *Counsel of Record* |
| Salesforce Tower | ACLU OF OHIO FOUNDATION, INC. |
| 415 Mission Street, Suite 5400 | 4506 Chester Avenue |
| San Francisco, CA 94105-2533 | Cleveland, OH 44103 |
| (415) 591-6000 | (614) 586-1972 x125 |
| rfram@cov.com | flevenson@acluohio.org |
|  |  |
| Sarah Suwanda* | David J. Carey (0088787) |
| COVINGTON & BURLING, LLP | ACLU OF OHIO FOUNDATION, INC. |
| One CityCenter | 1108 City Park Avenue, Suite 203 |
| 850 Tenth Street, NW | Columbus, OH 43206 |
| Washington, DC 20001-4956 | (614) 586-1972 x2004 |
| (202) 662-6000 | dcarey@acluohio.org |
| ssuwanda@cov.com |  |
|  | Alora Thomas* |
| * *Pro hac vice* application forthcoming | Julie A. Ebenstein* |
|  | AMERICAN CIVIL LIBERTIES UNION |
|  | 125 Broad Street |
|  | New York, NY 10004 |
|  | (212) 519-7866 |
|  | athomas@aclu.org |
|  | jebenstein@aclu.org |

13

**CERTIFICATE OF SERVICE**

I, Freda J. Levenson, hereby certify that on this 20th day of February, 2022, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Southern District of Ohio, Eastern Division via the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Freda J. Levenson*
Freda J. Levenson (0045916)
*Counsel for Intervenor-Defendants*
