IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL GONIDAKIS, et al.,**<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>**OHIO REDISTRICTING COMMISSION, et al.,**<br><br>　　　　Defendants.<br><br>　　　　v.<br><br>**LEAGUE OF WOMEN VOTERS OF OHIO and A. PHILIP RANDOLPH INSTITUTE OF OHIO,**<br><br>　　　　Intervenor-Defendants. | Case No. 2:22-cv-773 |

## ANSWER AND DEFENSES OF INTERVENOR-DEFENDANTS LEAGUE OF WOMEN VOTERS OF OHIO AND A. PHILIP RANDOLPH INSTITUTE OF OHIO

　　Intervenor-Defendants League of Women Voters of Ohio and A. Philip Randolph Institute of Ohio, by and through their attorneys, respond to the allegations in Plaintiffs' complaint, dated February 18, 2022.

　　To the extent that the complaint's headings, subheadings, or table of contents contain factual allegations, they are denied.  Intervenor-Defendants further answer as follows:

　　1.　　The allegations in Paragraph 1 state legal conclusions and therefore do not require a response.  To the extent a response is required, Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 1, and deny those allegations on that basis.

2. The allegations in Paragraph 2 state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants admit the Ohio Redistricting Commission (the "Commission") passed two plans, expressly deny that these plans met the parameters required under the Ohio Constitution, and admit that these plans were struck down by the Ohio Supreme Court.

3. Admitted.

4. Intervenor-Defendants admit that the Commission claims that it is at an impasse. Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 4, and deny those allegations on that basis.

5. The allegations in Paragraph 5 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations, and deny those allegations on that basis.

6. The allegations in Paragraph 6 state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

## THE PARTIES

7. Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 7 and related subparagraphs, and deny those allegations on that basis.

8. The allegations in Paragraph 8 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations, and deny those allegations on that basis.

9. The allegations in Paragraph 9 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations, and deny those allegations on that basis.

10. Admitted.

## JURISDICTION AND VENUE

11. The allegations in Paragraph 11 state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny that this Court has subject-matter jurisdiction over this case.

12. The allegations in Paragraph 12 state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations, and deny those allegations on that basis.

13. Admitted.

14. The allegations in Paragraph 14 state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

## STATEMENT OF FACTS

**A.  Ohio voters elect bicameral legislature.**

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

3

**B.    New districts using federal census data in 2010 and approved by Ohio Supreme Court.**

19.    Admitted.

20.    The allegations in Paragraph 20 state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations, and deny those allegations on that basis.

21.    The allegations in Paragraph 21 state legal conclusions and therefore do not require a response.

**C.    Ohioans create new process for 2020 that still relies on federal census data.**

22.    Admitted.

23.    The allegations in Paragraph 23 state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 23, and deny those allegations on that basis.

24.    Admitted.

25.    Paragraph 25 states legal conclusions and therefore does not require a response. To the extent a response is required, Intervenor-Defendants admit that various factors may include statewide state and federal partisan general election results during the last ten years.

26.    Paragraph 26 states legal conclusions and therefore does not require a response.

**D.    The COVID-19 pandemic interrupts the 2020 decennial census.**

27.    Admitted.

28.    Admitted.

29.    Admitted.

4

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

E. **The Redistricting Commission adopts its first plan using the most recent census data in September 2021 ("First Plan").**

35. Admitted.

36. Admitted.

37. Admitted.

38. Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 38, and deny those allegations on that basis.

39. Admitted.

40. The allegations in Paragraph 40 state legal conclusions and therefore do not require a response.  To the extent a response is required, Intervenor-Defendants deny those allegations.

F. **Three months later, in January 2022, the Ohio Supreme Court rejects the First Plan.**

41. Admitted.

42. Admitted.

G. **The Redistricting Commission adopts a Second Plan, again using the most recent census data.**

43. Admitted.

44. Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 44, and deny those allegations on that basis.

45. Admitted.

46. Paragraph 46 characterizes Plaintiffs' claims and states legal conclusions and therefore does not require a response. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 46.

47. Paragraph 47 characterizes Plaintiffs' claims and states legal conclusions and therefore does not require a response. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 47.

48. Paragraph 48 characterizes Plaintiffs' claims and states legal conclusions and therefore does not require a response. To the extent a response is required, Intervenor-Defendants admit that objections to the Commission's First Plan were filed, but otherwise deny the remaining allegations.

**H.  Primary deadline passes in February 2022 for candidates while the Redistricting Commission's Second Plan is considered.**

49. Admitted.

50. Admitted.

51. Admitted.

**I.  Ohio Supreme Court rejects Second Plan and orders Third Plan.**

52. Admitted.

53. Admitted.

**J.  Redistricting Commission declares impasse and cannot issue Third Plan.**

54. Intervenor-Defendants admit that the Commission convened on February 17, 2022, but deny the remaining allegations in Paragraph 54 to the extent they suggest that the Commission complied with the Ohio Supreme Court's orders.

55. Intervenor-Defendants admit that the Commission claims that it could not reach an agreement.  Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 55, and deny those allegations on that basis.

56. Intervenor-Defendants admit that the Commission claims that it is at an impasse and did not enact a plan on February 17, 2022.  Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 56, and deny those allegations on that basis.

**K.	Plaintiffs are now stuck in malapportioned districts (or no district at all).**

57. The allegations in Paragraph 57 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response.  To the extent a response is required Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 57, and deny those allegations on that basis.

58. The allegations in Paragraph 58 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response.  To the extent a response is required, Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations, and deny those allegations on that basis.

59. The allegations in Paragraph 59 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response.  To the extent a response is required, Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations, and deny those allegations on that basis.

60. The allegations in Paragraph 60 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response.  To the extent a response is required,

Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations, and deny those allegations on that basis.

61. The allegations in Paragraph 61 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations, and deny those allegations on that basis.

62. The allegations in Paragraph 62 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations, and deny those allegations on that basis.

63. The allegations in Paragraph 63 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

64. The allegations in Paragraph 64 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

## COUNT I:  LEGISLATIVE MALAPPORTIONMENT

65. The allegations in Paragraph 65 state legal conclusions and therefore do not require a response.

66. Admitted.

67. The allegations in Paragraph 67 state a legal conclusion and therefore does not require a response. To the extent a response is required, Intervenor-Defendants deny the allegations.

68. The allegations in Paragraph 68 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

69. The allegations in Paragraph 69 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

70. The allegations in Paragraph 70 state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations, and deny those allegations.

## COUNT II, ALTERNATIVE: DENIAL OF RIGHT TO VOTE

71. The allegations in Paragraph 71 state legal conclusions and therefore do not require a response.

72. The allegations in Paragraph 72 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants admit that the partisan candidacy deadline has passed, but lack knowledge or information sufficient to form a belief concerning the truth of the remaining allegation regarding the nonexistence of state legislative districts, and deny that allegation on that basis.

73. The allegations in Paragraph 73 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

74. The allegations in Paragraph 74 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required,

Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations, and deny those allegations on that basis.

75. The allegations in Paragraph 75 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

## COUNT III: DEPRIVATION OF FREEDOM OF ASSOCIATION

76. The allegations in Paragraph 76 state legal conclusions and therefore do not require a response.

77. The allegations in Paragraph 77 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

78. The allegations in Paragraph 78 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

79. The allegations in Paragraph 79 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations, and deny those allegations on that basis.

80. The allegations in Paragraph 80 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

## COUNT IV: PRELIMINARY INJUNCTION

81. The allegations in Paragraph 81 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

82. The allegations in Paragraph 82 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

83. The allegations in Paragraph 83 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny the allegations as they might pertain to Intervenor-Defendants and deny that Plaintiffs' claims have merit.

84. The allegations in Paragraph 84 characterize Plaintiffs' claims and state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny the allegations as they might pertain to Intervenor-Defendants and deny that Plaintiffs' claims have merit.

## REQUEST FOR THREE-JUDGE PANEL

85. The allegations in Paragraph 85 state legal conclusions and therefore do not require a response. To the extent a response is required, Intervenor-Defendants deny those allegations.

## INTERVENOR-DEFENDANTS' DEFENSES

Intervenor-Defendants state the following defenses and reserve their right to assert other and additional defenses, cross claims, and third-party claims not asserted herein of which it becomes aware through discovery or other investigation as may be appropriate at a later time. In asserting these defenses, Intervenor-Defendants do not assume any burden

of proof, persuasion or production with respect to any issue where the applicable law places the burden upon Plaintiffs. Intervenor-Defendants aver that some of the following defenses are actually elements of Plaintiffs' claims on which Plaintiffs bear the burden of proof, but pleads them as defenses out of an abundance of caution.

### FIRST DEFENSE

The complaint fails to assert subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

The Court should dismiss or stay this case and refrain from adjudicating Plaintiffs' malapportionment case on abstention grounds.

### FOURTH DEFENSE

Plaintiffs improperly seek to invoke a three-judge panel pursuant to 28 U.S.C. § 2284(a) for an unripe malapportionment case.

### FIFTH DEFENSE

Intervenor-Defendants affirmatively plead and rely upon all defenses and affirmative defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure or in the statutes under which Plaintiffs have brought suit, that are or may hereafter become applicable to the claims made herein, and expressly reserves any and all other defenses, including affirmative defenses which may become apparent during the course of discovery.

**PRAYER FOR RELIEF**

Based upon the foregoing, Intervenor-Defendants pray that:

(a) Plaintiffs take nothing by reason of the complaint;

(b) judgment be entered dismissing the complaint on the merits, in its entirety and with prejudice;

(c) the Court stay this case pending final resolution of the proceedings before the Ohio Supreme Court;

(d) Intervenor-Defendants recover its costs and attorneys' fees incurred herein; and

(e) this Court grant such other relief as it deems just and appropriate.

Respectfully submitted,

/s/ Freda J. Levenson

| | |
|---|---|
| Robert D. Fram* | Freda J. Levenson (0045916) |
| COVINGTON & BURLING, LLP | *Counsel of Record* |
| Salesforce Tower | ACLU OF OHIO FOUNDATION, INC. |
| 415 Mission Street, Suite 5400 | 4506 Chester Avenue |
| San Francisco, CA 94105-2533 | Cleveland, OH 44103 |
| (415) 591-6000 | (614) 586-1972 x125 |
| rfram@cov.com | flevenson@acluohio.org |
| | |
| Sarah Suwanda* | David J. Carey (0088787) |
| COVINGTON & BURLING, LLP | ACLU OF OHIO FOUNDATION, INC. |
| One CityCenter | 1108 City Park Avenue, Suite 203 |
| 850 Tenth Street, NW | Columbus, OH 43206 |
| Washington, DC 20001-4956 | (614) 586-1972 x2004 |
| (202) 662-6000 | dcarey@acluohio.org |
| ssuwanda@cov.com | |
| | Alora Thomas* |
| * *Pro hac vice* application forthcoming | Julie A. Ebenstein* |
| | AMERICAN CIVIL LIBERTIES UNION |
| | 125 Broad Street |
| | New York, NY 10004 |
| | (212) 519-7866 |
| | athomas@aclu.org |
| | jebenstein@aclu.org |

## **CERTIFICATE OF SERVICE**

I, Freda J. Levenson, hereby certify that on this 20th day of February, 2022, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Southern District of Ohio, Eastern Division via the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Freda J. Levenson*
Freda J. Levenson (0045916)
*Counsel for Intervenor-Defendants*
