# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| MICHAEL GONIDAKIS, et al., <br> *Plaintiffs*, <br><br> v. <br><br> OHIO REDISTRICTING COMMISSION and FRANK LAROSE, in his official capacity, <br> *Defendants,* <br><br> and <br><br> SENATOR VERNON SYKES and HOUSE MINORITY LEADER ALLISON RUSSO, in their capacities as members of the Ohio Redistricting Commission, <br> *Proposed Intervenors-Defendants.* | Case No. 2:22-cv-773 <br><br> Chief Judge Marbley <br><br> Magistrate Judge Deavers |

## Motion and Supporting Memorandum of Senator Vernon Sykes and House Minority Leader Allison Russo to Intervene as Defendants

Senator Vernon Sykes and House Minority Leader Allison Russo are members of the Ohio Redistricting Commission, with Senator Sykes serving as Co-Chair. They move to intervene as defendants under Federal Rule of Civil Procedure 24. Their intervention now is imperative because the plaintiffs have requested the convening of a three-judge district court under 28 U.S.C. § 2284(a). But "a three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Shapiro v. McManus*, 577 U.S. 39, 44–45 (2015). As the proposed intervenors will argue, that is exactly the case here—this action is not presently justiciable, and the Court currently lacks jurisdiction to issue the relief sought. For these reasons, the proposed intervenors will ask that the Court deny the request to convene a three-judge court and deny the preliminary-injunction motion. Instead, the proposed intervenors will ask this

Court to defer consideration of the case by entering a stay, as required by *Growe v. Emison*, 507 U.S. 25 (1993), to allow proceedings before the Ohio Supreme Court to continue. The plaintiffs have filed this lawsuit to "race to beat the [Ohio Supreme Court] to the finish line." *Id.* at 37. But the U.S. Supreme Court has "required federal judges to defer consideration of disputes involving redistricting where the State, through its legislative or judicial branch, has begun to address that highly political task itself." *Id.* at 33.

Intervention is warranted on three separate grounds:

*First*, intervention of right is warranted under Rule 24(a)(2). The motion is timely. Senator Sykes and House Minority Leader Russo have an interest in this action—and the action directly threatens that interest—because they are parties to the proceedings before the Ohio Supreme Court that this action is designed to short-circuit. And their interests are not adequately represented by the Commission, as evidenced by the fact that they are currently advocating a diametrically opposite position from the Commission before the Ohio Supreme Court—through separate filings, represented by separate counsel. *See* Exhibit A. The Ohio Supreme Court has recognized their divergent interests not only by allowing them to file their own briefs, but by allotting them argument time to be shared with the petitioners—not the Commission (which time they ultimately ceded to the petitioners' counsel). That is more than enough to make the "minimal" showing required by Rule 24(b). *Ne. Ohio Coal. for Homeless & Serv. Employees Int' Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1007–08 (6th Cir. 2006).

*Second*, even if the criteria for intervention of right were not satisfied, intervention would be appropriate under Rule 24(b)(1). *See League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577–80 (6th Cir. 2018) (holding that denying intervention to legislators in a redistricting dispute was an abuse of discretion). Senator Sykes and House Minority Leader Russo seek to assert defenses that raise common questions of law or fact—specifically, that this suit is unripe, that the plaintiffs

currently lack standing, that the Commission has sovereign immunity, and that the Court should defer to the ongoing Ohio Supreme Court proceedings under *Growe v. Eimson*. In addition, the intervention motion is timely, and intervention won't cause any undue delay or prejudice. Counsel for the originally named defendants have not yet entered their appearances, briefing can occur on the same schedule, and jurisdictional and justiciability arguments go to the Court's power to act.

*Finally*, intervention is permissible under Rule 24(b)(2). Senator Sykes and House Minority Leader Russo are state officers; the plaintiffs' claims are based on the orders (or lack thereof) of the Commission that they administer; the motion is timely; and there is no delay or prejudice.[1]

Respectfully submitted,

*/s/ C. Benjamin Cooper*
C. BENJAMIN COOPER
CHARLES H. COOPER, JR.
CHELSEA C. WEAVER
COOPER ELLIOTT
305 West Nationwide Boulevard
Columbus, OH 43215
Phone: (614) 481-6000 / Fax: (614) 481-6001
*benc@cooperelliott.com*
*chipc@cooperelliott.com*
*chelseaw@cooperelliott.com*

JONATHAN E. TAYLOR (*pro hac vice application forthcoming*)
MATTHEW W.H. WESSLER (*pro hac vice application forthcoming*)
GUPTA WESSLER PLLC
2001 K Street NW, Suite 850 North
Washington, DC 20006
Phone: (202) 888-1741 / Fax: (202) 888-7792
*jon@guptawessler.com*

February 20, 2022                    *Attorneys for Proposed Intervenors-Defendants*

---

[1] Rule 24(c) requires a proposed intervenor to attach a proposed pleading to notify existing parties of the intervener's claims or defenses. This motion gives notice of the intervenors' defenses, and those defenses will be set forth in more detail in filings to be submitted shortly. So long as "the parties are clearly on notice" of the proposed intervenor's "position and arguments" and no party suffers prejudice, the Sixth Circuit has repeatedly held that intervention should not be denied for failure to file a complaint or an answer. *See Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 314–15 (6th Cir. 2005); *League of Women Voters of Mich.*, 902 F.3d at 580.

**CERTIFICATE OF SERVICE**

I certify that on February 20, 2022, I filed this intervention motion through this Court's CM/ECF system. I further certify that, because no counsel for the defendants has yet appeared, I served copies on the defendants' counsel, Bridget Coontz, Ohio Attorney General's Office, *bridget.coontz@ohioattorneygeneral.gov*, and Eric Clark, Organ Law LLP, *ejclark@organlegal.com*.

*/s/ C. Benjamin Cooper*
C. Benjamin Cooper
