UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL GONIDAKIS**, *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 2:22-cv-0773 |
| : | |
| v. : | Chief Judge Algenon L. Marbley |
| : | |
| **OHIO REDISTRICTING** : | Magistrate Judge Elizabeth P. Deavers |
| **COMMISSION**, *et al.*, : | |
| : | |
| Defendants. : | |

## ORDER RESETTING LOCAL RULE 65.1 CONFERENCE

This matter currently is set for a status conference pursuant to Local Rule 65.1 on **Monday, March 7, 2022,** beginning at **9:30 a.m.** Intervenor-Defendants A. Philip Randolph Institute of Ohio and League of Women Voters of Ohio have moved to continue the conference by one week, citing recent developments in their case before the Ohio Supreme Court. (ECF No. 47). Under a recently entered scheduling order, objections and responses to the third proposed map of the Ohio Redistricting Commission were fully briefed to the Ohio Supreme Court as of March 3, 2022. (*Id.* at 2). Intervenor-Defendants contend that the conference should be continued "to permit some time for the Ohio Supreme Court to consider the pending objections and forthcoming responses and issue its ruling." (*Id.*). Defendant LaRose and other Intervenors do not oppose the request. (*Id.*). Plaintiffs do; in fact, they have filed an Emergency Motion for a Three-Judge Panel and March 7 Local Rule 65.1 Conference, arguing that "[t]his Court's delay in notifying the Chief Circuit Judge [of the panel request] risks denying Plaintiffs' preliminary injunction contrary to 28 U.S.C. § 2284(b)(3), especially if the panel cannot convene on March 7, as first scheduled by this Court." (ECF No. 53 at 7).

The Court concurs with Intervenors that good cause exists to continue the conference. In *Growe v. Emison*, the Supreme Court wrote that it has "required federal judges to defer consideration of disputes involving redistricting where the State, through its legislative *or* judicial branch, has begun to address that highly political task itself." 507 U.S. 25, 33 (1993) (emphasis in original). If the conference occurs on March 7, it is quite likely that state judicial proceedings will remain underway, requiring this Court to "'stay[] its hand.'" *Id.* (quoting *Scott v. Germano*, 381 U.S. 407, 409 (1965)). By contrast, if the conference is continued to March 14, a decision on the third map likely will have issued—potentially bringing state processes to a conclusion. Because that one-week period is greatly consequential for the scope of actions this Court may take, the conference will be more productive if it is delayed. Indeed, this was the Court's stated rationale for initially choosing the later of the two dates proposed at the parties' status conference of February 25. The same logic counsels for a brief continuance now.

The Court is attuned to Plaintiffs' timeliness concerns—particularly regarding their request for a three-judge panel, which is the only body that may hear their Motion for a Preliminary Injunction. *See* 28 U.S.C. § 2284(b)(3). Nevertheless, "[a] three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Gonzalez v. Automatic Emps. Credit Union*, 419 U.S. 90, 100 (1974) (quoted with approval by *Shapiro v. McManus*, 577 U.S. 39, 44–45 (2015)). The ongoing nature of state judicial processes implicates the ripeness of Plaintiffs' case and thus blunts the immediacy of their panel request. The Court will hear further arguments on this issue at the rescheduled conference; but for now, Plaintiffs' panel request does not mandate that the Court rush ahead, contra *Growe*, while state judicial processes are potentially days away from finality.

The Court also rejects Plaintiffs' premise that a one-week delay amounts to a denial of their Motion for a Preliminary Injunction. Part of the relief Plaintiffs seek in that Motion is for the three-judge Court to "[e]stablish a schedule that will enable the Court to adopt . . . and implement the new plan," and to "[i]ssue an order, as needed, staying the necessary election-related deadlines." (ECF No. 10 at 16). The March 18 deadline for preparing overseas ballots, which Plaintiffs cite as necessitating a March 7 conference (ECF No. 53 at 6), is among those deadlines that Plaintiffs' preliminary injunction contemplates staying or resetting by Court order. It cannot be true that a one-week delay would "effectively deny Plaintiffs' preliminary injunction on the merits" (*Id.* at 9), when the preliminary injunction requests specific action to address the lapsing election-related deadlines.

Therefore, the Motion to Continue (ECF No. 47) is **GRANTED**. The Local Rule 65.1 conference is reset for **Monday, March 14, 2022,** beginning at **9:30 a.m.** In all other respects, the Court's prior scheduling order (ECF No. 45) remains in effect. Plaintiffs' Emergency Motion (ECF No. 53) is **DENIED**. The Court will hear arguments on March 14 regarding Plaintiffs' request for a three-judge panel and will issue a ruling forthwith; it will not, however, initiate the panel on an emergency basis.

**IT IS SO ORDERED.**

                                                  **ALGENON L. MARBLEY**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 4, 2022**