# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL GONIDAKIS, et al.,** | : |
| | : |
| Plaintiffs, | : |
| | : Case No. 2:22-CV-773 |
| v. | : |
| | : Chief Judge Algenon Marbley |
| **FRANK LaROSE,** | : |
| | : |
| Defendant. | : |

## DEFENDANT FRANK LaROSE'S MEMORANDUM IN OPPOSITION TO PLANTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Respectfully submitted,

OHIO ATTORNEY GENERAL

*/s/ Bridget C. Coontz*
BRIDGET C. COONTZ (0072919)
*Counsel of Record*
JULIE M. PFEIFFER (0069762)
MICHAEL A. WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Bridget.Coontz@OhioAGO.gov
Julie.Pfeiffer@OhioAGO.gov
Michael.Walton@OhioAGO.gov

*Counsel for Defendant Frank LaRose*

**I.     INTRODUCTION**

Plaintiffs' Motion for Preliminary Injunction fails for one simple reason – at present, Ohio state legislative districts exist.  On February 24, 2022, the Ohio Redistricting Commission ("the Commission") adopted a state legislative district plan ("Plan") by a vote of 4-3.  In other words, Plaintiffs are not likely to succeed on the merits of their constitutional claims because they will be able to vote for and associate with the candidates of their choice. Secretary LaRose has already instructed Ohio's 88 county boards of elections to begin preparing for the May 3 primary using the February 24 Plan.  Because of this, Secretary of State LaRose respectfully asks this Court to deny Plaintiffs' Motion for a Preliminary Injunction.

**II.    BACKGROUND**

**A.     The Commission initially passes two legislative district maps that are struck down by the Ohio Supreme Court.**

The facts in this case are largely undisputed.  In September 2021, when it came time to reapportion Ohio's state legislative districts the Commission, the sole entity constitutionally obligated to draw Ohio's state legislative districts, met and enacted a plan ("First Plan").  *See* Am. Complaint, Doc. 8, PAGEID #481-483.  Shortly thereafter, three different sets of Petitioners challenged the First Plan in the Ohio Supreme Court.  *See League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 2022-Ohio-65, ¶ 28.  Approximately three months later, the Supreme Court struck it down and ordered the Commission to enact a new plan that complied with the Ohio Constitution and its Order within ten days.  *Id.* at ¶ 138-139.

To comply with the Court's Order, the Commission reconvened and, on January 22, 2022, enacted another new plan ("Second Plan").  Am. Complaint, Doc. 8, PAGEID #484. The three sets of Petitioners objected to the Second Plan and, after briefing, the Ohio Supreme

1

Court invalidated it. *See League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 2022-Ohio-342, ¶ 67. The Supreme Court again gave the Commission the tough task of drawing a new plan within ten days of its order. *See id.* at ¶ 68.

### B. After A Good Faith Attempt To Comply, The Commission Is Unable To Adopt New Maps By The Supreme Court's Deadline.

After the Second Plan was invalidated, the Commission reconvened on February 17 in order to enact a new plan that complied with the Supreme Court's Order. Am. Complaint, Doc. 8, PAGEID #485. At that meeting, House Minority Leader Russo and Senator Sykes submitted a proposed plan for the Commission to consider. *See* Tr. of Feb. 17, 2022 Commission Meeting, Ex. A, p. 1. The other Commission members were concerned that the proposed plan violated the Ohio and U.S. Constitution and contained other flaws that could not be rectified prior to the looming deadline. *See generally id.* So, the plan ultimately failed by a vote of 5 to 2. *Id.* at p. 23-24.

Wanting to provide notice of its inability to pass a new plan, the Commission filed a Notice of Impasse with the Supreme Court. *See* Am. Complaint, Doc. 8, PAGEID #485. Notably, though, the Commission indicated that its members believed that they still had a duty to adopt a plan, indicating that their job was not finished. *See* Tr. of Feb. 17, 2022 Commission Meeting, Ex. B, p. 6 (Gov. DeWine speaking – "We have an obligation to follow the Ohio Constitution. We have an obligation to follow the court order. Whether we like it or not, whether we agree with it or not. And three, we have an obligation to produce a map.").

### C. The Commission passes maps that comply with the Supreme Court's order.

Though the Commission was unable to meet the Supreme Court's February 17, 2022 deadline, it continued to work towards enacting a new state legislative district plan that complied with the Supreme Court's Order. Specifically, the Commission met on February

2

22, 23, and 24. *See* Ohio Redistricting Commission, Commission Meetings, available at https://redistricting.ohio.gov/meetings (last accessed Mar. 11, 2022). On February 24, a majority of the members of the Commission approved a third Ohio General Assembly Plan ("Third Plan"). *See* Ohio Const. Art. XI, Sec. 1(B); *and see* Tr. of Feb. 24, 2022 Commission Meeting, Ex. C, p. 13.

Shortly thereafter, Secretary LaRose, as Ohio's chief elections officer, issued a directive to all 88 Ohio County Boards of Elections to prepare for Ohio's May 3 primary election using the Third Plan because, under Article XI of Ohio's Constitution, it became effective upon the Commission filing it with the Secretary. *See* Directive 2022-26, Ex. D. Secretary LaRose included a caveat, however, noting that "decisions in ongoing litigation[] may render some or all of this Directive moot. In that event, my Office will issue additional instruction." *Id.* at p. 2 (internal footnote omitted).

Petitioners objected to the Third Plan and briefing on the objections is complete. As of the filing of this Response, the Supreme Court has not issued its decision on the objections. In spite of the passage of the Third Plan *and* the Secretary's Directive, the Plaintiffs still seek a preliminary injunction ordering the Secretary to implement the Second Plan that was already invalidated by the Ohio Supreme Court. *See* Am. Mot. for PI, Doc. 10, PAGEID # 546. The Secretary cannot do so, and, for the reasons set forth below, the motion for preliminary injunction should be denied.

### III.     ARGUMENT

#### A.     Standard of Review

"[A] preliminary injunction is an extraordinary and drastic remedy . . . that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations and citation omitted). The

movant "bears the burden of justifying such relief," and it is "never awarded as of right." *ACLU Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) (internal quotations and citations omitted). Indeed, "the proof required is much more stringent than the proof required to survive a summary judgment motion." *Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 425 (6th Cir. 2014) (quotation and alternation omitted). When determining whether to issue a preliminary injunction, district courts must balance four factors: "'(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.'" *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (citation omitted). As to the first factor, a plaintiff must establish a "strong" likelihood of success, *Jolivette v. Husted*, 694 F.3d 760, 765 (6th Cir. 2012) (quotation omitted); a mere "possib[ility]" of success does not suffice. *Summit Cnty. Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 551 (6th Cir. 2004). Similarly, the plaintiff must show a likelihood, not just a possibility, of irreparable injury. *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008). As discussed more fully below, Plaintiffs fail on all counts.

    **B.**  **Plaintiffs are not likely to succeed on the merits of their claims.**

Plaintiffs are not likely to succeed on the merits of their constitutional claims that their rights to vote and associate have been violated. All of Plaintiffs' claims—and motion for injunctive relief—are predicated upon the same inaccurate fact– that Ohio lacks state legislative districts or is about to use the 2011 districts. *See, e.g.*, Am. Mot. for PI, Doc. 10, PAGEID #541 ("the lack of state legislative districts violate the U.S. Constitution because Plaintiffs cannot vote for their state representatives."). That is not the case. The Commission

4

enacted the Third Plan, which complies with the Ohio Supreme Court's orders and the Ohio Constitution. It is presumed to be constitutional, and the Secretary has already ordered its use. *See Wilson v. Kasich*, 981 N.E.2d 814, 821-822, 134 Ohio St. 3d 221 (2012); *see also* Directive 2022-26, Ex. D.

Given this fact, Plaintiffs cannot succeed on their claims for relief, much less their request for a preliminary injunction. That is, Plaintiff's first claim that Ohio is malapportioned because "there are currently no state legislative districts." Am. Compl., Doc. 8, PAGEID #488. In Count Two, they assert that "because there are no state legislative districts, Plaintiffs cannot exercise their right to vote for a candidate for a state legislative district in violation of the Equal Protection and Due Process Clause." *Id.* Finally, in Count Three, they claim that "because of the malapportioned districts or the lack of districts, there is imminent risk of confusion and ongoing denial of Plaintiffs' freedom of association." *Id.* Plaintiffs cannot succeed on claims premised upon the lack of current districts, when Ohio *has* legislative districts and its 88 county boards of elections have been directed to implement them. *See* Directive 2022-26, Ex. D.

**C.** **Plaintiffs cannot** establish **an irreparable harm absent an injunction.**

Plaintiffs will suffer no harm, much less irreparable harm, absent an injunction. The harms they fear are based on Ohio not having legislative districts, or proceeding pursuant to the 2011 malapportioned district maps. Ohio currently has a state legislative district Plan and is preparing to hold the 2022 primary election pursuant to it.

**D.** **Plaintiffs' requested injunction will harm Ohio in carrying out its redistricting responsibilities.**

The Plaintiffs ask this Court for relief that effectively ignores Ohio's highest court's order. In the process, they ask this Court to order the Secretary to implement a state legislative

5

district plan that they admit the Ohio Supreme Court invalidated. There is no need for that. Since the Plaintiffs filed their motion, the Commission adopted the Third Plan. An injunction ordering the Secretary to implement the now-invalidated Second Plan will prevent him from implementing the one duly enacted by the Ohio Redistricting Commission.

"'[R]eapportionment is primarily the duty and responsibility of the State through its legislature or other body, rather than of a federal court'…[and] [a]bsent evidence that these state branches will timely fail to perform that duty, a federal court must neither affirmatively obstruct state apportionment nor permit federal litigation to be use to impede it." *Growe v. Emison*, 507 U.S. 25, 33 (1993) (quoting *Chapman v. Meier*, 420 U.S. 1, 27 (1979)). Thus, the United States Supreme Court "has required federal judges to defer consideration of disputes involving redistricting where the State, through its legislative *or* judicial branch, has begun to address that highly political task itself." *Id*. (emphasis sic.). The logic is simple: a State should be given the opportunity to make its own redistricting decision so long as it is practically possible and the State chooses to take the opportunity. *See id.*

It is not only possible for Ohio to make its redistricting decisions – it has already made those decisions. The Commission passed a plan on February 24, 2022, and Plaintiffs cannot be permitted to use this federal litigation to impede its implementation. Ohio will be harmed by an injunction that circumvents its voter-approved redistricting process, and that harm outweighs any that Plaintiffs may claim.

### E. The public interest will not be served by the injunction.

The public interest will not be served by an injunction that orders the implementation of an invalid redistricting plan. To the contrary, it will be served by implementing the Third Plan as passed by the Commission.

6

## IV. CONCLUSION

For the foregoing reasons, Secretary LaRose respectfully requests that this Court deny Plaintiffs' Amended Motion for Preliminary Injunction (Doc. 10).

Respectfully submitted,

OHIO ATTORNEY GENERAL

*/s/ Bridget C. Coontz*
BRIDGET C. COONTZ (0072919)
*Counsel of Record*
JULIE M. PFEIFFER (0069762)
MICHAEL A. WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Bridget.Coontz@OhioAGO.gov
Julie.Pfeiffer@OhioAGO.gov
Michael.Walton@OhioAGO.gov

*Counsel for Defendant Frank LaRose*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2022, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Bridget C. Coontz*
BRIDGET C. COONTZ (0072919)
Assistant Attorney General