# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL GONIDAKIS, et al.,** | : |
| **Plaintiffs,** | : |
| v. | : Case No. 2:22-CV-773 |
| | : Chief Judge Algenon Marbley |
| **FRANK LaROSE,** | : |
| **Defendant.** | : |

## DEFENDANT FRANK LaROSE'S ANSWER

By and through counsel, Defendant Ohio Secretary of State Frank LaRose ("Secretary LaRose") responds and answers Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief as follows:

1. As to Paragraph 1, Secretary LaRose denies that Ohio's state legislative districts are based on the 2010 census data.  As to the allegations related to the 2020 U.S. Census, Secretary LaRose denies for lack of knowledge.  The 2020 Census data speaks for itself.  The remaining allegations in Paragraph 1 of the First Amended Complaint are legal conclusions to which no response is required.

2. As to Paragraph 2, Secretary LaRose admits that the Ohio Redistricting Commission ("the Commission") adopted two legislative district plans, which were invalidated by the Ohio Supreme Court.  Further answering, this Paragraph contains legal conclusions to which no response is required.

3. Secretary LaRose admits the allegations contained in Paragraph 3 of the First Amended Complaint.

4. Secretary LaRose denies the allegations contained in Paragraph 4 of the First Amended Complaint.

5. As to Paragraph 5, Secretary LaRose denies that the Plaintiffs' constitutional rights have been violated. Further answering, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, such allegations are denied.

6. As to Paragraph 6, Secretary LaRose denies that the Plaintiffs are entitled to relief because the Commission adopted a General Assembly district plan on February 24, 2022. *See* Ex. 1.

7. As to Paragraph 7, including all subparagraphs, Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations and said allegations are, therefore, denied.

8. Secretary LaRose denies the allegations contained in Paragraph 8 of the First Amended Complaint as Ohio currently has state legislative maps.

9. As to Paragraph 9, Secretary LaRose denies that the Plaintiffs have suffered any harm as Ohio currently has state legislative maps.

10. As to Paragraph 10, Secretary LaRose admits that he is the Secretary of State of Ohio and is Ohio's chief elections officer. Further answering, this Paragraph contains legal conclusions to which no response is required. Moreover, Ohio Rev. Code § 3501.04 speaks for itself.

11. As to Paragraph 11, the cited statutes speak for themselves. Further answering, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, such allegations are denied.

12. Secretary LaRose admits the allegations contained in Paragraph 12 of the First Amended Complaint.

13. Secretary LaRose admits the allegations contained in Paragraph 13 of the First Amended Complaint.

14. Paragraph 14 contains legal conclusions to which no response is required. Further answering, 28 U.S.C. § 2284(a) speaks for itself.

15. Secretary LaRose admits the allegations contained in Paragraph 15 of the First Amended Complaint.

16. Secretary LaRose admits the allegations contained in Paragraph 16 of the First Amended Complaint. Further answering, Article II, Section 2 of the Ohio Constitution speaks for itself.

17. Secretary LaRose admits the allegations contained in Paragraph 17 of the First Amended Complaint. Further answering, Article II, Section 2 of the Ohio Constitution speaks for itself.

18. Secretary LaRose admits the allegations contained in Paragraph 18 of the First Amended Complaint. Further answering, the former sections of the Ohio Constitution cited therein speak for themselves.

19. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and said allegations are, therefore, denied.

20. Secretary LaRose admits the allegations contained in Paragraph 20 of the First Amended Complaint.

21. Paragraph 21 contains legal conclusions to which no response is required. Further answering, *Wilson v. Kasich*, 981 N.E.2d 814, 134 Ohio St.3d 221, 2012-Ohio-5367, speaks for itself.

22. Paragraph 22 contains legal conclusions to which no response is required. Further answering, "Issue 1" speaks for itself.

23. Paragraph 23 contains legal conclusions to which no response is required. Further answering, Article XI, Section 3 of the Ohio Constitution speaks for itself.

24. Paragraph 24 contains legal conclusions to which no response is required. Further answering, Article XI, Section 1 of the Ohio Constitution speaks for itself.

25. Paragraph 25 contains legal conclusions to which no response is required. Further answering, Article XI, Section 6 of the Ohio Constitution speaks for itself.

26. Paragraph 26 contains legal conclusions to which no response is required. Further answering, the cited provisions of the Ohio Constitution speak for themselves.

27. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and said allegations are, therefore, denied.

28. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and said allegations are, therefore, denied.

29. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and said allegations are, therefore, denied.

30. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and said allegations are, therefore, denied.

31. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and said allegations are, therefore, denied.

32. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and said allegations are, therefore, denied.

33. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and said allegations are, therefore, denied.

34. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and said allegations are, therefore, denied.

35. Secretary LaRose denies the allegations contained in Paragraph 35 of the First Amended Complaint.

36. As to Paragraph 36, Secretary LaRose denies that the Commission adopted a plan on September 9, 2021. Further answering, Secretary LaRose admits that members of the Commission and/or the members' staff met with the public throughout Ohio on September 12, 13, and 14.

37. Secretary LaRose admits the allegations contained in Paragraph 37 of the First Amended Complaint.

38. Secretary LaRose admits the allegations contained in Paragraph 38 of the First Amended Complaint. Further answering, Exhibit A speaks for itself.

39. Secretary LaRose admits the allegations contained in Paragraph 39 of the First Amended Complaint.

40. Paragraph 40 contains legal conclusions to which no response is required. Further answering, Article XI, Section 9 of the Ohio Constitution speaks for itself.

41. Secretary LaRose admits the allegations contained in Paragraph 41 of the First Amended Complaint.  Further answering, *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 2022-Ohio-65, speaks for itself.

42. Secretary LaRose admits the allegations contained in Paragraph 42 of the First Amended Complaint.  Further answering, *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 2022-Ohio-65, and Article XI, Section 6 of the Ohio Constitution speak for themselves.

43. Secretary LaRose admits the allegations contained in Paragraph 43 of the First Amended Complaint.

44. Secretary LaRose admits the allegations contained in Paragraph 44 of the First Amended Complaint.  Further answering, Exhibit B speaks for itself.

45. Secretary LaRose admits the allegations contained in Paragraph 45 of the First Amended Complaint.  Further answering, Article XI, Section 8(B) of the Ohio Constitution speaks for itself.

46. Secretary LaRose admits the allegations contained in Paragraph 46 of the First Amended Complaint.

47. Secretary LaRose admits the allegations contained in Paragraph 47 of the First Amended Complaint.

48. Secretary LaRose admits the allegations contained in Paragraph 48 of the First Amended Complaint.

49. Secretary LaRose admits the allegations contained in Paragraph 49 of the First Amended Complaint.

50. Secretary LaRose admits the allegations contained in Paragraph 50 of the First Amended Complaint.

51. Secretary LaRose admits the allegations contained in Paragraph 51 of the First Amended Complaint.

52. Secretary LaRose admits the allegations contained in Paragraph 52 of the First Amended Complaint. Further answering, *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 2022-Ohio-342, speaks for itself.

53. Secretary LaRose admits the allegations contained in Paragraph 53 of the First Amended Complaint. Further answering, *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 2022-Ohio-342, speaks for itself.

54. Secretary LaRose admits the allegations contained in Paragraph 54 of the First Amended Complaint.

55. As to Paragraph 55, Secretary LaRose admits that the Commission failed to adopt a general assembly district plan on February 17, 2022. Further answering, any remaining allegations are denied.

56. As to Paragraph 56, Secretary LaRose denies that the full Commission declared that it was at an impasse on February 17, 2022. Further answering, Secretary LaRose states that the Commission's "Notice of Impasse" filed with the Ohio Supreme Court on February 18, 2022, Exhibit C, speaks for itself.

57. Secretary LaRose admits the allegations contained in Paragraph 57 of the First Amended Complaint.

58. Secretary LaRose admits the allegations contained in Paragraph 58 of the First Amended Complaint. Further answering, Exhibit C speaks for itself.

59. Secretary LaRose denies the allegations contained in Paragraph 59 of the First Amended Complaint. Further answering, the Ohio Redistricting Commission passed the Third Plan on February 24, 2022. *See* Ex. 1.

60. As to Paragraph 60, Secretary LaRose denies that no legislative maps exist. To the contrary, the Third Plan is in effect and candidates have a process outlined in Directive 2022-026 to choose their districts and declare their candidacies in time for the May 3, 2022 primary election. *See* Ex. 2. Further answering, any remaining allegations are denied. .

61. Secretary LaRose denies the allegations contained in Paragraph 61 of the First Amended Complaint. Further answering, see Answer to Paragraph 59.

62. Secretary LaRose denies the allegations contained in Paragraph 62 of the First Amended Complaint. Further answering, see Answer to Paragraph 59.

63. Secretary LaRose denies the allegations contained in Paragraph 63 of the First Amended Complaint. Further answering, see Answer to Paragraph 59.

64. Secretary LaRose denies the allegations contained in Paragraph 64 of the First Amended Complaint. Further answering, see Answer to Paragraph 59.

65. Paragraph 65 contains legal conclusions to which no response is required. Further answering, Exhibits A and B speak for themselves.

66. Secretary LaRose denies the allegations contained in Paragraph 66 of the First Amended Complaint. Further answering, see Answer to Paragraph 59.

67. Paragraph 67 contains legal conclusions to which no response is required. Further answering, the Fourteenth Amendment to the United States Constitution speaks for itself.

68. As to Paragraph 68, Secretary LaRose admits that the 2020 U.S. Census revealed changes to Ohio's population such that Ohio lost one congressional district. Further answering,

    Secretary LaRose lacks knowledge or information sufficient to form a belief as to whether such change is "significant" as stated in Paragraph 68 of the First Amended Complaint.

69. Secretary LaRose denies the allegations contained in Paragraph 69.

70. Paragraph 70 contains legal conclusions to which no response is required. To the extent an answer is required, such allegations are denied.

71. Paragraph 71 contains legal conclusions to which no response is required. To the extent an answer is required, such allegations are denied.

72. Secretary LaRose denies the allegations contained in Paragraph 72 of the First Amended Complaint.

73. Paragraph 73 contains legal conclusions to which no response is required. Further answering, the Fourteenth Amendment to the United States Constitution speaks for itself.

74. As to Paragraph 74, Secretary LaRose denies that Ohio lacks legislative districts. Rather, the Commission's February 24, 2022 plan is currently in effect. Further answering, Secretary LaRose admits that the statutory deadline for declarations of candidacy for partisan candidates has passed but denies that the deadline has caused harm to Plaintiffs.

75. Secretary LaRose denies the allegations contained in Paragraph 75 of the First Amended Complaint.

76. Paragraph 76 contains legal conclusions to which no response is required. To the extent an answer is required, such allegations are denied.

77. Secretary LaRose denies the allegations contained in Paragraph 77 of the First Amended Complaint.

78. Paragraph 78 contains legal conclusions to which no response is required. Further answering, the First and Fourteenth Amendments to the United States Constitution speak for themselves.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent an answer is required, such allegations are denied.

80. Secretary LaRose denies the allegations contained in Paragraph 80 of the First Amended Complaint.

81. As to Paragraph 81, Secretary LaRose denies that the Plaintiffs' freedom of association has been violated.

82. Secretary LaRose denies the allegations contained in Paragraph 82 of the First Amended Complaint.

83. Paragraph 83 contains legal conclusions to which no response is required. To the extent an answer is required, such allegations are denied.

84. Secretary LaRose denies the allegations contained in Paragraph 84 of the First Amended Complaint.

85. Paragraph 85 contains legal conclusions to which no response is required.

86. Paragraph 86 contains legal conclusions to which no response is required.

87. Secretary LaRose admits that Plaintiffs request a three-judge panel pursuant to 28 U.S.C. § 2284(a). Whether Plaintiffs are entitled to a three-judge panel is a legal conclusion to which no answer is required. To the extent an answer is required, Secretary LaRose denies same.

**Secretary LaRose's Response to Plaintiffs' Prayer for Relief**

1. Secretary LaRose denies all allegations set forth in the prayer for relief and specifically denies that Plaintiffs are entitled to any relief.

2. In response to the prayer for relief, Secretary LaRose asks for judgment in his favor and denies that Plaintiffs are entitled to any relief.

3. Any allegations contained in any titles or section headers are denied.

4. Secretary LaRose denies any and all allegations of the Amended Complaint not expressly admitted herein.

**AFFIRMATIVE DEFENSES**
**FIRST DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiffs' case.

**SECOND DEFENSE**

Plaintiffs lack standing to bring this First Amended Complaint.

**THIRD DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

Plaintiffs have not been deprived of any federal constitutional or statutory rights.

**FIFTH DEFENSE**

Plaintiffs are unable to establish the elements required for injunctive relief.

**RESERVATION OF ADDITIONAL DEFENSES**

Secretary LaRose reserves the right to supplement his Answer with additional defenses, including affirmative defenses, as litigation in this matter proceeds.

Thus, having fully answered Plaintiffs' Amended Complaint, Secretary LaRose requests that this Court dismiss Plaintiffs' claims, with prejudice, and that Plaintiffs be awarded no relief, no costs, and no fees.

Respectfully submitted,

OHIO ATTORNEY GENERAL

*/s/ Bridget C. Coontz*
BRIDGET C. COONTZ (0072919)
*Counsel of Record*
JULIE M. PFEIFFER (0069762)
MICHAEL A. WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Bridget.Coontz@OhioAGO.gov
Julie.Pfeiffer@OhioAGO.gov
Michael.Walton@OhioAGO.gov

*Counsel for Defendant Frank LaRose*

### CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2022, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Bridget C. Coontz*
BRIDGET C. COONTZ (0072919)
Assistant Attorney General