**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |
|---|---|
| MICHAEL GONIDAKIS, MARY PARKER, MARGARET CONDITT, BETH VANDERKOOI, LINDA SMITH, DELBERT DUDUIT, THOMAS W. KIDD JR., DUCIA HAMM, <br><br> Plaintiffs, <br><br> BRIA BENNETT, REGINA C. ADAMS, KATHLEEN M. BRINKMAN, MARTHA CLARK, SUSANNE L. DYKE, MERYL NEIMAN, HOLLY OYSTER, CONSTANCE RUBIN, EVERETT TOTTY, <br><br> Intervenor-Plaintiffs, <br><br><br><br> v. <br><br> FRANK LAROSE, in his capacity as Ohio Secretary of State <br><br> Defendant. | Case No. 2:22-cv-00773 <br><br> Judge Algenon L. Marbley <br><br> Magistrate Judge Elizabeth Preston Deavers |

**BENNETT PETITIONERS' OPPOSITION TO PLAINTIFFS'
EMERGENCY MOTION TO VACATE STAY AND FOR IMMEDIATE
APPOINTMENT OF A THREE-JUDGE PANEL**

In accordance with the Court's Order, ECF No. 74, Intervenor-Plaintiffs Bria Bennett, Regina C. Adams, Kathleen M. Brinkman, Martha Clark, Susanne L. Dyke, Meryl Neiman, Holly Oyster, Constance Rubin, and Everett Totty (the "Bennett Petitioners") hereby oppose the Gonidakis Plaintiffs' Emergency Motion to Vacate Stay and for Immediate Appointment of a Three-Judge Panel, ECF No. 73.

The convening of a three-judge court may become necessary and appropriate in this case at some point. But that time has not yet arrived. It is already too late for the Court to issue any relief that would allow the General Assembly primary to occur on May 3, and the inevitable rescheduling of that primary will likely provide sufficient time for the Ohio Redistricting Commission to prepare a new, lawful plan without the need for parallel federal litigation.

In a decision issued Wednesday evening, the Ohio Supreme Court ruled that the third General Assembly plan adopted by the Ohio Redistricting Commission (the "Third Plan") was an unconstitutional partisan gerrymander in violation of Article XI of the Ohio Constitution. *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, Slip. Op. No. 2022-Ohio-789 (Mar. 16, 2022). The Ohio Supreme Court ordered the Commission to re-convene and prepare an "entirely new General Assembly-district plan that conforms with the Ohio Constitution," to be filed with the Secretary of State by March 28, 2022. *Id.* ¶¶ 44-45.

The Ohio Supreme Court's ruling means that as a practical matter, regardless of what this Court does, primary elections for the General Assembly cannot be held on May 3. Defendant LaRose's response to the Emergency Motion acknowledges as much. ECF No. 76 at 1-2, Page ID # 1108. This should be no surprise. Defendant LaRose told county boards of elections on February 26 that, "[o]bviously, if a few weeks from now the [Ohio Supreme] Court rules that the new plan is invalid, it will not be possible to conduct Ohio House and Ohio Senate primary elections with the May 3, 2022 Primary Election." ECF No. 67-1 at 61, Page ID # 955. He told this Court on Wednesday that "[i]f the Third Plan is invalidated, and even if an alternative plan were to be adopted at breakneck speed, there is simply no time for the county boards of election to" carry out the tasks necessary "for the House and Senate primary election contests to be included in the May 3, 2022 primary election . . . ." ECF No. 71 at 2, Page ID # 1039.

2

The Gonidakis Plaintiffs try to avoid this reality by asking the Court to order the use of the Third Plan despite the Ohio Supreme Court's ruling that it is unconstitutional. That is a nonstarter. A federal court cannot order state officials to conduct elections under a General Assembly plan that the Ohio Supreme Court has already held violates a valid provision of Ohio law. *See, e.g.*, *Bush v. Gore*, 531 U.S. 98, 111 (2000) (per curiam) (rejecting a proposed remedy on the ground that it "contemplates action in violation of the Florida Election Code"); *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 105 (1945) ("Congress never gave, nor did the federal courts ever claim, the power to deny substantive rights created by State law . . . ."); *Peters v. Gilchrist*, 222 U.S. 483, 492 (1912) ("The question as to whether a particular law has been passed in such manner as to become a valid law under the Constitution of the state is a state, and not a Federal, question. Courts of the United States are therefore under obligation to follow the adjudications of the courts of the state whose law is in question."). And the Gonidakis Plaintiffs make no argument or allegation that the Ohio constitutional provisions underlying the Ohio Supreme Court's decisions are preempted by federal law. The Ohio Supreme Court's conclusion that the Third Plan violates the Ohio Constitution is therefore controlling on this Court and precludes an order requiring the use of the Third Plan. Ohio's Attorney General has acknowledged as much. *See* Ex. A, Feb. 22, 2022 Letter from Attorney General Yost to Governor DeWine et al., at 2 ("The federal court may not order the use of a map that was rejected by the Ohio Supreme Court, where the underlying provision of the state constitution has not been found to violate the federal constitution.").

Thus, one way or another, a new, lawful plan must be created. The Ohio Supreme Court has already ordered the Commission to re-convene and create one, and the first meeting of the re-constituted Commission has already been scheduled for tomorrow. *See* Ohio Redistricting Commission, Announcement of Commission Meeting (Mar. 19, 2022),

https://redistricting.ohio.gov/assets/organizations/redistricting-commission/events/commission-meeting-march-19-2022-236/agenda-1321.pdf. Defendant LaRose confirms that "[t]he Commission is going to convene and work to comply with the Court's order." ECF No. 76 at 2, Page ID # 1108. But as Defendant LaRose has made clear, no matter how quickly that new plan is created—"even if an alternative plan were to be adopted at breakneck speed"—it will come too late for the May 3 primary to include General Assembly candidates. ECF No. 71 at 2, Page ID # 1039; *see also* ECF No. 67-1 at 61, Page ID # 955. There is therefore no need or reason for the Court to race to convene a three-judge court, because no matter how quickly the Court does so, it will not allow for the inclusion of General Assembly candidates in the May 3 primary.

Rather, the Bennett Petitioners expect that the General Assembly will acknowledge the reality of the situation and pass legislation rescheduling at least the General Assembly primary. The General Assembly has a legal duty to provide for a primary election under Article V, Section 7 of the Ohio Constitution. There is plenty of time to do so before the November general election. Indeed, Ohio previously held its primary in June before moving it to May. Once the General Assembly reschedules the primary, the Court can assess an appropriate schedule for this case, including whether and at what point the stay should be lifted and a three-judge court be convened, based on the revised primary date and the Ohio Supreme Court's deadlines for the Commission's adoption and the court's review of the fourth plan. To that end, the Bennett Petitioners respectfully suggest that the Court should maintain the stay but set this case for a status conference on Tuesday, March 29.

## CONCLUSION

For the forgoing reasons, the Court should deny the Gonidakis Plaintiffs' Emergency Motion and set a status conference for Tuesday, March 29.

Respectfully submitted,

/s/ Donald J. McTigue
Donald J. McTigue* (OH 0022849)
*Counsel of Record
Derek S. Clinger (OH 0092075)
MCTIGUE COLOMBO & CLINGER LLC
545 East Town Street
Columbus, OH 43215
T: (614) 263-7000
F: (614) 368-6961
dmctigue@electionlawgroup.com
dclinger@electionlawgroup.com

Abha Khanna**
Ben Stafford **
ELIAS LAW GROUP LLP
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
T: (206) 656-0176
F: (206) 656-0180
akhanna@elias.law
bstafford@elias.law

David R. Fox**
Jyoti Jasrasaria**
Spencer W. Klein**
Harleen Gambhir***
Raisa Cramer***
ELIAS LAW GROUP LLP
10 G St NE, Suite 600
Washington, DC 20002
T: (202) 968-4490
F: (202) 968-4498
dfox@elias.law
jjasrasaria@elias.law
sklein@elias.law
hgambhir@elias.law
rcramer@elias.law

** Admitted pro hac vice
*** Motion for admission pro hac vice
pending
*Counsel for Bennett*
*Petitioners*

5

**CERTIFICATE OF SERVICE**

This is to certify a copy of the foregoing was served upon all counsel of record by means of the Court's electronic filing system on this 18th Day of March, 2022.

/s/ Donald J. McTigue_____
Donald J. McTigue (OH 0022849)