IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL GONIDAKIS, et al.,
          *Plaintiffs*,

v.

FRANK LAROSE, in his official capacity,
          *Defendant*,

and

SENATOR VERNON SYKES and HOUSE MINORITY LEADER ALLISON RUSSO, in their capacities as members of the Ohio Redistricting Commission,
          *Intervenors-Defendants*.

Case No. 2:22-cv-773

Chief Judge Marbley

Magistrate Judge Deavers

**Opposition of Intervenors-Defendants Senator Vernon Sykes and
House Minority Leader Allison Russo to Plaintiffs' Emergency Motion to
Vacate the Stay and for Immediate Appointment of a Three-Judge Court**

Claiming that this case "is the only avenue left" for producing a constitutionally compliant map in time for the primary election, the plaintiffs ask this Court to lift the stay and order the convening of a three-judge court. The propriety of this request hinges on whether this case is now "justiciable in the federal courts." *Shapiro v. McManus*, 577 U.S. 39, 44–45 (2015).

Under *Growe v. Emison*, the general rule is that "federal judges [must] defer consideration of disputes involving redistricting where the State, through its legislative or judicial branch, has begun to address that highly political task itself." 507 U.S. 25, 33 (1993). This reflects our constitutional scheme, under which "reapportionment is primarily the duty and responsibility of the State"—not "of a federal court." *Id.* at 34. Because the plaintiffs filed this case in "a race to beat the [Ohio Supreme Court] to the finish line," *id.* at 37—exactly what *Growe* prohibits—this Court

1

appropriately stayed the proceedings. ECF No. 68. And because this Court properly concluded that federal-court adjudication would be improper under *Growe*, it appropriately declined to convene a three-judge court. ECF No. 55 at 2. The lack of a justiciable controversy is "[a] ground upon which a single judge" may "decline to convene a three-judge court." *Gonzalez v. Automatic Employees Credit Union*, 419 U.S. 90, 100 (1974).

The plaintiffs now claim that *Growe*'s general rule no longer applies, invoking an exception for cases where the record shows that "the state court [is] either unwilling or unable to adopt a congressional plan in time for the elections." *Id.* But the plaintiffs cannot make that showing here. Their request is predicated on two assumptions: (1) that the May 3 primary date is an immovable object on the horizon, and (2) that the state-court process is at its end. Neither is true.

**1.** To begin, the Ohio Supreme Court has the authority to suspend or modify election-related deadlines to ensure that Ohioans may vote under constitutional maps, and other state high courts have recently done just that. *See, e.g., Carter v. Chapman*, No. 7 MM 2022, 2022 WL 549106 (Pa. Feb. 23, 2022) (modifying congressional and statewide election calendar due to impasse and noting the suspension of state legislative election deadlines until resolution of litigation); *In re 2022 Legis. Districting of the State*, Misc. Nos. 21, 23, 25, 26, 27, Sept. Term 2021, (Md. Mar. 15, 2022) (modifying primary election calendar), *at* https://perma.cc/LLX6-LZET. There is no basis for concluding that the Ohio Supreme Court is "unwilling" or "unable" to do the same, *Growe*, 507 U.S. at 37—and thus no basis for this Court to conclude that this case is currently justiciable.

Indeed, Senator Sykes and Leader Russo are now in the process of preparing a motion—to be filed no later than this Monday, March 21—asking the Ohio Supreme Court to move the primary-related deadlines to allow the Commission sufficient time to adopt and implement a new, constitutional map in time for the election. Were the Ohio Supreme Court to grant the motion, it would definitively prove that a suit in federal court is not "the only avenue" to achieve compliance

with the law. Mot. 1. To the contrary, given that the only relief currently sought by the plaintiffs is an order authorizing implementation of a map that violates state law, the "only avenue" to produce a map that complies with *both* state and federal law would be the *state-court* process, not this case.

In short, the motion's key premise—that the primary date cannot be moved—is incorrect. Even defendant LaRose now admits that "the May 3, 2022 primary election is no longer looming for the state legislative races," because it "will have to be held at a later date." ECF No. 76 at 2. Acknowledging this reality, the Ohio legislature could also decide to move the primary itself.

**2.** Meanwhile, the state map-making process continues apace. Far from showing that it is "unwilling or unable," *Growe*, 507 U.S. at 37, the Ohio Supreme Court has shown itself fully capable of moving quickly, and its most recent opinion continues to advance the process by going further than its prior opinions. Recognizing that the previous maps were "drawn entirely by Republican legislators on the Commission," without input from Senator Sykes or Leader Russo, the Court ordered "that *the commission* draft and adopt an entirely new [map] that conforms with the Ohio Constitution," and that "the drafting should occur in public and the commissioners should convene frequent meetings to demonstrate their bipartisan efforts to reach a constitutional plan" by March 28. Slip. Op. 8, 19, *at* https://perma.cc/FP6E-TL97. The Court gave a clear roadmap for how this process should be conducted: "The commission should retain an independent map drawer—who answers to all commission members, not only to the Republican legislative leaders—to draft a plan through a transparent process." *Id.* at 12. And since then, the Commission has begun to act. It will have a meeting tomorrow at 2 p.m. to ensure that it heeds its obligations under the Court's opinion. *See* Meetings, Ohio Redistricting Commission, *at* https://redistricting.ohio.gov/meetings; ECF No. 76 at 2 ("The Commission is going to convene and work to comply with the Court's Order.").

Nothing in this ongoing process allows the plaintiffs to make their necessary showing. The Ohio Supreme Court is plainly "willing" to oversee the process to produce a new, constitutional

3

map. And the Court is also "able" to do so, having the power to move the primary deadlines and grant further relief if necessary. In addition, the Court was asked by one of the parties to declare an impasse, and (despite the pendency of this case) it declined to do so in its most recent opinion. *See* Petitioners' Objections, *Ohio Organizing Collaborative v. Ohio Redistricting Comm'n*, No. 2021-1210, at 2–3 (filed Feb. 28, 2022) ("If the Court concludes that it cannot secure the Commission's compliance with the Ohio Constitution, . . . then it should declare an impasse, after which a federal court would implement federal remedies, with due respect for state law."); Slip Op. 19 ("We deny petitioners' requests for additional relief at this time."). There is no reason for this Court to second-guess that determination here, especially given the forthcoming request to move the primary deadlines.

By contrast, there is every reason to continue to defer. Under our constitutional scheme, as noted, "reapportionment is primarily the duty and responsibility of the State." *Growe*, 507 U.S. at 34. The Ohio Supreme Court is intensely engaged in "address[ing] that highly political task itself," and it can do so in "as timely a manner" as this Court, *id.* at 33–37—particularly if that Court extends the primary deadlines. For that reason, this Court should leave the stay in place at least long enough to afford the Ohio Supreme Court (or the state legislature) an opportunity to move the primary deadlines—and thus to obviate any present need for federal court intervention.

Respectfully submitted,

*/s/ Jonathan E. Taylor*
JONATHAN E. TAYLOR (*pro hac vice*)
MATTHEW W.H. WESSLER (*pro hac vice*)
GUPTA WESSLER PLLC
2001 K Street NW, Suite 850 North
Washington, DC 20006
Phone: (202) 888-1741 / Fax: (202) 888-7792
*jon@guptawessler.com*
*matt@guptawessler.com*

4

            C. B<small>ENJAMIN</small> C<small>OOPER</small>
            C<small>HARLES</small> H. C<small>OOPER</small>, J<small>R</small>.
            C<small>HELSEA</small> C. W<small>EAVER</small>
            C<small>OOPER</small> E<small>LLIOTT</small>
            305 West Nationwide Boulevard
            Columbus, OH 43215
            Phone: (614) 481-6000 / Fax: (614) 481-6001
            *benc@cooperelliott.com*
            *chipc@cooperelliott.com*
            *chelseaw@cooperelliott.com*

March 18, 2022      *Attorneys for Intervenors-Defendants*

## CERTIFICATE OF SERVICE

I certify that on March 18, 2022, I filed this reply through this Court's CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Jonathan E. Taylor*
Jonathan E. Taylor