# Exhibit A
# Directive 2022-30



**DIRECTIVE 2022-30**
March 17, 2022

To: All County Boards of Elections
Board Members, Directors, and Deputy Directors

Re: *League of Women Voters of Ohio, et al. v. Ohio Redistricting Commission, et al.* Decision and Additional Instructions

**SUMMARY**

Last night, the Supreme Court of Ohio ruled (4-3) in *League of Women Voters of Ohio, et al. v. Ohio Redistricting Commission, et al.* that the third Ohio General Assembly district plan adopted by the Ohio Redistricting Commission on February 24, 2022, does not comply with Article XI of Ohio's Constitution. Thus, the Court ruled that the General Assembly district plan is invalid and ordered the Ohio Redistricting Commission to adopt a new district plan by March 28, 2022.[1]

However, federal litigation is still pending regarding the February 24, 2022 General Assembly district maps. As such, boards of elections are prohibited from altering or sending ballots and must pause any reprogramming of voter registration and tabulating systems until my Office provides additional instruction.

**INSTRUCTIONS**

    **I.    BALLOTS AND VOTER REGISTRATION SYSTEMS**

Boards of elections are prohibited from altering or sending ballots until my Office provides additional information in light of ongoing federal litigation.[2] Additionally, boards must pause any reprogramming of voter registration and tabulating systems until my Office provides additional instruction.

    **II.    OTHER REQUIREMENTS ASSOCIATED WITH MAY 3, 2022 PRIMARY ELECTION**

The General Assembly has not changed the date of the primary election. Boards of elections must do all of the following:

- Continue to prepare for an election on May 3, 2022;
- Continue to recruit precinct election officials and conduct precinct election official training;

---

[1] See League of Women Voters of Ohio v. Ohio Redistricting Comm., Slip Opinion No. 2022-Ohio-789.
[2] *See Gonidakis, et al. v. LaRose, et al.*, Case No. 2:22-CV-773 (S.D. Ohio 2022).

Exhibit A, Page 1 of 2

- Post the 46-day Federal Write-In Absentee Ballot ("FWAB") notice that was updated and provided to boards of elections on Wednesday, March 16, 2022 by March 18, 2022;[3]

- Advertise in newspaper(s) the places, dates, times, qualifications, and methods for voter registration by March 22, 2022.[4]

### III. NOTICE ON WEBSITE AND VOTER INFORMATION LOOKUP

Boards must prominently display notice on their website and specifically in their Voter Information Lookup tool that states, "On March 16, 2022, the Supreme Court of Ohio invalidated the Ohio General Assembly district plan adopted on February 24, 2022. Voter district information for Ohio House, Ohio Senate, and State Central Committee will be updated as soon as that information is available."

### IV. PROTESTS AGAINST CANDIDATES FOR OHIO HOUSE, OHIO SENATE, AND STATE CENTRAL COMMITTEE

Boards of elections must not hold any protest hearings regarding General Assembly and State Central Committee candidates and notify the protestor and any candidate whose candidate certification was challenged that the protest is cancelled at this time.

### V. BOARD OFFICES MAY BE CLOSED ON MARCH 26, 2022

Boards of elections are no longer required to be open to the public on Saturday, March 26, 2022.

If you have any questions regarding this Directive, please contact the Secretary of State's Office at (614) 728-8789.

Yours in service,

Frank LaRose
Ohio Secretary of State

---

[3] R.C. 3511.16(C); R.C. 3509.01(B)(1).
[4] R.C. 3503.12.

Exhibit A, Page 2   of 2

# Exhibit B
# Amanda Grandjean Affidavit



# Grandjean Aff 3.20-2022.pdf

| | |
|---|---|
| DocVerify ID: | BC7F4D75-556B-4A12-B441-58FE6135CF7A |
| Created: | March 22, 2022 11:51:08 -8:00 |
| Pages: | 6 |
| Remote Notary: | Yes / State: OH |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

## E-Signature Summary

**E-Signature 1: Amanda M. Grandjean (AMG)**
March 22, 2022 11:56:01 -8:00 [DC36379637CB] [156.63.71.253]
agrandjean@ohiosos.gov (Principal) (Personally Known)

**E-Signature Notary: MacKenzie S. Clayton (msc)**
March 22, 2022 11:56:01 -8:00 [7E6CB94B2971] [98.102.110.129]
MacKenzie.Clayton@OhioAGO.gov
I, MacKenzie S. Clayton, did witness the participants named above electronically sign this document.



DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat. All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.

Exhibit B, Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL GONIDAKIS, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | Case No. 2:22-CV-773 |
| **v.** : | |
| : | Chief Judge Algenon Marbley |
| **FRANK LaROSE et al.,** : | |
| : | |
| **Defendants.** : | |

### AFFIDAVIT OF AMANDA M. GRANDJEAN

STATE OF OHIO        :
                              :    SS
COUNTY OF PERRY :

     Now comes Amanda M. Grandjean, having been first duly cautioned and sworn, and states and affirms as follows:

     1.     I have personal knowledge of the information set forth in this Affidavit, and I am competent to testify to the matters stated herein.

     2.     I am an attorney licensed to practice law in the State of Ohio. From September 2016 to January 2019, I was an associate attorney with the law firm of Bricker and Eckler, LLP, and focused my practice of law on the areas of government relations, election law, campaign finance, and litigation.

     3.     In January 2019, I was appointed by Secretary of State Frank LaRose to the position of Deputy Assistant Secretary of State and State Elections Director in the Elections Division of the Ohio Secretary of State's Office, where I am responsible for developing and implementing policies, procedures, and guidelines for the administration of federal, state, and local elections to assist county boards of elections in the fulfillment of their statutory duties, as well as having oversight of the statewide voter registration database, the receipt, review, and distribution of statewide candidate and issue petition filings, and campaign finance regulations and related filings.

     4.     I am an elected Vice President and executive committee member of the National Association of State Election Directors ("NASED") and the Secretary and executive board member of the Electronic Registration Information Center ("ERIC"), the elected Vice Chair of the United States Election Assistance Commission Standards Board Executive Committee, and a

member of the National Association of Secretaries of State, the Bipartisan Policy Center Task Force, and the Massachusetts Institute of Technology Election Data Science Lab.

5. In March 2021, the America Society for Public Administration ("ASPA") awarded NASED the 2020 Public Integrity Award, along with the Cybersecurity and Infrastructure Security Agency ("CISA"). This award pays tribute to an individual or organization that has made outstanding contributions to responsible conduct in public service. On behalf of NASED, I, as a member of the Executive Committee, accepted this award.

6. In my role as Deputy Assistant Secretary of State and State Elections Director, I also work closely with Ohio's 88 county boards of elections ("boards"). In that capacity, I advise boards as to the issuance and implementation of directives issued by the Secretary of State which govern the conduct of elections, answer general questions, and work with the boards to ensure that elections run smoothly, accurately, and in accordance with Ohio law.

7. Under Ohio law, candidates who are members of a recognized political party are required to file declarations of candidacy and petitions with signatures ninety days before a primary election. Thus, the partisan candidate filing deadline was February 2, 2022, for the May 3, 2022, Primary Election. Ordinarily, following receipt of those filings, the boards of election are required to adhere to the following, but not limited to, statutory deadlines:

   a. February 14, 2022 - Boards of elections must certify the validity and sufficiency of partisan candidates' petitions (78 days before primary election).

   b. February 18, 2022 - Protests against partisan candidates' petitions must be filed by 4 p.m. (74 days before primary election).

   c. February 22, 2022 - Board of elections of most populous county in a multi-county subdivision must certify names of all candidates to other boards of elections (70 days before primary election).

   d. March 18 and 19, 2022 - Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA") absentee ballots for May 3 primary election must be ready for use under Ohio law by March 18 (46 days before primary election) and under federal law must be mailed beginning March 19 (45 days before the primary election).

   e. April 5, 2022 - Non-UOCAVA absentee ballots for May 3 primary election must be ready for use and for early-in person voting at the boards of election (first day after close of voter registration, 28 days before primary election).

8. In the ordinary course, those deadlines allow adequate time – 44 days – for the county boards of election to prepare and ensure that all necessary steps, proofing, and testing are complete prior to having UOCAVA ballots prepared and ready to send by the 46th day before the primary election.

9. In the state of Ohio, the election is in fact not conducted on a single day, but over a period of time, beginning with the mailing of live UOCAVA ballots, typically 46 days before the election and ending through the close of polls on Election Day.

10. The 2020 decennial Census 2020 required the 99 House districts and 33 Senate districts in the Ohio General Assembly to be redrawn in 2021 pursuant to Article XI of Ohio's Constitution. The new Ohio Redistricting Commission adopted a new General Assembly district plan late the night of September 15, 2021. It was not until January 12, 2022 – nearly four months after the adoption of the plan – that the Ohio Supreme Court issued a decision invalidating the first General Assembly District Plan ("First Plan") and ordered the Ohio Redistricting Commission to adopt a new plan within 10 days. The Ohio Redistricting Commission adopted a second General Assembly District Plan ("Second Plan") on January 22, 2022.

11. The Ohio Redistricting Commission adopted the Second Plan just 11 days prior to the February 2, 2022, candidate filing deadline. This created timing problems for election administration procedures and deadlines under the current law at that time. The General Assembly passed H.B. 93 following the adoption of the Second Plan, which modified the filing requirements for all General Assembly candidates and congressional candidates for the 2022 Primary Election. H.B. 93 retained the February 2, 2022, filing deadline for candidates for the Ohio House of Representatives and the Ohio Senate; however, it permitted the Secretary of State to adjust certain elections administration deadlines with respect to those contests for the May 3, 2022, primary election as necessary, <u>except</u> for the March 18, 2022, UOCAVA deadline (unless the Secretary sought a waiver under federal law) and any deadline that, under Ohio law, falls on or after April 3, 2022.

12. On January 31, 2022, the Secretary issued Directive 2022-03 to inform the boards of H.B. 93's changes and to establish additional deadlines for General Assembly candidates consistent with H.B. 93 as follows:

   a. February 22, 2022 - Candidates for Ohio House or Ohio Senate who seek to serve a district in which they did not reside at the time of filing must become a resident of the district they wish to represent, update their voter registration, and file an addendum with the board of elections that indicates their new address.

   b. March 9, 2022 – Most populous county board of elections or board of elections must certify the validity and sufficiency of partisan candidate petitions and provide the names of the certified candidates to the less populous county board of elections in the district.

   c. March 11, 2022 – Protests against partisan candidates for U.S. House, Ohio House, Ohio Senate, and state central committee of a political party (including write-in candidates) must be filed with the most populous county by 4:00 p.m.

13. On February 7, 2022, the Ohio Supreme Court invalidated the Second Plan and ordered the Ohio Redistricting Commission to adopt a new plan. The impact of the Court's order

was once again to cause additional chaos and compression in election procedures and the election calendar.

14. On February 24, 2022, the Ohio Redistricting Commission adopted the third General Assembly District Plan ("Third Plan").

15. Two days later, on February 26, 2022, pursuant to his authority under R.C. 3501.05(B), the Secretary issued Directive 2022-26, which, again moved the protest and certification deadlines for General Assembly candidates to accommodate the Third Plan as follows:

   a. March 10, 2022 – Any House and Senate candidates who may wish to change their residence to run in another district file the addendum contemplated by Section 4(C)(1)(b) of H.B. 93 with the board the no later than 4:00 p.m. on March 10, 2022.

   b. March 14, 2022 – Most populous county board of elections or board of elections must certify the validity and sufficiency of partisan candidate petitions and provide the names of the certified candidates to the less populous county board(s) of elections in the district, subject to any filers changing districts and completing their move by March 26, 2022. Boards cannot verify or certify candidate petitions until the reprogramming of the voter registration system is complete, a process that normally takes 2-3 weeks for the boards to complete.

   c. March 17, 2022 – Protests against partisan candidates for Ohio House, Ohio Senate, and state central committee of a political party (including write-in candidates) must be filed with the most populous county board of elections by 4:00 p.m.

16. As a result of these delays, the boards of elections have an almost impossibly compressed period of time to perform their duties to review petition signatures, certify General Assembly candidates, hold protest hearings, resolve protests, and finalize ballots including the General Assembly primary races before the UOCAVA and early voting deadlines. Under current permanent law, the protest filing deadline against partisan candidate petitions is 74 days before the primary election, 46 days before the start of early voting, and 28 days prior to the state deadline for mailing UOCAVA ballots. The protest deadline for the 2022 primary election is *only* 47 days before Election Day, *only* 19 days before the start of early voting, and just *one day* prior to the state deadline for mailing UOCAVA ballots.

17. Some boards of elections will not be able to finalize and send UOCAVA ballots by either the state or federal UOCAVA deadline because of this impossibly compressed timeline. As such, on Friday, March 18, 2022, the Secretary executed an agreement with the U.S. Department of Justice ("DOJ") for the DOJ to forego litigation against the state for some counties missing the March 19 deadline *if* the counties begin sending their UOCAVA ballots as soon as possible after March 19 but no later than April 5, 2022. Substitute S.B. 11, enacted last week, is part of that tentative agreement and requires UOCAVA ballots to be ready for use no later than Tuesday, April 5, 2022.

18. Even though the Third Plan was adopted on February 24, 2022, a mere twenty two days before the state UOCAVA deadline, the General Assembly has not taken any action to postpone the May 3, 2022, primary election. Only the General Assembly can move the date of the primary election. *See* R.C. 3501.40. Thus, unless and until the General Assembly moves the date of the primary election or bifurcates the election for offices impacted by redistricting, the Secretary has a legal duty move forward with the administration of the May 3, 2022, primary election.

19. On Wednesday, March 16, 2022 at approximately 10:00 p.m., the Ohio Supreme Court issued a decision invalidating the Third General Assembly district map.

20. On Thursday, March 17, 2022, Secretary LaRose issued Directive 2022-30, which among other things, prohibited the 88 county boards of elections from altering or sending any ballots until additional guidance was given from our Office in light of pending federal litigation.

21. In my conversations with the Secretary as I drafted Directive 2022-30, I informed the Secretary that R.C. 3513.13 states, "primary election ballots shall contain the names of all persons whose declarations of candidacy and petitions have been determined to be valid." Given the Ohio Supreme Court's decision, our Office would need to direct the 88 county boards of elections to remove the offices of General Assembly and State Central Committee from the ballot as soon as possible.

22. In light of federal litigation, it was the Secretary's opinion and professional judgment to prohibit the boards of elections from altering or sending ballots until there is a decision from federal court.

23. I informed the Secretary that in my professional opinion, our Office would need to issue formal instruction via directive to the 88 county boards of elections requiring them to remove the General Assembly and State Central Committee offices from the ballot no later than Wednesday, March 23, 2022.

24. My division contacted approximately four of the voting system vendors certified in the State of Ohio. Each vendor informed my division that they needed direction and finality from our Office regarding the contents of the May 3, 2022 ballot as soon as possible and no later than Wednesday, March 23, 2022. This timeline represents the minimum timeline for only the reprogramming of the election management system and ballots. It does not include ballot proofing, logic and accuracy testing, or final printing orders to various print vendors. Wednesday, March 23, 2022 is 13 days from the start of early voting. Reprogramming of the election management systems and ballots will take at least a week and a half. This compressed timeline does not in any way fall in line with or allow for the quality control checks or level of accuracy that is required to reprogram election management systems and ballots.

25. This timeline only allows for three days to perform ballot proofing, conduct logic and accuracy testing, and providing final printing order to print vendors.

Further affiant sayeth naught.

*Amanda M. Grandjean*
Signed on 2022/03/22 11:56:01 -8:00

Amanda M. Grandjean

Sworn to in my presence and subscribed before me this 22nd day of March 2022.



**MacKenzie Storm Clayton
Commission # 2018-RE-707238**
Electronic Notary Public
State of Ohio
My Comm Exp. Feb 22, 2023
Notary Stamp 2022/03/22 11:56:01 PST      7E6CB94B2971

*MacKenzie S. Clayton*
Signed on 2022/03/22 11:56:01 -8:00

Notary Public

4888-5057-9733 v1 [94687-2]

6

Exhibit B, Page 7 of 7

DocVerify ID: BC7F4D75-556B-4A12-B441-58FE6135CF7A
www.docverify.com
BC7F4D75-556B-4A12-B441-58FE6135CF7A --- 2022/03/22 11:51:08 -8:00 --- Remote Notary
Page 6 of 6    658FE6135CF7A