UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Gonidakis, *et al.*, | : | |
| | : | Case No. 2:22-cv-773 |
| Plaintiffs, | : | |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| Frank LaRose, | : | Circuit Judge Amul R. Thapar |
| | : | |
| Defendant. | : | Judge Benjamin J. Beaton |
| | : | |

**PLAINTIFFS' REPLY IN SUPPORT OF TRO**

Plaintiffs ask this Court for narrow relief: election officials continue with the Third Plan for the next five days so that the May 3 primary election can stay on track. The Opposing Parties respond that this remedy is unavailable because there are *no plans* for a primary election for state legislative office. Cold comfort! If true, then this Court should act without more delay to preserve Plaintiffs' fundamental rights and should do so with the Third Plan.

**I.  FACTS**

Secretary LaRose directed the county boards of elections to begin implementing the Third Plan on February 26, 2022. (Affidavit of Amanda Grandjean ("Grandjean Aff."), ECF No. 88-1, ¶ 15). As a result, county boards of elections started to print ballots and program voter registration and tabulating systems, among other things. (*See* Directive 2022-30, ECF No. 88-1, PageID # 1315). We now know this work was "paused" when the Ohio Supreme Court—nearly three weeks later—invalidated the Third Plan. (Grandjean Aff., ECF No. 88-1, ¶ 20).

The Secretary LaRose then conveyed that he faces two choices: either the Third Plan goes forward or there must be, at the very least, a bifurcated primary election. (LaRose Response, ECF

No. 88, PageID # 1312). That is because ballots must be either retained with information from the Third Plan or removed. (*Id.*). And if the information is removed, there is no time to print new ballots for an unknown Fourth Plan, creating two primaries. (Notice, ECF No. 71, PageID # 1039).

Secretary LaRose will not face this choice until March 25, 2022, or later. (*See* ECF No. 97). While Deputy Assistant Grandjean's affidavit could be read to suggest that March 23, 2022, was the last day to "unpause" the primary election and still include state legislative offices, that reading would be incorrect. (*See* Grandjean Aff., ECF No. 88-1, ¶ 23). Her testimony instead refers sending out "the ballot," meaning including state legislative offices and other elections on one ballot. (*Id.*).

However, last night Secretary LaRose issued Directive 2022-31 having the local boards of elections move forward with preparing ballots for all May 3, 2022 contests—except those that are the subject of this instant action. (*See* LaRose Notice, ECF No. 97). Thus, it is possible to include a supplemental ballot and still hold the May 3, 2022, primary election using the Third Plan. Secretary LaRose clarified this point yesterday when he said that his office could add those races back with a supplemental ballot if this Court ordered him to do so before mid-next week—the date of the preliminary injunction hearing.[1]



---

[1] Balmert, Jessie, USA Today, March 23, 2022, available at https://twitter.com/jbalmert/status/1506749034240696323?cxt=HHwWhoCj-e6QhukpAAAA ("LaRose says if they add those races back with a supplement if the judges ordered them to use the 3rd maps before mid-next week") (last accessed March 23, 2022).

Plaintiffs understand that using the Third Plan is still a viable option, and therefore ask this Court to maintain it until the preliminary injunction hearing. Testimony on March 25, 2022, for the TRO and on March 30, 2022, for the preliminary injunction, will confirm as much.

## II. LAW AND ARGUMENT

Because Plaintiffs' constitutional right to vote will be violated without the Third Plan, this Court should preserve the Third Plan as an option until the preliminary injunction hearing.[2]

### A. Plaintiffs seek the implementation of the Third Plan to maintain the status quo of the May 3, 2022 primary.

Plaintiffs seek the maintenance of the Third Plan for five more days until the preliminary injunction hearing. Secretary LaRose and county boards of elections have invested significant time and energy into carrying out this plan. Additionally, if the Third Plan is used, then the primary election can go forward as planned. (*See* ECF No. 71). Maintaining the Third Plan, and doing so for the next five days, is the only solution that preserves the May 3, 2022, primary election. All other options effectively cancel the state legislative election.

Because this remedy is so straight-forward, the Opposing Parties misstate the law and the facts. It does not matter that the Secretary of State has pushed "pause" on the Third Plan. This pause does not destroy the status quo. (*See, e.g.*, ECF No. 91, PageID # 1453). Ohio's elections are a marathon, not a sprint. And in a marathon, the race is not abandoned by pausing to take a drink. So too here. The Secretary LaRose's "pause" has not impacted whether the May 3 primary or the Third Plan goes forward, at least not yet. Plaintiffs seek the continuation of the May 3 primary as currently scheduled with the Third Plan.

---

[2] Plaintiffs reassert the same arguments in their motion, but because of the compressed schedule, combined with the Opposing Parties' decision to submit multiple opposition briefs instead of one, Plaintiffs selectively respond for the efficiency of this Court.

Moreover, a strict "status quo" is not required in the Sixth Circuit. That because the Sixth Circuit uses the same standard for mandatory and prohibitive relief. *C.K. v. Oakland Cmty. Health Network*, No. 20-13301, 2021 U.S. Dist. LEXIS 161615, at *36 (E.D. Mich. Aug. 25, 2021) (citing *United Food & Commer. Workers Union, Local 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998)); *NACCO Materials Handling Grp., Inc. v. Toyota Materials Handling USA, Inc.*, 246 F. App'x 929, 935 n.2 (6th Cir. 2007). So it matters not that Plaintiffs ask Secretary LaRose to pick up where he left off rather than remain "paused."

Plaintiffs should also not be penalized for Secretary LaRose's moving targets during this action. *Mut. Oil Co. v. Empire Petroleum Co.*, 5 F.2d 500 (6th Cir. 1925). The Sixth Circuit prohibits "suddenly and secretly chang[ing] an existing status for the purpose of securing an unfair advantage, or forestalling an order of court restraining such action." *Id.* That is true here, with Secretary LaRose issuing a new directive less than 48 hours before the TRO hearing. (*See* LaRose Notice, ECF No. 97).

For these reasons, the Third Plan remains an appropriate remedy for this Court.

**B. Plaintiffs have standing.**

Plaintiffs having standing to bring their claims because they challenge their current districts and without legislative districts they suffer an actual, concrete, particularized, and imminent harm to their right to vote and associate. In voting rights-related cases, plaintiffs have standing by identifying their specific districts impacted, the election-activity impacted, and suffering a risk that is imminent. *See, e.g.*, *Nemes v. Bensinger*, 467 F. Supp. 3d 509, 522 (W.D. Ky. 2020); *League of Women Voters of Mich. v. Johnson*, 352 F. Supp. 3d 777, 791 (E.D. Mich. 2018); *cf. Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 387 (6th Cir. 2020); *Adams v. Clinton*, 531 U.S. 941 (2000).

That is true here. Secretary LaRose has removed the state legislative offices from the ballot. (ECF No. 97). Plaintiffs have expressed harm particularized to their legislative districts. (*See, e.g.*, FSC, ECF No. 86, ¶¶ 4, 72; Gonidakis Aff., ECF No. 84-1, ¶ 4, PageID # 1174). Plaintiffs have put forward evidence that they also engage in other election activity based on the Third Plan. (Gonidakis Aff., ECF No. 84-1, ¶ 9). And Plaintiffs are continuously engaged in the election process. (*Id.*, ¶ 7).[3] As a result, Plaintiffs have standing to bring their claims.

The Opposing Parties claim that Plaintiffs lack standing because the lack of state legislative districts harms all Ohioans. (ECF No. 90, PageID # 1345). In other words, according to the Opposing Parties, even though Plaintiffs' (and other Ohioans') fundamental rights are being denied, the federal courts remained closed. Not so. This would eliminate nearly every voting rights case. Curiously, the parties that press this issue are the individually named Intervening-Plaintiffs, who remain free to dismiss their complaint at any time under this argument if they make it now with a straight face. (*Id.*). Plaintiffs' voting rights are at imminent risk of denial, so they have standing to bring these claims.

---

[3] Mr. Gonidakis often engages in protected speech on key election issues and engages with voters.

*See, e.g.*, Balmert, Jessie, *With U.S. Supreme Court decision looming, abortion access in Ohio is on the ballot*, THE COLUMBUS DISPATCH, January 18, 2022 available at https://www.dispatch.com/story/news/politics/elections/2022/01/19/election-2022-roe-v-wade-uncertainty-makes-abortion-key-primary-issue/9106039002/ (referencing Michael Gonidakis);

Schroeder, Kaitlin, *Ohio Judge again blocks enforcement of abortion fetal tissue disposal law*, February 2, 2022, SPRINGFIELD NEWS, available at https://www.springfieldnewssun.com/local/ohio-judge-again-blocks-enforcement-of-abortion-fetal-tissue-disposal-law/VPJ6OPTTXNCKHOYV3XJAAH24FA/ (referencing Michael Gonidakis).

### C. Plaintiffs are likely to succeed on the merits because their right to vote and right to associate will be denied.

Maintaining the Third Plan until the preliminary injunction hearing will secure Plaintiffs' right to vote and associate, which would otherwise be denied. The Opposing Parties concede that not holding a primary election would violate the U.S. Constitution. (*See* ECF No. 90, PageID # 1347). So to avoid this conclusion, they invent new facts. They claim that the denied right is "speculative" (ECF No. 95, PageID # 1569) or simply delayed (ECF No. 90, PageID # 1346). Surely, "no one has been or will be disenfranchised . . . ." (ECF No. 90, PageID # 1347).

But we are beyond speculation. The Redistricting Commission and the Ohio Supreme Court have failed to create legislative districts for more than six months. And Secretary LaRose, hours ago, removed state legislative offices from the ballot and has not suggested to this Court that he intends to put them back on. (LaRose Notice, ECF No. 97). As it stands now, without the Third Plan, no primary election will be held. The shark has been jumped. No primary election for state legislative office is scheduled. (*Id.*). For these reasons, Plaintiffs are likely to succeed on the merits.

### D. The Third Plan avoids Plaintiffs' irreparable harm—denial of the rights to vote and associate.

Implementing the Third Plan secures Plaintiffs' right to vote and associate in the May 3, 2022, primary election, and a TRO maintaining the Third Plan until the preliminary injunction hearing keeps that door open. *See ACLU of Ky. v. McCreary County, Ky.*, 354 F.3d 438, 445 (6th Cir. 2003); *Obama for Am. v. Husted*, 697 F.3d 423, 436 (2012) (citation omitted); *see also Williams v. Salerno*, 792 F.2d 323, 326 (2d Cir. 1986). That is the case here, because there is not currently a primary election scheduled. (*See* ECF No. 97).

The Opposing Parties claim that—at some point—there *could* be an election. (*See, e.g.*, ECF No. 90, PageID # 1352). But that ignores the evidence before this Court. Ohio's Chief Election Officer just removed state legislative offices from the ballot. (LaRose Notice, ECF No.

6

97). He claims not to have legal authority to put them pack on. (*Id.*; ECF No. 71). As a result, Plaintiffs will be irreparably harmed without this Court maintaining the Third Plan for five days until the preliminary injunction hearing is held, especially considering the Third Plan appears to remain a viable option only until mid-next week according to comments Secretary LaRose made yesterday.

### E. Maintaining the Third Plan will benefit Third Parties and the Public.

Plaintiffs seek the maintenance of the Third Plan for five days until the preliminary injunction hearing. This will secure Plaintiffs' and the public's fundamental rights. The Opposing Parties counter that the will of Ohio voters will be overcome by this five-day relief. (ECF No. 90, PageID # 1349). Not so. First, the Third Plan was passed by the Redistricting Commission as contemplated by Ohio voters. *See Perry v. Perez*, 565 U.S. 388, 393, 132 S. Ct. 934, 941 (2012) (a federal court should look to the state's legislative policies). Second, in amending the Ohio constitution voters did not give up their right to vote. But those are the stakes here. And the public interest overwhelmingly favors voting in imperfect districts instead of no districts at all.

### F. The Opposing Parties' remaining arguments miss the mark.

*First,* Plaintiffs' remedy is available because of the U.S. Constitution and 42 U.S.C. § 1983 protect their right to vote. *Reynolds v. Sims*, 377 U.S. 533, 584, 84 S. Ct. 1362, 1393 (1964). That is because "When there is an unavoidable conflict between the Federal and a State Constitution, the Supremacy Clause of course controls." *Id.* That is what we have here. Under state law and the Ohio Constitution, there is no primary election for state legislators, contrary to federal law. (*See* ECF No. 97). Thankfully, the Supremacy Clause controls. Framing the issue as when, not if, the primary election takes place requires rejecting the evidence before this Court: six months of failures that have left Ohio voters with no primary election for state legislators on May 3 and no

alternative primary for those races set. (*See* ECF No. 97). Therefore, there is a direct conflict between state law and the U.S. Constitution, so this Court should act.

***Second*,** despite the express language of *Reynolds*, some Opposing Parties still take the position that a federal court cannot act contrary to state law. These cases are distinguishable. In *Bush v. Gore*, 531 U.S. 98, 111 (2000), the Court found a solution that satisfied federal and state law, which is not an option here; in *Guar. Tr. Co. v. York,* 326 U.S. 99, 110, 65 S. Ct. 1464, 1470 (1945), there were no federal claims present, just state claims; and in *Porto Rico Sugar Co. v. Lorenzo*, 222 U.S. 481, 482, 32 S. Ct. 133, 134 (1912), there were no competing federal constitutional claims. Indeed, according to the Opposing Parties, a federal court could never draw a map that satisfies the federal constitution contrary to a state law, which is untrue. Afterall, state law never provides a role for federal courts. *See Reynolds*, *supra*; *Kopald v. Carr*, 343 F. Supp. 51, 52 (M.D. Tenn. 1972).

***Third*,** Plaintiffs ask this Court to proceed in parallel, and with this motion, to maintain the Third Plan for five days until the preliminary injunction hearing can be held. Plaintiffs have not asked this Court to stop the Redistricting Commission process. (*See, e.g.*, ECF No. 90, PageID # 1353). Plaintiffs instead ask this Court for temporary relief to secure their fundamental rights. And importantly, the preliminary injunction hearing is scheduled to take place *after* the Redistricting Commission is scheduled to pass a map. Action from this Court has no impact on that process and will not interfere with Ohio's redistricting tasks.

### III. <u>CONCLUSION</u>

For all these reasons, Plaintiffs respectfully request that this Court require that Secretary of State Frank LaRose maintain the Third Plan to carry out the 2022 primary and general election for the next five days until the preliminary injunction hearing.

        Respectfully submitted,

        **Isaac Wiles & Burkholder LLC**

        */s/ Donald C. Brey*
        Donald C. Brey (0021965)
        Brian M. Zets (0066544)
        Matthew R. Aumann (0093612)
        Ryan C. Spitzer (0093515)
        Trista M. Turley (0093939)
        Two Miranova Place, Suite 700
        Columbus, Ohio 43215
        Tel: 614-221-2121; Fax: 614-365-9516
        dbrey@isaacwiles.com
        bzets@isaacwiles.com
        maumann@isaacwiles.com
        rspitzer@isaacwiles.com
        tturley@isaacwiles.com

        *Attorneys for Plaintiffs Michael Gonidakis, Mary Parker, Margaret Conditt, Beth Ann Vanderkooi, Linda Smith, Delbert Duduit, Thomas W. Kidd, Jr., and Ducia Hamm*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 24, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/Donald C. Brey*
        Donald C. Brey (0021965)

9