IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GONIDAKIS, et al., | : |
| | : |
| Plaintiffs, | : |
| | : Case No. 2:22-CV-773 |
| v. | : |
| | : Chief Judge Algenon Marbley |
| FRANK LaROSE et al., | : Circuit Judge Amul Thapar |
| | : District Judge Benjamin Beaton |
| Defendants. | : |

**RESPONSE TO QUESTIONS CONTAINED IN ORDER ISSUED MARCH 25, 2022**

On Friday, March 25, 2022, this Panel ordered the Ohio Secretary of State (the "Secretary") to provide answers to the following questions:

1. What is the last possible date on which this Court could order a supplemental ballot and still keep the April 5th start of early voting?

2. What, if any, limits in state or federal law would potentially prevent this Court from delaying the April 5th start of early voting while maintaining the May 3rd primary date?

Additionally, during the March 25 hearing on Plaintiffs' Motion for Temporary Restraining Order, Judge Thapar instructed the Secretary to advise the Panel as to the last day upon which Ohio could hold its 2022 Primary Election without requiring changes to the State's November 8, 2022, General Election calendar.

The Secretary respectfully provides his responses to those questions through counsel and through the supporting affidavit of Amanda Grandjean ("Grandjean Affidavit")(Exhibit A).

The Secretary also feels compelled to inform the Panel that even as this Response is being filed, the Ohio Redistricting Commission is working on a possible Fourth Plan. The Supreme

Court of Ohio's March 16, 2022, opinion and order invalidating the Commission's February 24, 2022, General Assembly district plan (i.e., "the Third Plan") ordered the Commission to reconvene and adopt a new district plan (which would be the "Fourth Plan") no later than today, March 28, 2022. As of the Panel's 5:00 pm deadline to file this Response, the Commission has not yet adopted a Fourth Plan but may do so later this evening. So, the Secretary's responses that follow are based solely on the Third Plan of February 24, 2022, which Plaintiffs request this court to adopt for a May primary election. Depending on the ultimate outcome of the Redistricting Commission's proceedings later this evening, the circumstances of holding the 2022 primary election may change yet again. The Secretary, through counsel, will likely need to update the Panel, either tomorrow or at the Wednesday, March 30, 2022 hearing on Plaintiffs' motion for a preliminary injunction, on what a Fourth Plan's effect will be on the 2022 primary election.

### **OHIO'S ELECTION SYSTEM:**

Some context first. The Plaintiffs in this case seek extraordinary relief – an injunction that would require the Secretary and Ohio's eighty-eight county boards of elections (the "county boards") to conduct a primary election for Ohio's general assembly candidates on an extremely compressed timeframe that would all but guarantee that they could not meet the ordinary timelines of state early voting and federal UOCAVA laws. Even more, Plaintiffs' requested relief would require the Secretary and the eighty-eight county boards to conduct Ohio House and Ohio Senate primary elections based upon a redistricting plan that was rejected by a majority of the Ohio Supreme Court as not complying with Article XI of Ohio's Constitution. To say the least, these are no small things. To understand the extraordinary nature of what the Plaintiffs ask this Court to do, we should outline what an "ordinary" non-presidential primary election in Ohio looks like from the ground up.

2

Ohio is a decentralized, bottom-up election administration system. Ohio's 88 county boards of elections perform the bulk of the day-to-day functions required for election administration, with direction from the Secretary in the form of written directives and advisories. Each county board has vastly different levels of funding, human resources, and technological capabilities. There is no statewide uniformity over the types of election systems that the county boards utilize. Each county board utilizes a different voting system. Those difference include which election management system, voter registration system, and election pollbook system that particular county board has chosen to implement. *See* Ex. A, ¶ 7. The reality of the election administration process in Ohio is that there are 88 separately directed elections occurring simultaneously, with support and oversight from the Secretary. And while adhering to Ohio laws for the preparation and holding of elections, each county board of elections may accomplish those tasks in different ways. There is simply no single, metaphorical button that can be pushed to stop, change, restart, or redo an election at the same point in each county board of election's election administration timeline.

Ordinarily, there are 90 days between the candidate filing deadline and Election Day with legislative districts known to the boards of elections long before the filing deadline and with their voter registration systems and voting systems having those districts already programmed. In that 90-day period, the county boards are hard at work processing absentee ballot requests and administering the election. This time is necessary to comply with the following statutory requirements and deadlines:

  a. 78 days before primary election - Boards of elections certify the validity and sufficiency of partisan candidates' petitions (Ohio Rev. Code § 3513.05).

b. 74 days before primary election - Protests against partisan candidates' petitions are filed (Ohio Rev. Code § 3513.05).

c. 70 days before primary election - Boards of elections of the most populous county in a multi-county subdivision certify names of all candidates to other boards of elections (Ohio Rev. Code § 3513.05).

d. 46 days before primary election - Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA") absentee ballots are ready for use under Ohio Rev. Code § 3511.04 (and 45 days before the primary election under federal law).

e. First day after close of voter registration (28 days before primary election) - Non-UOCAVA absentee ballots are ready for use in traditional absentee voting by mail and for early-in person voting which begins that same day and runs through the Monday before Election Day (Ohio Rev. Code § 3509.01).

In addition to these statutory requirements, the county boards also must complete a variety of additional, non-statutory tasks necessary for elections integrity that are required by temporary and permanent Secretary of State directives. Such tasks include:

a. Creating and proofing all ballots (for example, Cuyahoga County has 2,928 ballot styles without including General Assembly districts);

b. Conducting preliminary tests and proofs to ensure ballot files are ready to send to the printer, which in many cases requires a third-party vendor and several weeks of lead time to allow for printing to occur;

c. Conducting crucial logic and accuracy testing of all early voting and Election Day voting equipment and electronic pollbooks to ensure that the equipment performs accurately with all of the numerous ballot styles that were created for that election;

4

    d. Programing and testing remote ballot marking systems intended for voters with disabilities and updating all systems; and

    e. Engaging a third party vendor to print, ship and deliver ballots.

All of this assumes that the county boards know the state legislative districts well in advance of the candidate filing deadline and have those districts programmed into their voter registration systems and voting equipment. This also assumes potential candidates know the legislative districts and, thus, know in which district they wish to file to run for office. However, 2022 is not an ordinary year and this is not an ordinary non-presidential primary election.

For Ohio's county boards, the 2022 primary election has been an unending series of fits and starts, driven by a repeated cycle of the passage and rejection of legislative redistricting plans. Ohio's electors, candidates and election staff need and deserve certainty -  certainty as to when the 2022 legislative primary will take place, certainty as to what offices will appear on the ballot, and certainty as to who qualifies as candidates for election to the people's legislature. It is with those principles in mind that Ohio Secretary of State Frank LaRose provides his response.

    **THE COURT'S QUESTIONS:**

**1. WHAT IS THE LAST POSSIBLE DATE ON WHICH THIS COURT COULD ORDER A SUPPLEMENTAL BALLOT AND STILL KEEP THE APRIL 5TH START OF EARLY VOTING?**

Based on discussions the Secretary had with his Elections Division staff and with Ohio's local elections officials last Friday, March 25, 2022, after this court's hearing on Plaintiffs' motion for a Temporary Restraining Order, the last date to hold a "unified" primary election on May 3, 2022, *i.e.*, a primary election with all statewide, legislative, and local races and issues, has passed. *See* Ex. A, ¶ 9. Thus, the last date by which this Court could order a supplemental ballot for the state legislative races and still keep the April 5th start of early voting has already passed. This is not due to a lack of diligence by the Secretary or the General Assembly. Over the past two months,

the Ohio General Assembly and the Secretary repeatedly moved both statutory and administrative elections deadlines in an attempt to retain the May 3, 2022 primary date for all issues and candidates. Despite that effort, a unified primary can no longer occur on May 3, 2022.

After the Supreme Court of Ohio invalidated the Commission's February 24, 2022 district plan ("the Third Plan") on March 16, 2022, the next day the Secretary issued Directive 2022-30 notifying the eight-eight county boards of elections that the Third Plan had been invalidated. But because of this litigation and the possibility that this court might still order the Secretary and the boards to use the Third Plan for the May 3 primary, the Secretary instructed the boards to pause removing the General Assembly primary races from their ballots. The last thing the Secretary wanted to do was to create more chaos by immediately ordering the boards to remove the General Assembly races from their ballots only to have to instruct the boards a few days later to put those races back on their ballots, if that is what this court ordered.

The Secretary thought it prudent to wait a few days, maintaining the state of preparedness for a unified May 3 primary election which the boards had achieved as of May 16, in order to see what might happen in this litigation. However, by March 23, 2022, he got to the point where in his judgment he could wait no longer to instruct the boards how to prepare the ballots so early voting could begin on time on April 5, 2022, as Ohio law requires, and so UOCAVA ballots could be sent no later than the same date, per his Agreement with the U.S. Department of Justice. Last week, the Secretary made clear in a series of filings that, as of March 23, 2022, it was no longer feasible for General Assembly candidates to appear on the regular ballot for the May 3, 2022 primary election. *See* LaRose Response, Doc. , PageID# 1310. The Secretary subsequently issued Directive 2022-31, which directed the boards of elections to remove the General Assembly races from the May 3, 2022 primary ballots and to proceed to finalize the ballots without those races.

Last Thursday, in response to a reporter's question, the Secretary speculated that perhaps a supplemental ballot containing the General Assembly races was possibly an option in the event of this court promptly ordering the use of the Third Plan, consistent with Ohio Rev. Code § 3505.07(B). This statement came from the Secretary's understanding that the boards of elections might be able to produce supplemental ballots using the General Assembly districts in the Third Plan on an expedited basis because of the work that the boards had previously put into preparing ballots with the Third Plan before the Ohio Supreme Court invalidated it on March 16, 2022.

Since the March 25, 2022 Temporary Restraining Order Hearing ended, the Secretary has continued to receive updates from his staff and has had discussions with voting system vendors, print vendors and county boards of elections on what might be possible, given that this court deferred ruling on Plaintiffs' motion for a temporary restraining order to at least Wednesday, March 30, 2022. Ex. A, ¶ 8. The Secretary has also had the opportunity to speak with the bipartisan leadership of the Ohio Association of Election Officials. From those discussions, the Secretary has learned that the vendors and the 88 county boards are no longer at this point capable of preparing supplemental ballots for mailing and use on the April 5, 2022, deadline to begin sending UOCAVA ballots and to begin early voting at the eighty-eight county boards. *Id.* at ¶¶ 9-10.

Further, because this court's ruling on Plaintiffs' motion to use the Third Plan for the 2022 primary election will not be made until at least March 30, 2022, the Secretary has been informed that if the court were to grant the motion, some counties may not even be capable of having ballots ready by Election Day, May 3, 2022. *Id.* at ¶ 11. To put it more simply, going forward with a May 3, 2022 primary election that would include candidates for the General Assembly is no longer an option, no matter whether it would be conducted under the terms of the February 24, 2022

7

Redistricting Plan, a future fourth plan, or an alternative plan crafted by this court. There simply is not time.

The Secretary, like this court, desires nothing more than to see Ohio voters have the opportunity to participate in an orderly and timely primary election for the General Assembly. Plaintiffs suggest this court can achieve that end by ordering Ohio to proceed with a primary election using the February 24, 2022 Third Plan. As stated previously, as a statewide elected official who swore an oath to obey Ohio's Constitution, the Secretary cannot agree to Plaintiffs' motion and ask this court to order the use of a Redistricting Plan that a majority of the Supreme Court of Ohio has ruled violates Article XI of the Ohio Constitution. The Secretary does, however, have a duty to the people to advise this court of what a reasonable course of action and timeline for a primary election would be *IF* this court were to order him to proceed under the Third Plan.

If there is to be a court ordered primary, it can take place no *earlier* than May 24, 2022. Even then, the court must issue the order setting the May 24 date no later than March 30, 2022, and the General Assembly districts must be based on the reinstatement of Ohio Redistricting Commission's February 24, 2022 Third Plan. If either of those preconditions is not met, May 24 is simply too soon.[1] To be clear, the Secretary is not asking this court move the date of the 2022 primary election. Instead, the Secretary is seeking to provide this court with the granular

---

[1] The May 24, 2022, primary date is also premised on the 30-day period provided for in Article XI, Section 9(C) having expired on March 26, 2022, without additional time for House or Senate candidates to move their residences to run in another district. Article XI, Section 9(C) states: "Notwithstanding any provision of this constitution or any law regarding the residence of senators and representatives, a general assembly district plan made pursuant to this section shall allow thirty days for persons to change residence in order to be eligible for election." The Third Plan was adopted by the Redistricting Commission on February 24, 2022. Thirty days from that date is March 26, 2022. If any candidate who was considering changing their residence to run in another district were to file suit and obtain relief against the Secretary or a board of elections seeking any additional time to change residences because this court ordered the adoption of the Third Plan, the modified elections calendar that follows could not be met and the May 24 date could not be met.

information it needs to make a reasoned and informed decision if it were to determine that a May primary must occur.

Moving the primary to May 24, 2022, would require the following timeline be implemented:

  a. March 30, 2022: The Court grants Plaintiffs' motion and orders the use of the Ohio Redistricting Commission's February 24, 2022, district plan for the 2022 primary election. If that were to occur, the Secretary would then immediately direct the boards to create **one** primary election ballot that includes General Assembly and State Central Committee races.

  b. March 31, 2022 – April 9, 2022: The boards must do the following non-exhaustive list of required tasks:

      i. Reproof their voter registration systems to ensure they are accurate with the Ohio Redistricting Commission's February 24, 2022 district plan;

      ii. Reprogram their election management systems;

      iii. Complete certification in the event that a candidate has moved into a new district prior to March 26, 2022 no later than April 1, 2022;

      iv. Hold protest hearings no later than April 4, 2022. Ohio Rev. Code 3513.05;

      v. Create and proof all ballots;

      vi. Conduct preliminary tests to ensure ballot files are ready to send to printers; and

      vii. Conduct logic and accuracy testing to ensure the UOCAVA ballots are correctly produced.

    c. April 8, 2022 - Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA") absentee ballots are sent (consistent with Ohio Rev. Code 3511.04 and federal law).

    d. April 10, 2022 – April 15, 2022: Print vendors provide ballot test decks to the boards in order to conduct logic and accuracy testing. The boards program and test their remote ballot marking systems and update all systems and their website. The Boards enter absentee applications and prepare and provide ballot files to vendors responsible for printing and mailing absentee ballots.

    e. April 16, 2022 – April 25, 2022: The Boards conduct and complete logic and accuracy testing of all Election Day voting equipment and electronic pollbooks, including a public test. Ohio Rev. Code 3506.14(B).

    f. April 10, 2022 – April 25, 2022: Election Day ballots are produced and shipped to boards. Boards conduct necessary testing on Election Day ballots.

    g. April 25, 2022 – Voter registration deadline (consistent with Ohio Rev. Code 3503.19). Boards must ensure that all voter registrations are processed and entered into their voter registration systems accurately.

    h. April 26, 2022 - Non-UOCAVA absentee ballots are ready for use for absentee by mail voting and for early-in person voting (consistent with Ohio Rev. Code 3509.01).

Ex. A, ¶ 13.

    Again, this timeline is only feasible if the Court orders the use of the Ohio Redistricting Commission's February 24, 2022 district. Proceeding on the above timeline is only possible due to the tireless months of work the boards have continued to do despite the uncertainty prior to the

invalidation of that plan. *Id.* at ¶ 14. No other plan other than this can be made operational at the board of elections level for a unified primary to occur during the month of May.

That is not to say the court should not explore other options, including allowing the state's own Redistricting process to run its course which would result in either a bifurcated primary or a unified primary if the General Assembly were to act to move the date of the 2022 primary election. Rather, the court should proceed thoughtfully and diligently with an eye toward ensuring Ohioans' right to vote is protected while still paying proper deference to the principles of cooperative federalism and the right of Ohio's people to choose the means through which their legislative districts are established.

2. **WHAT, IF ANY, LIMITS IN STATE OR FEDERAL LAW WOULD POTENTIALLY PREVENT THIS COURT FROM DELAYING THE APRIL 5TH START OF EARLY VOTING WHILE MAINTAINING THE MAY 3RD PRIMARY DATE?**

This question is now academic. Given the Secretary's and the county boards of elections' conclusion from their discussion after last Friday's hearing on Plaintiffs' motion for a Temporary Restraining Order that even if this Court were to grant Plaintiffs' requested relief on March 30, 2022, or thereafter that it is no longer possible to include the General Assembly primary races on the May 3 primary ballot. But in an effort to comply with this Court's order and answer the question, then setting aside the above explanation of the impossibility of proceeding with May 3, 2022 primary election for General Assembly candidates, this Panel should consider the following federal and Ohio statutes in crafting any order that compresses early voting on candidates for federal offices while maintaining the May 3rd primary election date.

    a. **The Uniformed Services Voters and Overseas Voters Act (52 USC §203 et seq) ("UOCAVA")**

Section 20302 of UOCAVA requires state election officials to provide UOCAVA voters with an option to request and receive voter registration and absentee ballot applications by

electronic transmissions and establish electronic transmission options for delivery of blank absentee ballots to UOCAVA voters. That includes the obligation to:

- transmit validly-requested absentee ballots to UOCAVA voters no later than 45 days before an election for a federal office, when the request has been received by that date, except where an undue hardship waiver is approved by the Department of Defense for that election;
- take steps to ensure that electronic transmission procedures protect the security of the balloting process and the privacy of the identity and personal data of UOCAVA voters using the procedures;
- expand the acceptance of the Federal Write-In Absentee Ballot to all elections for federal office beginning December 31, 2010;
- accept otherwise valid voter registration applications, absentee ballot applications, voted ballots, or Federal Write-In Absentee Ballots without regard to state notarization requirements, or restrictions on paper type, or envelope type; and
- allow UOCAVA voters to track the receipt of their absentee ballots through a free access system.[2]

Ohio is currently acting under a Memorandum of Agreement ("Agreement") with the United Sates Department of Justice (the "Department") that requires Secretary LaRose to ensure that the county boards of elections transmit ballots to UOCAVA voters by no later than April 5, 2022. *See* Ex. B. In the event that any Ohio election officials will not be able to transmit UOCAVA ballots for the May 3 primary by April 5, the Secretary must immediately notify the

---

[2] https://www.justice.gov/servicemembers/uniformed-and-overseas-citizens-absentee-voting-act-uocava; last visited March 27, 2022, at 1:19 p.m. ET.

United States Department of Justice to meet and confer on appropriate modifications and/or remedial measures." *Id.* at p. 7, ¶1.

Any order delaying early voting may cause the Secretary to violate the terms of the Agreement with the Department on UOCAVA ballots. While an order bifurcating the May 3 primary and peeling off the Ohio legislative races into a supplemental ballot would technically prevent a breach of the Agreement, such a scheme is not ideal. In a dual-ballot primary election, boards would first have to transmit incomplete ballots lacking Ohio legislative candidates to UOCAVA voters and later transmit a supplemental ballot containing only state legislative races to those same voters. Such a bifurcated system would add not just inefficiency and cost, but the risk of confusion and inadvertent exclusion to an already complicated election process. There is, however, a solution.

The United States District Court for the Southern District of Ohio has jurisdiction to enforce the provisions of UOCAVA, 52 U.S.C. 20301 et seq., and the Court would have jurisdiction over an action brought by the United States to enforce the terms of the Agreement. *Id.* at 7, ¶ 1. The Secretary would then meet and confer with the Department in an effort to arrive at an accommodation that preserves UOCAVA voters' ballot access while also implementing the direction of this Court.

### b. Ohio Rev. Code § 3511.04: Absent Military Voters and Overseas Voters

Ohio Rev. Code § 3511.04 implements UOCAVA on the state level. § 3511.04(B) requires Ohio's county boards of election to transmit ballots to UOCAVA voter applicants by no later than the forty-sixth day before the day the primary or general election is to occur. If this court were to issue an order shortening the early voting period, the Secretary requests that order incorporate language modifying the county boards' § 3511.04(B) obligations.

    c.  **Ohio Rev. Code § 3509.01: Deadline for Absentee Voter Ballots.**

Ohio Rev. Code § 3509.01(B) establishes the date on which UOCOVA ballots, ballots for persons voting absent voter ballots in person and ballots for non-UOCOVA eligible individuals who will have applied to voter an absent voter ballot other than in person shall be printed and ready for use. UOCAVA ballots must be printed and ready for use on the forty-sixth day before the day of the election. The date by which all other absent voter ballots must be ready, however, is triggered by the close of voter registration. Voter registration ends 30 days before the day of the election. Because the 30th day before the May 3, 2022 primary election falls on a Sunday, the deadline for voter registration is extended to Monday, April 4, 2022. Without an intervening order from this court, absent voter ballots for the May 3, 2022 primary election must be printed and available for use at local boards beginning Tuesday, April 5, 2022. If this court should choose to delay the beginning of early voting, it must also address the resulting delay between the end of voter registration and the date upon which the court orders early voting to begin.

3. **WHAT IS THE LAST DAY UPON WHICH OHIO COULD HOLD ITS 2022 PRIMARY ELECTION WITHOUT REQUIRING CHANGES TO THE STATE'S NOVEMBER 8, 2022 GENERAL ELECTION CALENDAR?**

It is the opinion of the Secretary that, in order for the November 8, 2022 general election to proceed in regular order, the latest a primary election could be held is August 2, 2022. Ex. A, ¶ 15. This is based on the following considerations:

    a.  Ohio law provides for, and the county boards are familiar with, holding elections on the first Tuesday after the first Monday in August. Ohio Rev. Code § 3501.01(D).

    b.  Many boards of elections will have local special elections on August 2, 2022 anyway.

    c. A primary election on August 2, 2022, at the latest would still allow the winning party nominees sufficient time to conduct campaigns for the November General Election.

    d. The election administration calendar for the November 8, 2022 General Election begins on August 8, 2022, which includes the filing deadline for nominating petitions for nonpartisan races.

The Secretary's opinion also takes into account the preparations necessary for the November 8, 2022 general election, both statutory and otherwise. This includes the Secretary's duty to certify to the boards of elections the form of the official ballots for the November 8 general election by no later than August 30, 2022.

**CONCLUSION**

The Secretary of State and the eighty-eight county boards of elections have acted diligently and in good faith in seeking to maintain the unified May 3, 2022 primary election. Unfortunately, the repeated delays resulting from litigation centering on the Redistricting Commission's work rendered such a unified May 3, 2022 primary no longer possible. Thus, Ohio and its county boards of election stand on the precipice of having to conduct two primary elections in the span of a few short months: a May 3, 2022 primary election addressing all offices and issues other than General Assembly and state committeeperson seats and a later, equally expensive and resource intensive primary election focusing solely on the General Assembly and committeepersons.

To be clear, the Secretary is not asking this court to move or delay the May 3 primary election. Ohio law provides that only the General Assembly can change the time, place or manner of an election and as a state official he must follow that law. Ohio Rev. Code § 3501.40. He is, however, mindful of the expense and waste two primaries will undoubtedly bring.

15

The cost of holding a second statewide primary (because there must be primary elections for all 99 Ohio House seats) would essentially at a minimum double the cost of the May 3, 2022 primary. The county boards of election will have to recruit and train the same number of poll workers, which will be a big burden on the boards. And a second statewide primary for only the General Assembly will undoubtedly create voter confusion and will result in an election with an extremely low voter turnout.

It is for those reasons that the Secretary respectfully requests that if the Court ultimately decides to grant Plaintiffs the relief they seek, i.e., the use of the Third Plan for Ohio's 2022 primary election, that the Court simultaneously consider moving the date of the unified primary election to at least May 24, 2022, or shortly thereafter. This will allow the county boards of election to ensure ballots are prepared in time for UOCAVA voters, non-UOCAVA early voting, and Election Day.

The Secretary appreciates the difficult decision facing this court. The Plaintiffs have alleged injury to their opportunity to participate in the political process. And they have offered a seemingly simple solution - Just put the General Assembly candidates back on the ballot and go forward with the May 3rd primary as planned. Unfortunately, the remedy they seek is anything but simple.

As explained above, going forward with a May 3, 2022 primary election that would include candidates for the General Assembly is no longer an option, no matter whether it would be conducted under the terms of the February 24, 2022 Redistricting Plan, a future fourth plan, or an alternative plan. There simply is not time.

Therefore, to sum up the Secretary's and the boards' recommendations to this court:

- Even if this court were to order the Secretary to use the Third Plan for the 2022 primary election, it is now too late to do so for a May 3, 2022 election date.

- If the court were to order the Secretary to use a possible Fourth Plan from the Ohio Redistricting Commission (which may occur today), that is also not possible to do for a May 3, 2022 election date or even a May 24, 2022 election date. A primary election under a possible Fourth Plan would have to be held at some other future date.

- After discussions with the county boards of election after last Friday's hearing, the Secretary now informs the court that IF the court were to order him to use the Third Plan for the 2022 primary election, then the date of the primary would have to be moved to at least May 24, 2022.

- If the court were to order the Secretary to use the Third Plan for the 2022 primary election in spite of the Ohio Supreme Court's decision rejecting that same plan, a new primary date of May 24, 2022, or shortly thereafter would do so with the least disruption by:
  - Keeping a complete, unified primary intact with minimal disruption to the county boards of election, minimize voter confusion, maximize voter turnout, and eliminate the expense of a second, statewide primary election only for the General Assembly primary races and political party state central committee races (which use Ohio state senate districts);
  - Resetting the federal UOCAVA deadline of 45 days before the election; and
  - Allowing the county boards sufficient time to reprogram their voter registration and voting systems with the districts in the Third Plan, as well as providing the

    time needed for the boards to test those systems for accuracy before the election; and,

   o  Allowing the county boards sufficient time to produce ballots with the General Assembly races on them;

  Secretary LaRose stands ready to implement whatever orders this court deems fit. He simply asks that those orders account for the complexities and expense of Ohio being forced to conduct multiple primary elections and that they be realistic as to the time within which the work required to execute them must be done.

            Respectfully submitted,

            OHIO ATTORNEY GENERAL

            */s/ Jonathan D. Blanton*
            JONATHAN D. BLANTON (0070035)
            Deputy Attorney General
            JULIE M. PFEIFFER (0069762)
            *Counsel of Record*
            MICHAEL A. WALTON (0092201)
            Assistant Attorneys General
            Constitutional Offices Section
            30 E. Broad Street, 16th Floor
            Columbus, Ohio 43215
            Tel: 614-466-2872 | Fax: 614-728-7592
            Jonathan.Blanton@OhioAGO.gov
            Julie.Pfeiffer@OhioAGO.gov
            Michael.Walton@OhioAGO.gov

            *Counsel for Defendant Frank LaRose*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Jonathan D. Blanton*
JONATHAN D. BLANTON (0070035)
Deputy Attorney General
