**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL GONIDAKIS, et al.,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:22-CV-773 |
| | : | |
| v. | : | Chief Judge Algernon Marbley |
| | : | Circuit Judge Amul Thapar |
| **FRANK LaROSE,** | : | Judge Benjamin J. Beaton |
| | : | |
| Defendant. | : | |

**ANSWER OF GOVERNOR OF OHIO MIKE DEWINE, SECRETARY OF STATE FRANK LaROSE, AUDITOR OF STATE KEITH FABER, AND OHIO ATTORNEY GENERAL DAVE YOST TO THE SIMON PARTIES INTERVENOR COMPLAINT (DOC. 92).**

By and through counsel, the Governor of Ohio Mike DeWine, Ohio Secretary of State Frank LaRose, Ohio Auditor of State Keith Faber, and Ohio Attorney General Dave Yost ("Statewide Officials") respond and answer the Complaint by the "Simon Parties" Intervenor-Plaintiffs (Doc. 92) as follows:

1. The Statewide Officials admit the allegations contained in Paragraph 1 of the Complaint. Further answering, Article XI of the Ohio Constitution speaks for itself.

2. As to Paragraph 2 of the Complaint, the Statewide Officials admit that the transcript of the August 23, 2021 Ohio Redistricting Commission meeting speaks for itself.

3. As to Paragraph 3 of the Complaint, the Statewide Officials admit that the Ohio Redistricting Commission has passed four general assembly plans and two congressional district plans. Further answering, the Statewide Officials admit that three general assembly plans and the first congressional district plan have been invalidated by the Ohio Supreme Court. The remaining allegations contained therein are denied.

4. As to Paragraph 4 of the Complaint, the Statewide Officials admit that the Simon Parties bring this challenge.  The Statewide Officials deny the remaining allegations contained therein and deny that the Simon Parties are entitled to relief.  Further answering, *Armour, et al. v. The State of Ohio*, 775 F. Supp 144 (N.D. Ohio 1991), speaks for itself.

5. The Statewide Officials deny the allegations contained in Paragraph 5 of the Complaint.

6. The Statewide Officials deny the allegations contained in Paragraph 6 of the Complaint and further deny that the Simon Parties are entitled to relief.  Further answering, the cited documents speak for themselves.

7. Paragraph 7 of the Complaint is a legal conclusion to which no response is required. Further answering, *Reynolds v. Sims*, 377 U.S. 533 (1964), speaks for itself.

8. The Statewide Officials deny the allegations contained in Paragraph 8 of the Complaint and further deny that the Simon Parties are entitled to relief. Further answering, *Armour, et al. v. The State of Ohio*, 775 F. Supp 144 (N.D. Ohio 1991), speaks for itself.

9. As to Paragraph 9 of the Complaint, the Statewide Officials admit that the Simon Parties seek an injunction.  The Statewide Officials deny that the Simon Parties are entitled to an injunction and all other demanded relief.

10. As to Paragraph 10 of the Complaint, the Statewide Officials admit that the Simon Parties are registered Black voters in Mahoning County, Ohio.  The Statewide Officials deny that the Simon Parties are "successor representatives" or "a class" as defined by applicable law. Further answering, *Armour, et al. v. The State of Ohio*, 775 F. Supp 144 (N.D. Ohio 1991), speaks for itself.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the Statewide Officials deny same and further deny that the Simon Parties are entitled to relief. Further answering, the cited statutes and case law speak for themselves.

12. The Statewide Officials admit the allegations contained in Paragraph 12 of the Complaint. Further answering, 28 U.S.C. §1391(b) speaks for itself.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required. Further answering, the Voting Rights Act speaks for itself.

14. As to Paragraph 14 of the Complaint, the Statewide Officials lack sufficient knowledge to admit or deny whether Plaintiffs currently reside in "the 6th U.S. Congressional District." The Statewide Officials admit that Plaintiffs bring this challenge. The Statewide Officials deny the remaining allegations contained therein and also deny that the Simon Parties are entitled to relief.

15. The Statewide Officials deny the allegations contained in Paragraph 15 of the Complaint. Further answering, the Voting Rights Act, the Fifteenth Amendment to the United States Constitution, and *Armour, et al. v. The State of Ohio*, 775 F. Supp 144 (N.D. Ohio 1991), speak for themselves.

16. The Statewide Officials deny the allegations contained in Paragraph 16 of the Complaint. Further answering, the Voting Rights Act and *Armour, et al. v. The State of Ohio*, 775 F. Supp 144 (N.D. Ohio 1991), speak for themselves.

17. As to Paragraph 17 of the Complaint, the Statewide Officials admit that the transcripts of the Ohio Redistricting Commission meetings speak for themselves. The Statewide Officials deny the remaining allegations contained therein.

18. The Statewide Officials deny the interpretation contained in Paragraph 18 of the Complaint. The Statewide Officials admit that the transcripts of the Ohio Redistricting Commission meetings speak for themselves.

19. The Statewide Officials lack sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of the Complaint. The Statewide Officials deny that the Simon Parties are "successor representatives" or a "class" as defined by applicable law and also deny that the Simon Parties are entitled to relief. Further answering, *Armour, et al. v. The State of Ohio*, 775 F. Supp 144 (N.D. Ohio 1991), speaks for itself.

20. The Statewide Officials lack sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of the Complaint. Further answering, *Youngblood v. Board of Mahoning County Commissioners*, No. 4:19-cv-0231, (N.D. Ohio 2019), speaks for itself.

21. The Statewide Officials lack sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22. As to Paragraph 22 of the Complaint, the Statewide Officials admit that the Simon Parties bring this challenge. The Statewide Officials deny the remaining allegations contained therein and also deny that the Simon Parties are entitled to relief. The Statewide Officials further deny any responsibility for the use of at-large elections in Mahoning County.

23. As to Paragraph 23 of the Complaint, the Statewide Officials admit that the Governor, Secretary, and Auditor, in their official capacities as members of the Ohio Redistricting Commission, voted to approve three general assembly plans, although the Auditor voted against the Third Plan, and the second congressional district plan. The remaining allegations contained therein are denied.

24. As to Paragraph 24 of the Complaint, the Statewide Officials admit that Mike DeWine is the Governor of Ohio, that as a member of the Ohio Redistricting Commission, he voted to approve three 2022 general assembly plans and the second 2022 congressional district plan. The Statewide Officials deny that Governor DeWine voted to approve "the invalid Congressional Plan" and further deny that Governor DeWine is liable in his personal and official capacity.

25. As to Paragraph 25 of the Complaint, the Statewide Officials admit that LaRose is the Ohio Secretary of State, is a member of the Ohio Redistricting Commission, and is Ohio's chief election officer. The Statewide Officials admit that LaRose voted to approve three 2022 general assembly plans and the second 2022 congressional district plan. The Statewide Officials deny that Secretary LaRose voted to approve "the invalid Congressional Plan" and further deny that Secretary LaRose is liable in his personal and official capacity. The remaining allegations contained therein are denied. Further answering, Ohio Rev. Code § 3501.04 speaks for itself.

26. As to Paragraph 26 of the Complaint, the Statewide Officials deny that Speaker Cupp approved "the acts challenged" and further deny that Speaker Cupp is liable in his personal and official capacity. The remaining allegations contained therein are admitted.

27. As to Paragraph 27 of the Complaint, the Statewide Officials deny that President Huffman approved the Congressional Plan challenged and further deny that President Huffman is liable in his personal and official capacity. The remaining allegations contained therein are admitted.

28. As to Paragraph 28 of the Complaint, the Statewide Officials admit that the Ohio Redistricting Commission is made up of seven members and that only five are sued. The

remaining allegations contained therein are denied and it is also denied that the five Ohio Redistricting Commission members sued are liable in their personal and official capacities.

29. As to Paragraph 29 of the Complaint, the Statewide Officials admit that the Democratic Members of the Ohio Redistricting Commission were not sued. The remaining allegations contained therein are denied.

30. The Statewide Officials acknowledge that the Attorney General was sued. They deny that the Attorney General is liable or that he is a necessary party.

31. The Statewide Officials reassert their responses above as though fully asserted herein.

32. The Statewide Officials deny the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint contains legal conclusions to which no response is required. Further answering, the cited case law and statute speak for themselves.

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required.

35. Paragraph 35 of the Complaint contains legal conclusions to which no response is required. The cited case speaks for itself. The remaining allegations contained therein are denied.

36. As to Paragraph 36 of the Complaint, the Statewide Officials lack knowledge to admit or deny whether a Black candidate has never been elected to a Mahoning County office. As to the allegations concerning testimony at Ohio Redistricting Commission meetings, transcripts of those meetings speak for themselves, as does the cited case. The Statewide Officials admit that Plaintiffs commenced an action in the Northern District of Ohio and thereafter voluntarily

dismissed their action under Fed. R. Civ. P. 41. The remaining allegations contained therein are denied.

37. The Statewide Officials admit the allegations contained in Paragraph 37 of the Complaint.

38. As to Paragraph 38 of the Complaint, the Statewide Officials admit that the 2020 decennial census is used for Ohio's congressional and general assembly plans. The remaining allegations contained therein are denied.

39. The Statewide Officials deny the allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required. Further answering, Article XI, Section 1 of the Ohio Constitution speaks for itself.

41. Paragraph 41 of the Complaint contains legal conclusions to which no response is required. Further answering, Article XIX of the Ohio Constitution speaks for itself.

42. As to Paragraph 42 of the Complaint, the Statewide Officials admit the allegations concerning the make up of the Ohio General Assembly. The remaining allegations contained therein are denied.

43. The Statewide Officials lack knowledge sufficient to admit or deny the allegations contained in Paragraph 43 of the Complaint. To the extent a response is required, the Statewide Officials deny same.

44. The Statewide Officials lack knowledge sufficient to admit or deny the allegations contained in Paragraph 44 of the Complaint. To the extent a response is required, the Statewide Officials deny same.

45. Paragraph 45 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Statewide Officials deny same.

46. Paragraph 46 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Statewide Officials deny same.

47. The Statewide Officials deny the allegations contained in Paragraph 47 through 51 (a) through (g) of the Complaint. The Statewide Officials further deny any responsibility for the use of at-large elections in Mahoning County.

48. As to Paragraph 52 of the Complaint, the Statewide Officials respond and incorporate by reference all prior paragraphs of this Answer as though fully set forth herein.

49. Paragraph 53 of the Complaint contains legal conclusions to which no response is required. Further answering, 52 U.S.C. § 10301(a) speaks for itself.

50. Paragraph 54 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the Statewide Officials deny same.

51. The Statewide Officials deny the allegations contained in Paragraph 55 of the Complaint. The Statewide Officials further deny any responsibility for the use of at-large elections in Mahoning County.

52. Paragraph 56 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the Statewide Officials deny same.

53. Paragraph 57 of the Complaint contains legal conclusions to which no response is required. Further answering, 52 U.S.C. § 10301(b) speaks for itself.

54. Paragraph 58 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the Statewide Officials deny same. The Statewide Officials further deny any responsibility for the use of at-large elections in Mahoning County.

55. The Statewide Officials deny the allegations contained in Paragraph 59 of the Complaint and further deny that Plaintiffs are entitled to relief. The Statewide Officials further deny any responsibility for the use of at-large elections in Mahoning County.

56. As to Paragraph 60 of the Complaint, the Statewide Officials respond and incorporate by reference all prior paragraphs of this Answer as though fully set forth herein.

57. Paragraphs 61 through 66 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required the Statewide Officials deny same. Further answering, the cited statutes and the United States Constitution speak for themselves.

58. As to Paragraph 67 of the Complaint, the Statewide Officials respond and incorporate by reference all prior paragraphs of this Answer as though fully set forth herein.

59. Paragraphs 68 through 70 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required the Statewide Officials deny same and further deny any responsibility for the use of at-large elections in Mahoning County. Further answering, the cited statute and United States Constitution speak for themselves.

60. As to Paragraph 71 of the Complaint, the Statewide Officials respond and incorporate by reference all prior paragraphs of this Answer as though fully set forth herein.

61. As to Paragraph 72 of the Complaint, the Statewide Officials admit that Plaintiffs instituted this action after they voluntarily dismissed the N.D. Ohio action pursuant to Fed.R.Civ.P. 41.

62. As to Paragraph 73 of the Complaint, the Statewide Officials lack knowledge as to why Plaintiffs took various legal actions. To the extent a response is required, the Statewide Officials deny same and further deny any violations of federal or state law.

63. Paragraphs 74-76 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the Statewide Officials deny same. Further answering, *Reynolds v. Sims*, 377 U.S. 533 (1964), speaks for itself.

### The Statewide Officials' Response to Intervenor-Plaintiffs' Request for Relief

1. The Statewide Officials deny all allegations set forth in the request for relief and specifically deny that the Simon Parties are entitled to any relief.

2. In response to the prayer for relief, the Statewide Officials asks for judgment in their favor and deny that the Simon Parties are entitled to any relief.

3. Any allegations contained in any titles or section headers are denied.

4. The Statewide Officials deny any and all allegations of the Complaint not expressly admitted herein.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over the Simon Parties' case.

### SECOND DEFENSE

The Simon Parties lack standing to bring this Complaint.

### THIRD DEFENSE

The Simon Parties fail to state a claim upon which relief can be granted.

### FOURTH DEFENSE

The Simon Parties have not been deprived of any federal constitutional or statutory rights.

### FIFTH DEFENSE

The Simon Parties are unable to establish the elements required for injunctive relief.

### SIXTH DEFENSE

The Simon Parties' action is barred by laches.

**SEVENTH DEFENSE**

The Simon Parties have failed to join all necessary parties.

**EIGHTH DEFENSE**

To the extent the Simon Parties seek relief against the Statewide Officials in their personal capacities, their claims are barred by qualified and/or sovereign immunity.

**RESERVATION OF ADDITIONAL DEFENSES**

The Statewide Officials reserve the right to supplement their Answer with additional defenses, including affirmative defenses, as litigation in this matter proceeds.

Thus, having fully answered the Complaint, the Statewide Officials request that this Court dismiss the Complaint, with prejudice, and that the Simon Parties be awarded no relief, no costs, and no fees.

Respectfully submitted,

OHIO ATTORNEY GENERAL

*/s/ Jonathan D. Blanton*
JONATHAN D. BLANTON (0070035)
Deputy Attorney General
JULIE M. PFEIFFER (0069762)
*Counsel of Record*
MICHAEL A. WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Julie.Pfeiffer@OhioAGO.gov
Michael.Walton@OhioAGO.gov
Jonathan.Blanton@OhioAGO.gov

*Counsel for Defendant Frank LaRose*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2022, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

                */s/ Jonathan D. Blanton*
                JONATHAN D. BLANTON (0070035)
                Deputy Attorney General