# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL GONIDAKIS, et al.,** | : |
| Plaintiffs, | : Case No. 2:22-CV-773 |
| **BRIA BENNETT, et al.,** | : **Chief Judge Algenon Marbley** |
| | : **Circuit Judge Amul R. Thapar** |
| Intervenor-Plaintiffs, | : **Judge Benjamin J. Beaton** |
| v. | : |
| **FRANK LaROSE,** | : |
| Defendant. | : |

## OHIO SECRETARY OF STATE FRANK LaROSE'S ANSWER TO THE BENNETT INTERVENOR-PLAINTIFFS' COMPLAINT (Doc. 58)

By and through counsel, the Ohio Secretary of State Frank LaRose ("Secretary LaRose") responds and answers the Bennett Intervenor-Plaintiffs' Complaint (Doc. 58) as follows:

1. Secretary LaRose admits the allegations contained in Paragraph 1 of the Complaint, but denies that the Intervenor-Plaintiffs are entitled to any relief.

2. Secretary LaRose admits the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 contains legal conclusions to which no response is required. Further answering, Article XI, Section 6 of the Ohio Constitution speaks for itself.

4. Paragraph 4 contains legal conclusions to which no response is required. Further answering, Article XI, Section 9 of the Ohio Constitution speaks for itself.

5. Secretary LaRose admits the allegations contained in the first sentence of Paragraph 5 and that the Ohio Redistricting Commission "the Commission" adopted its first Plan by a vote

of 5-2. Any remaining allegations constitute legal conclusions to which no response is required.

6. As to Paragraph 6, the allegation that the Ohio Supreme Court has "has closely and expeditiously driven the case forward" is an opinion to which no response is required. Any remaining allegations are admitted.

7. As to Paragraph 7, Secretary LaRose admits that the Supreme Court of Ohio invalidated the First Plan, on January 12, 2022, and ordered the Commission to draw a new map within 10 days. Further answering, the remaining allegations are legal conclusions to which no response is required. Finally, *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 2022-Ohio-65, speaks for itself.

8. Secretary LaRose admits the allegations contained in Paragraph 8 of the Complaint, but denies that the changes made in the Second Plan were "cosmetic." Further answering, *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 2022-Ohio-342, speaks for itself.

9. As to Paragraph 9, Secretary LaRose denies that the Commission "[sat] on its hands" and that it intended to violate the Ohio Supreme Court's order. The remaining allegations are admitted.

10. As to Paragraph 10, Secretary LaRose denies that the Commission intended to violate the Ohio Supreme Court's order. The remaining allegations are admitted. However, the Secretary notes that the allegation that the "Commissioners' briefing is due tomorrow, February 23, at noon" is inaccurate as the Complaint was filed on March 7, 2022.

11. As to Paragraph 11, Secretary LaRose denies that the Commission's work was done in response to the Ohio Supreme Court's order. The remaining allegations are admitted.

However, the Secretary notes that the allegation "as soon as tomorrow, February 23" is inaccurate as the Complaint was filed on March 7, 2022.

12. As to Paragraph 12, Secretary LaRose denies that the Commission refused to adopt a Third Plan. The remaining allegations are admitted.

13. Secretary LaRose admits the allegations contained in Paragraph 13 of the Complaint. Further answering, the Plaintiffs' Complaint (Doc. 1) speaks for itself.

14. As to Paragraph 14, the Plaintiffs' Complaint (Doc. 1) speaks for itself.

15. Paragraph 15 contains legal conclusions to which no response is required.

16. Paragraph 16 contains legal conclusions to which no response is required. Further answering, *Growe v. Emison*, 507 U.S. 25(1993), speaks for itself.

17. As to Paragraph 17, Secretary LaRose denies that the Intervenor-Plaintiffs are entitled to any relief. Further answering, this Paragraph contains legal conclusions to which no response is required.

18. As to Paragraph 18, the cited statutes speak for themselves. Further answering, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, such allegations are denied.

19. Secretary LaRose admits the allegations contained in Paragraph 19 of the Complaint.

20. Secretary LaRose admits the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 contains legal conclusions to which no response is required. Any remaining allegations are denied for lack of knowledge.

22. Paragraph 22 contains legal conclusions to which no response is required. Any remaining allegations are denied for lack of knowledge.

23. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and said allegations are, therefore, denied.

24. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and said allegations are, therefore, denied.

25. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and said allegations are, therefore, denied.

26. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and said allegations are, therefore, denied.

27. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and said allegations are, therefore, denied.

28. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and said allegations are, therefore, denied.

29. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and said allegations are, therefore, denied.

30. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and said allegations are, therefore, denied.

31. Paragraph 31 contains legal conclusions to which no response is required.

32. As to Paragraph 32, Secretary LaRose admits that he is the Secretary of State of Ohio and is Ohio's chief elections officer.  Further answering, this Paragraph contains legal conclusions to which no response is required.  Moreover, Ohio Rev. Code § 3501.04 speaks for itself.

33. Paragraph 33 contains legal conclusions to which no response is required.  Further answering, "Issue 1" speaks for itself.

34. Paragraph 34 contains legal conclusions to which no response is required. Further answering, Article XI of the Ohio Constitution speaks for itself.

35. Paragraph 35 contains legal conclusions to which no response is required.

36. Paragraph 36 contains legal conclusions to which no response is required. Further answering, "Issue 1" and the cited provisions of Article XI of the Ohio Constitution speak for themselves.

37. Paragraph 37 contains legal conclusions to which no response is required. Further answering, the cited provisions of Article XI of the Ohio Constitution speak for themselves.

38. Paragraph 38 contains legal conclusions to which no response is required. Further answering, Article XI, Section 6 of the Ohio Constitution speaks for itself.

39. Paragraph 39 contains legal conclusions to which no response is required. Further answering, Article XI, Section 6 of the Ohio Constitution speaks for itself.

40. Paragraph 40 contains legal conclusions to which no response is required.

41. Secretary LaRose admits the allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 contains legal conclusions to which no response is required.

43. Secretary LaRose admits the allegations contained in Paragraph 43 of the Complaint.

44. Paragraph 44 contains legal conclusions to which no response is required.

45. Secretary LaRose admits the allegations contained in Paragraph 45 of the Complaint.

46. Secretary LaRose admits the allegations contained in Paragraph 46 of the Complaint.

47. Secretary LaRose admits the allegations contained in Paragraph 47 of the Complaint.

48. Secretary LaRose admits the allegations contained in Paragraph 48 of the Complaint. Further answering, *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 2022-Ohio-65, speaks for itself.

49. Secretary LaRose admits the allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 contains legal conclusions to which no response is required.

51. Paragraph 51 contains legal conclusions to which no response is required.

52. Secretary LaRose admits the allegations contained in Paragraph 52 of the Complaint.

53. As to Paragraph 53, Secretary LaRose admits that the Respondents in the Ohio Supreme Court proceedings filed responses to the Petitioners' objections, including an affidavit from Ray DiRossi.  Further answering, Ray DiRossi's affidavit speaks for itself.  Also, Secretary LaRose denies that the Plaintiffs in this case are seeking implementation of the Second Plan.

54. Secretary LaRose admits the allegations contained in Paragraph 54 of the Complaint. Further answering, *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 2022-Ohio-342, speaks for itself.

55. Secretary LaRose admits the allegations contained in Paragraph 55 of the Complaint. Further answering, *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 2022-Ohio-342, speaks for itself.

56. Secretary LaRose admits the allegations contained in Paragraph 56 of the Complaint. Further answering, *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 2022-Ohio-349, speaks for itself.

57. Secretary LaRose denies the allegations contained in Paragraph 57 of the Complaint.

58. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and said allegations are, therefore, denied.  Further answering, the cited Twitter post speaks for itself.

59. Secretary LaRose admits the allegations contained in Paragraph 59 of the Complaint. Further answering, the cited Twitter post and the Democrat's proposed map speak for themselves.

60. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and said allegations are, therefore, denied. Further answering, the cited Twitter post speaks for itself.

61. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and said allegations are, therefore, denied. Further answering, the cited Twitter post speaks for itself.

62. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and said allegations are, therefore, denied. Further answering, the cited Twitter post speaks for itself.

63. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and said allegations are, therefore, denied.

64. Secretary LaRose admits the allegations contained in Paragraph 64 of the Complaint.

65. Secretary LaRose admits the allegations contained in Paragraph 65 of the Complaint.

66. As to Paragraph 66, Secretary LaRose admits the allegations contained therein with the exception of the claim that visual aids were prepared in advance, which is denied due to lack of knowledge.

67. Secretary LaRose admits the allegations contained in Paragraph 67 of the Complaint.

68. As to Paragraph 68, Secretary LaRose denies that the full Commission declared that it was at an impasse. Any remaining allegations are admitted.

69. As to Paragraph 69, Secretary LaRose admits that a General Assembly plan was not adopted prior to the court-ordered deadline.

70. Secretary LaRose admits the allegations contained in Paragraph 70 of the Complaint. Further answering, the "Notice of Impasse," Ex. C to the Plaintiffs' First Amended Complaint (Doc. 8), speaks for itself.

71. Secretary LaRose admits the allegations contained in Paragraph 71 of the Complaint. Further answering, the Intervenor-Plaintiffs' Motion and the cited provisions of the Ohio Revised Code speak for themselves.

72. Secretary LaRose admits the allegations contained in Paragraph 72 of the Complaint. Further answering, the Supreme Court of Ohio's Feb. 18, 2022 Order in *Bennett v. Ohio Redistricting Commission*, Ohio Supreme Court Case No. 2021-1198, speaks for itself.

73. Secretary LaRose admits the allegations contained in Paragraph 73 of the Complaint.

74. As to Paragraph 74, the Commission ultimately adopted a Third Plan on February 24, 2022. As a result, the Ohio Supreme Court's show cause order was suspended. However, on March 16, 2022, the Ohio Supreme Court invalidated the Third Plan. On March 28, 2022, the Commission adopted a Fourth Plan.

75. Secretary LaRose admits the allegations contained in Paragraph 75 of the Complaint.

76. As to Paragraph 76, Secretary LaRose admits that the 2020 U.S. Census revealed changes to Ohio's population such that Ohio lost one congressional district. Further answering, Secretary LaRose lacks knowledge or information sufficient to form a belief as to whether such change is "significant" as stated in Paragraph 76 of the Complaint.

77. Paragraph 77 contains legal conclusions to which no response is required.

78. To the extent Paragraph 78 reincorporates other paragraphs of the Complaint, all defenses and averments of lack of knowledge or information are specifically incorporated by reference.

79. Paragraph 79 contains legal conclusions to which no response is required. Further answering, *Reynolds v. Sims*, 377 U.S. 533 (1964), and *Evenwel v. Abbott*, 578 U.S. 54 (2016), speak for themselves.

80. As to Paragraph 80, Secretary LaRose denies that 2011 legislative districts are currently in effect. Rather, the Commission passed a Fourth Plan on March 28, 2022, which is currently in effect. Further answering, this Paragraph contains legal conclusions to which no response is required.

### Secretary LaRose's Response to Intervenor-Plaintiffs' Request for Relief

1. Secretary LaRose denies all allegations set forth in the request for relief and specifically denies that Intervenor-Plaintiffs are entitled to any relief.

2. In response to the prayer for relief, Secretary LaRose asks for judgment in his favor and denies that Intervenor-Plaintiffs are entitled to any relief.

3. Any allegations contained in any titles or section headers are denied.

4. Secretary LaRose denies any and all allegations of the Complaint not expressly admitted herein.

### AFFIRMATIVE DEFENSES
### FIRST DEFENSE

This Court lacks subject matter jurisdiction over Intervenor-Plaintiffs' case.

### SECOND DEFENSE

Intervenor-Plaintiffs lack standing to bring this Complaint.

### THIRD DEFENSE

Intervenor-Plaintiffs fail to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Intervenor-Plaintiffs have not been deprived of any federal constitutional or statutory rights.

### FIFTH DEFENSE

Intervenor-Plaintiffs are unable to establish the elements required for injunctive relief.

### RESERVATION OF ADDITIONAL DEFENSES

Secretary LaRose reserves the right to supplement his Answer with additional defenses, including affirmative defenses, as litigation in this matter proceeds.

Thus, having fully answered Intervenor-Plaintiffs' Complaint, Secretary LaRose requests that this Court dismiss Intervenor-Plaintiffs' claims, with prejudice, and that Intervenor-Plaintiffs be awarded no relief, no costs, and no fees.

Respectfully submitted,

OHIO ATTORNEY GENERAL

*/s/ Jonathan D. Blanton*
JONATHAN D. BLANTON (0070035)
Deputy Attorney General
JULIE M. PFEIFFER (0069762)
*Counsel of Record*
MICHAEL A. WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Julie.Pfeiffer@OhioAGO.gov
Michael.Walton@OhioAGO.gov
Jonathan.Blanton@OhioAGO.gov

*Counsel for Defendant Frank LaRose*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2022, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

                                          */s/ Jonathan D. Blanton*
                                          JONATHAN D. BLANTON (0070035)
                                          Deputy Attorney General