# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL GONIDAKIS, et al., | : |
| Plaintiffs, | : Case No. 2:22-CV-773 |
| THE OHIO ORGANIZING COLLABORATIVE, et al., | : Chief Judge Algenon Marbley<br>: Circuit Judge Amul R. Thapar<br>: Judge Benjamin J. Beaton |
| Intervenor-Plaintiffs, | : |
| v. | : |
| FRANK LaROSE, | : |
| Defendant. | : |

**SECRETARY OF STATE FRANK LaROSE'S ANSWER TO THE OHIO ORGANIZING COLLABORATIVE INTERVENOR-PLAINTIFFS' COMPLAINT (Doc. 57)**

By and through counsel, Ohio Secretary of State Frank LaRose ("Secretary LaRose") responds and answers the Ohio Organizing Collaborative Intervenor-Plaintiffs' Complaint (Doc. 57) as follows:

1. Secretary LaRose admits the allegations contained in Paragraph 1 of the Complaint, but denies that the Intervenor-Plaintiffs are entitled to any relief.

2. As to Paragraph 2, Secretary LaRose admits that the OOC Petitioners have moved to intervene and have requested relief. Whether the OOC Petitioners are entitled to relief is a legal conclusion to which no response is required. To the extent a response is required, Secretary LaRose denies same.

3. Secretary LaRose admits the allegations contained in Paragraph 3 of the Complaint, but notes that the Ohio Supreme Court invalidated the Ohio Redistricting Commission's ("the Commission") Third Plan, on March 16, 2022.

4. As to Paragraph 4, Secretary LaRose denies that the 2011 state legislative districts are still in effect. Rather, on March 28, 2022, the Commission adopted a Fourth Plan, which is currently in effect. Any remaining allegations are legal conclusions to which no response is required.

5. As to Paragraph 5, the cited statutes speak for themselves. Further answering, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, such allegations are denied.

6. Secretary LaRose admits the allegations contained in Paragraph 6 of the Complaint.

7. Secretary LaRose admits the allegations contained in Paragraph 7 of the Complaint.

8. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and said allegations are, therefore, denied.

9. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and said allegations are, therefore, denied.

10. As to Paragraph 10, Secretary LaRose denies that the 2011 state legislative districts are still in effect. Rather, on March 28, 2022, the Commission adopted a Fourth Plan, which is currently in effect. Any remaining allegations are denied due to lack of knowledge.

11. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and said allegations are, therefore, denied.

12. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and said allegations are, therefore, denied.

13. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and said allegations are, therefore, denied.

14. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and said allegations are, therefore, denied.

15. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and said allegations are, therefore, denied.

16. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and said allegations are, therefore, denied.

17. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and said allegations are, therefore, denied.

18. As to Paragraph 18, Secretary LaRose denies that the 2011 state legislative districts are still in effect. Rather, on March 28, 2022, the Commission adopted a Fourth Plan, which is currently in effect. Any remaining allegations are denied due to lack of knowledge.

19. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and said allegations are, therefore, denied.

20. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and said allegations are, therefore, denied.

21. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and said allegations are, therefore, denied.

22. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and said allegations are, therefore, denied.

23. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and said allegations are, therefore, denied.

24. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and said allegations are, therefore, denied.

25. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and said allegations are, therefore, denied.

26. Secretary LaRose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and said allegations are, therefore, denied.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Secretary LaRose denies same.

28. As to Paragraph 28, Secretary LaRose admits that he is the Secretary of State of Ohio and is Ohio's chief elections officer and is being sued in his official capacity as Secretary, but denies liability for the claims. Secretary LaRose also admits that he is a member of the Ohio Redistricting Commission. Further answering, this Paragraph contains legal conclusions to which no response is required. Moreover, Article XI, Section 1 of the Ohio Constitution and Ohio Rev. Code § 3501.04 speak for themselves.

29. Secretary LaRose admits the allegations contained in Paragraph 29 of the Complaint.

30. As to Paragraph 30, Secretary LaRose admits that the 2020 U.S. Census revealed changes to Ohio's population such that Ohio lost one congressional district. Further answering, Secretary LaRose lacks knowledge or information sufficient to form a belief as to whether such change is "significant" as stated in Paragraph 30 of the Complaint. This Paragraph also contains legal conclusions to which no response is required. Any remaining allegations are denied due to lack of knowledge.

31. Paragraph 31 contains legal conclusions to which no response is required. Further answering, *Wilson v. Kasich*, 981 N.E.3d 814, 134 Ohio St.3d 221, 2012-Ohio-31, speaks for itself.

32. Paragraph 32 contains legal conclusions to which no response is required. Further answering, the constitutional amendment referenced therein, commonly referred to as "Issue 1," speaks for itself.

33. As to Paragraph 33, Secretary LaRose admits the Commission adopted its First Plan by a vote of 5-2. Secretary LaRose denies that his vote in support of the First Plan was intended to violate the Ohio Constitution. Further answering, Secretary LaRose denies for lack of knowledge as to any of the other Commission members' intent behind their vote. Any other allegations constitute legal conclusions to which no response is required. To the extent a response is required, Secretary LaRose denies same.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, Secretary LaRose denies same. Further answering, the Commission's statement issued pursuant to Article XI, Section 8(C)(2) of the Ohio Constitution speaks for itself.

35. As to Paragraph 35, Secretary LaRose denies that his vote in support of the First Plan was intended to violate the Ohio Constitution. Further answering, this Paragraph contains legal conclusions to which no response is required. Finally, Governor Mike DeWine's comments speak for themselves.

36. Secretary LaRose admits the allegations contained in Paragraph 36 of the Complaint. Further answering, the cited provisions of Article XI of the Ohio Constitution speak for themselves.

37. Secretary LaRose admits the allegations contained in Paragraph 37 of the Complaint. Further answering, *League of Women Voters of Ohio v. Ohio Redistricting Commission*, 2022-Ohio-65, speaks for itself.

38. As to Paragraph 38, Secretary LaRose admits that the Ohio Redistricting Commission approved the Second Plan for General Assembly districts on January 22, 2022 and the OOC Petitioners and other challenged it. The remaining allegations contained therein are denied.

39. Secretary LaRose admits the allegations contained in Paragraph 39 of the Complaint. Further answering, *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 2022-Ohio-342, speaks for itself.

40. As to Paragraph 40, Secretary LaRose denies that the whole Commission declared that it was at an impasse. Further answering, the "Notice of Impasse," speaks for itself. Any remaining allegations are admitted.

41. Secretary LaRose admits the allegations contained in Paragraph 41 of the Complaint.

42. Secretary LaRose admits the allegations contained in Paragraph 42 of the Complaint. Further answering, the Supreme Court of Ohio's Feb. 18, 2022 Order in *OOC v. Ohio Redistricting Commission*, Ohio Supreme Court Case No. 2021-1210, speaks for itself.

43. Secretary LaRose admits the allegations contained in Paragraph 43 of the Complaint. Further answering, the Commission's Response filed in Ohio Supreme Court Case Nos. 2021-1193, 2021-1198, 2021-1210 speak for itself.

44. Secretary LaRose admits the allegations contained in Paragraph 44 of the Complaint. Further answering, the Ohio Supreme Court's February 24, 2022 Order issued in Case No. 2021-1210 speaks for itself.

45. As to Paragraph 45, Secretary LaRose admits that the Commission adopted a Third Plan on February 24, 2022. However, on March 16, 2022, the Ohio Supreme Court invalidated that Plan. Further answering, the Commission adopted a Fourth Plan on March 28, 2022, which is currently in effect.

46. As to Paragraph 46, the Ohio Supreme Court invalidated the Third Plan on March 16, 2022. Further answering, the Commission adopted a Fourth Plan on March 28, 2022. Finally, Secretary LaRose denies that the Intervenor-Plaintiffs are entitled to any relief.

47. To the extent Paragraph 47 reincorporates other paragraphs of the Complaint, all defenses and averments of lack of knowledge or information are specifically incorporated by reference.

48. Paragraph 48 contains legal conclusions to which no response is required. Further answering, *Reynolds v. Sims*, 377 U.S. 533 (1964) speaks for itself.

49. As to Paragraph 49, Secretary LaRose denies that 2011 legislative districts are currently in effect. Rather, the Commission adopted a Fourth Plan on March 28, 2002, which is currently in effect. Further answering, this Paragraph contains legal conclusions to which no response is required.

**Secretary LaRose's Response to Intervenor-Plaintiffs' Request for Relief**

1. Secretary LaRose denies all allegations set forth in the request for relief and specifically denies that Intervenor-Plaintiffs are entitled to any relief.

2. In response to the prayer for relief, Secretary LaRose asks for judgment in his favor and denies that Intervenor-Plaintiffs are entitled to any relief.

3. Any allegations contained in any titles or section headers are denied.

4. Secretary LaRose denies any and all allegations of the Complaint not expressly admitted herein.

**<u>AFFIRMATIVE DEFENSES</u>**
**<u>FIRST DEFENSE</u>**

This Court lacks subject matter jurisdiction over Intervenor-Plaintiffs' case.

## SECOND DEFENSE

Intervenor-Plaintiffs lack standing to bring this Complaint.

## THIRD DEFENSE

Intervenor-Plaintiffs fail to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Intervenor-Plaintiffs have not been deprived of any federal constitutional or statutory rights.

## FIFTH DEFENSE

Intervenor-Plaintiffs are unable to establish the elements required for injunctive relief.

## RESERVATION OF ADDITIONAL DEFENSES

Secretary LaRose reserves the right to supplement his Answer with additional defenses, including affirmative defenses, as litigation in this matter proceeds.

Thus, having fully answered Intervenor-Plaintiffs' Complaint, Secretary LaRose requests that this Court dismiss Intervenor-Plaintiffs' claims, with prejudice, and that Intervenor-Plaintiffs be awarded no relief, no costs, and no fees.

Respectfully submitted,

OHIO ATTORNEY GENERAL

*/s/ Jonathan D. Blanton*
JONATHAN D. BLANTON (0070035)
Deputy Attorney General
JULIE M. PFEIFFER (0069762)
*Counsel of Record*
MICHAEL A. WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Julie.Pfeiffer@OhioAGO.gov
Michael.Walton@OhioAGO.gov
Jonathan.Blanton@OhioAGO.gov

*Counsel for Defendant Frank LaRose*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2022, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Jonathan D. Blanton*
JONATHAN D. BLANTON (0070035)
Deputy Attorney General