# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DISTRICT

| | |
|---|---|
| MICHAEL GONIDAKIS, ET AL.<br><br>    PLAINTIFFS<br><br>AND<br><br>THE HONORABLE REVEREND KENNETH L. SIMON, ET AL.<br><br>    INTERVENOR-PLAINTIFFS<br><br>VS.<br><br>GOVERNOR MIKE DEWINE, GOVERNOR AND MEMBER OF THE OHIO REDISTRICTING COMMISSION, ET AL.<br><br>    DEFENDANTS. | Case No. 2:22-cv-00773<br><br>Chief Judge Algenon L. Marbley<br>Judge Amul R. Thapar<br>Judge Benjamin J. Beaton<br><br>Magistrate Judge Elizabeth P. Deavers |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS HUFFMAN AND CUPP

Defendants Senate President Matt Huffman and Speaker Robert R. Cupp ("Defendants") answer the Intervenor-Plaintiffs' Complaint as follows:

### Response to "I. INTRODUCTION"

1. Defendants admit the allegations of Paragraph 1.

2. Defendants admit that the cited transcript speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 2.

3. Defendants admit that "The March 2 Plan" as defined by Intervenor Plaintiffs is currently under review by the Ohio Supreme Court. In all other respects, Defendants deny the allegations of Paragraph 3.

4. Defendants admit that Intervenor Plaintiffs seek to challenge the "process" used to enact Ohio's general assembly and congressional districting plans. Defendants expressly deny that these plans violate any state or federal law. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 4.

5. Defendants admit that time is of the essence as Ohio's May 3, 2022 primary election is scheduled to occur in approximately one month. In all other respects, Defendants deny the allegations of Paragraph 5.

6. Defendants deny the allegations of Paragraph 6.

7. Defendants admit that the cited case speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 7.

8. Defendants deny the allegations of Paragraph 8.

9. Defendants admit that the relief sought by Intervenor-Plaintiffs speaks for itself. Defendants deny that Intervenor Plaintiffs are entitled to any relief. In all other respects, Defendants deny the allegations of Paragraph 9.

## Response to "II. BACKGROUND"

10. Defendants lack knowledge or information sufficient to form a belief about the truth of Intervenor-Plaintiffs' allegations that they are registered Black voters in Mahoning County. In all other respects, Defendants deny the allegations of Paragraph 10.

11. Defendants admit that the relief sought by Intervenor-Plaintiffs and the cited statutes and rules in Paragraph 11 speak for themselves. Defendants deny that Intervenor Plaintiffs are entitled to any relief. In all other respects, Defendants deny the allegations of Paragraph 11.

12. Defendants admit that venue is proper in this court.

13. Paragraph 13 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the VRA speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 13.

14. Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations pertaining to where Intervenor-Plaintiffs live and the districts in which they reside. In all other respects, Defendants deny the allegations of Paragraph 14 are denied.

15. Defendants deny the allegations of Paragraph 15.

16. Defendants deny the allegations of Paragraph 16.

17. Defendants admit that the cited transcript speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 17.

18. Defendants deny the allegations of Paragraph 18.

## Response to "III. PARTIES"

19. Because Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 19, Defendants deny the allegations of Paragraph 19.

20. Because Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 20, Defendants deny the allegations of Paragraph 20.

21. Because Defendants lack knowledge or information sufficient form a belief about the truth of the allegations asserted in Paragraph 21, Defendants deny the allegations of Paragraph 21.

22. Defendants admit that Intervenor-Plaintiffs have sued to enjoin the use of at-large elections in Mahoning County. In all other respects, Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants admit that Governor DeWine signed S.B. 258 bill into law. In all other respects, Defendants deny the allegations of Paragraph 24.

25. Defendants admit Secretary of State LaRose has voted for each General Assembly Plan, and the March 2 Congressional Plan adopted by the Ohio Redistricting Commission. In all other respects, Defendants deny the allegations of Paragraph 25.

26. Defendants admit that Speaker Cupp has voted for each General Assembly Plan, and the March 2 Congressional Plan adopted by the Ohio Redistricting Commission. Defendants further admit that Speaker Cupp voted in favor of S.B. 258. In all other respect, s Defendants deny the allegations of Paragraph 26.

27. Defendants admit the allegations of Paragraph 27.

28. Defendants admit that House Speaker Bob Cupp, Governor Mike DeWine, Auditor Keith Faber, Secretary of State "Frank1 LaRose (sic)", and Senate President Matt Huffman are parties to this action in their official capacities only and are members of the Ohio Redistricting Commission. In all other respects, Defendants deny the allegations of Paragraph 28.

29. Defendants admit that Plaintiffs have not sued the Democratic members of the Ohio Redistricting Commission. In all other respects, Defendants deny the allegations of Paragraph 29.

30. Defendants admit that Attorney General Yost is included as a party in this matter. In all other respects, Defendants deny the allegations of Paragraph 30.

4859-5814-0441 v.1

## Response to "IV. ALLEGATIONS"

31. To the extent that Paragraph 31 restates and reincorporates other paragraphs of the Complaint, all defenses and averments are specifically incorporated by reference.

32. Defendants admit that the Complaint speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 32.

33. Defendants admit that the cited case law and statutes speak for themselves. In all other respects Defendants deny the allegations of Paragraph 33.

34. Defendants admit that the Voting Rights Act speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 34.

35. Defendants admit that the cited case speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 35.

36. Defendants admit that the cited case and election history of Mahoning County speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 36.

37. Defendants admit the allegations of Paragraph 37.

38. Defendants admit the allegations of Paragraph 38.

39. Defendants deny the allegations of Paragraph 39.

40. Defendants admit that the Ohio Constitution speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 40.

41. Defendants admit that the Ohio Constitution speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 41.

42. Defendants admit that the partisan composition of the Ohio General Assembly speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 42.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the conclusory allegations of Paragraph 43; no reliable evidence of legally sufficient racially polarized voting has been presented, nor has a racially polarized voting analysis been conducted to Defendants' knowledge. To the extent a response is required, Defendants deny the allegations of Paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the conclusory allegations of paragraph 44; no reliable evidence of legally sufficient racially polarized voting has been presented, nor has a racially polarized voting analysis been conducted to Defendants' knowledge. To the extent a response is required, Defendants deny the allegations of Paragraph 44.

45. Paragraph 45 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 45.

46. Paragraph 46 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 46.

47. Paragraph 47 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 47.

48. Paragraph 48 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 48.

49. Paragraph 49 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 49.

50. Defendants admit that Intervenor-Plaintiff's allegations speak for themselves. In all other respects, Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51 and each of its subparts.

**Response to "FIRST CLAIM FOR RELIEF**
**Violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301,** *et seq.*
**Against all Defendants"**

52. To the extent that Paragraph 52 restates and reincorporates other paragraphs of the Complaint, all defenses and averments are specifically incorporated by reference.

53. Defendants admit that Section 2 of the Voting Rights Act speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants admit that Section 2 of the Voting Rights Act speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 57.

58. Defendants deny the allegations of Paragraph 58.

59. Defendants deny the allegations of Paragraph 59.

**Response to "SECOND CLAIM FOR RELIEF**
**Fourteenth Amendment U.S. Const. amend., XIV, §2; 42 U.S.C. § 1983**
**(Intentional Racial Discrimination Against All Defendants)"**

60. To the extent that Paragraph 60 restates and reincorporates other paragraphs of the Complaint, all defenses and averments are specifically incorporated by reference.

61. Defendants admit that the 14th Amendment of the Constitution of the United States speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 61.

62. Defendants admit that the 14th Amendment of the Constitution of the United States and 2 U.S.C. §2a(a) speak for themselves. In all other respects, Defendants deny the allegations of Paragraph 62.

4859-5814-0441 v.1

63. Defendants admit that 42 U.S.C. §1983 speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

### Response to "THIRD CLAIM FOR RELIEF
### Fifteenth Amendment U.S. Const. amend., XV; 42 U.S.C. § 1983
### (Intentional Racial Discrimination in Voting Against All Defendants)"

67. To the extent that Paragraph 67 restates and reincorporates other paragraphs of the Complaint, all defenses and averments are specifically incorporated by reference.

68. Defendants admit that 42 U.S.C. § 1983 speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 68.

69. Defendants admit that the Fifteenth Amendment to the United States Constitution speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 69.

70. Defendants deny the allegations of Paragraph 70.

### Response to: "FOURTH CLAIM FOR RELIEF
### First and Fourteenth Amendments U.S. Const. amends I, XIV; 42 U.S.C. §1983 (Undue
### Burden on the Right to Vote) Against All Defendants"

71. To the extent that Paragraph 71 restates and reincorporates other paragraphs of the Complaint, all defenses and averments are specifically incorporated by reference.

72. Defendants admit the allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

74. Defendants deny the allegations of Paragraph 74.

75. Defendants admit that the cited case speaks for itself. In all other respects, Defendants deny the allegations of Paragraph 75.

4859-5814-0441 v.1

76. Defendants deny the allegations of Paragraph 76.

**FIRST DEFENSE**

1. Intervenor-Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SECOND DEFENSE**

2. Intervenor-Plaintiffs' Complaint should be dismissed pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure for failure to join all members of the Ohio Redistricting Commission as Defendants in this case.

**THIRD DEFENSE**

3. All districting plans challenged by Intervenor-Plaintiffs comply with all of the applicable sections and subsections of the Ohio Constitution.

**FOURTH DEFENSE**

4. All districting plans challenged by Intervenor-Plaintiffs comply with federal law.

**FIFTH DEFENSE**

5. This Court is obligated to defer to the General Assembly's reasonable interpretation of the law.

**SIXTH DEFENSE**

6. Under applicable law, the challenged districting plans are presumed to be constitutional.

**SEVENTH DEFENSE**

7. Intervenor-Plaintiffs cannot prove that the challenged districting plans are unconstitutional beyond a reasonable doubt.

4859-5814-0441 v.1

**EIGHTH DEFENSE**

8.      No districting plan in Ohio was drawn on the basis of race, and no racial data was considered.

WHEREFORE, Defendants move the Court for the following relief:

1.      That Plaintiff-Intervenors' complaint be dismissed with prejudice.

2.      That the Court award Defendants their attorneys' fees and costs.

3.      That the court award Defendants such other relief as may be just and equitable.

Respectfully submitted this the 29th of March, 2022.

Dave Yost
Attorney General of Ohio

by
/s/ william stuart dornette
W. Stuart Dornette (0002955)
dornette@taftlaw.com
Beth A. Bryan (0082076)
bryan@taftlaw.com
Philip D. Williamson (0097174)
pwilliamson@taftlaw.com
**TAFT STETTINUS & HOLLISTER LLP**
425 Walnut St., Suite 1800
Cincinnati, OH 45202-3957
Telephone: 513-381-2838

Phillip J. Strach*
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: 919-329-3800

*Counsel for Defendants Huffman and Cupp*
*\*Pro Hac Vice Motions Forthcoming*

- 12 -

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29 of March 2022 the foregoing document was filed via the Court's CM/ECF system which sent notice of the same to all counsel of record in this matter.

/s/ william stuart dornette
W. Stuart Dornette (0002955)
dornette@taftlaw.com
Beth A. Bryan (0082076)
bryan@taftlaw.com
Philip D. Williamson (0097174)
pwilliamson@taftlaw.com
**TAFT STETTINUS & HOLLISTER LLP**
425 Walnut St., Suite 1800
Cincinnati, OH 45202-3957
Telephone: 513-381-2838

Phillip J. Strach*
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: 919-329-3800

*Counsel for Defendants Huffman and Cupp*
*\*Pro Hac Vice Motions Forthcoming*
