# IN THE SUPREME COURT OF OHIO

| | |
|---|---|
| **Bria Bennett,** *et al.*, | |
| | **Case No. 2021-1198** |
| **Petitioners,** | |
| | Original Action Filed Pursuant to Ohio |
| **v.** | Constitution, Article XI, Section 9(A) |
| | |
| **Ohio Redistricting Commission,** *et al.*, | *[Apportionment Case Pursuant to S.* |
| | *Ct. Prac. R. 14.03]* |
| **Respondents.** | |

## PETITIONERS' RENEWED MOTION FOR AN ORDER DIRECTING RESPONDENTS TO SHOW CAUSE AND MOTION TO SCHEDULE CONTEMPT HEARING

Abha Khanna (PHV 2189-2021)
Ben Stafford (PHV 25433-2021)
ELIAS LAW GROUP LLP
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
T: (206) 656-0176
F: (206) 656-0180
akhanna@elias.law
bstafford@elias.law

Jyoti Jasrasaria (PHV 25401-2021)
Spencer W. Klein (PHV 25432-2021)
Harleen K. Gambhir **
Raisa M. Cramer**
ELIAS LAW GROUP LLP
10 G St NE, Suite 600
Washington, DC 20002
T: (202) 968-4490
F: (202) 968-4498
jjasrasaria@elias.law
sklein@elias.law
hgambhir@elias.law
rcramer@elias.law

Donald J. McTigue* (0022849)
 *Counsel of Record*
Derek S. Clinger (0092075)
MCTIGUE COLOMBO & CLINGER LLC
545 East Town Street

Erik J. Clark (0078732)
Ashley Merino (0096853)
ORGAN LAW LLP
1330 Dublin Road
Columbus, OH 43215
T: (614) 481-0900
F: (614) 481-0904
ejclark@organlegal.com
amerino@organlegal.com

*Counsel for Respondent Ohio Redistricting Commission*

Dave Yost
OHIO ATTORNEY GENERAL
Bridget C. Coontz (0072919)
Julie M. Pfeiffer (0069762)
Michael Walton (0092201)
OFFICE OF THE OHIO ATTORNEY GENERAL
30 E. Broad Street, 16th Floor
Columbus, OH 43215
T: (614) 466-2872
F: (614) 728-7592
Bridget.Coontz@OhioAGO.gov
Julie.Pfeiffer@OhioAGO.gov
Michael.Walton@OhioAGO.gov

Columbus, OH 43215
T: (614) 263-7000
F: (614) 368-6961
dmctigue@electionlawgroup.com
dclinger@electionlawgroup.com

*Counsel for Petitioners*
***Pro hac vice motions forthcoming*

*Counsel for Respondents Ohio Governor Mike
DeWine, Ohio Secretary of State Frank LaRose,
and Ohio Auditor Keith Faber*

W. Stuart Dornette (0002955)
Beth A. Bryan (0082076)
Philip D. Williamson (0097174)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut St., Suite 1800
Cincinnati, OH 45202-3957
T: (513) 381-2838
dornette@taftlaw.com
bryan@taftlaw.com
pwilliamson@taftlaw.com

Phillip J. Strach
Thomas A. Farr
John E. Branch, III
Alyssa M. Riggins
NELSON MULLINS RILEY &
SCARBOROUGH LLP
4140 Parklake Ave., Suite 200
Raleigh, NC 27612
phil.strach@nelsonmullins.com
tom.farr@nelsonmullins.com
john.branch@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
T: (919) 329-3812

*Counsel for Respondents Senate President Matt
Huffman and House Speaker Robert Cupp*

C. Benjamin Cooper (0093103)
Charles H. Cooper, Jr. (0037295)
Chelsea C. Weaver (0096850)
Cooper & Elliott, LLC
305 West Nationwide Boulevard
Columbus, Ohio 43215
T: (614) 481-6000
benc@cooperelliott.com
chipc@cooperelliott.com
chelseaw@cooperelliott.com

*Counsel for Respondents Senator Vernon Sykes
and House Minority Leader Allison Russo*

1

# I.    Introduction

The Bennett Petitioners respectfully renew their request for the Court to issue an order to show cause why the Ohio Redistricting Commission (the "Commission"), and its members, should not be held in contempt.[1] The Ohio Constitution—and the Court's March 16 Order—requires a bipartisan redistricting commission to work together, in public, to apportion the state's General Assembly districts in compliance with constitutional requirements for subdivision splits, partisan fairness, proportionality, and compactness, among others. After shirking its constitutional duties for the first three rounds of General Assembly redistricting, the Commission finally started the required process when the Court struck down the third General Assembly Plan. Independent, third-party map-drawers were retained. Their map drawing was livestreamed on the Ohio Channel for members of the public to observe. The Commission provided the map-drawers with feedback in full view of the public. The map-drawers started from scratch and within days had draft maps ready for review. Their final proposal was reportedly more compact than any plan the Commission had adopted before[2] and met the constitutional requirements for proportionality. The process worked.

Or, it would have worked, but for the intransigence of a majority of the Commissioners. Rather than embracing—or even fairly evaluating—this publicly drafted, constitutionally-compliant, compact proposal, the majority of the Commissioners spent this past weekend complaining that the independent map-drawers' draft maps had not been drawn to protect

---

[1] The Court directed the *Bennett* Petitioners to file objections, if any, to a new General Assembly plan no later than three days after the Commission's adoption of a new plan. *League of Women Voters of Ohio v. Ohio Redistricting Comm'n*, No. 2022-Ohio-789, slip op. ¶ 46. The *Bennett* Petitioners file this renewed motion for an order to show cause in addition to forthcoming objections. The forthcoming objections will detail more exhaustively why the Fourth Plan violates Article XI although, as explained below, the fact it does is evident from its face—it is near-identical to the unconstitutional Third Plan.

[2] @OPoliticsGuru, Twitter (Mar. 28, 2022, 11:31 PM), https://twitter.com/OPoliticsguru/status/1508648024632971264.

incumbents—a goal that this Court had previously found to be *illegitimate*. Then, last night, at the eleventh hour, as the independent map-drawer was completing his work, Senate President Huffman hijacked the process entirely. He announced that his partisan map-drawers—the same employees of the Republican caucuses who drew the first three unconstitutional maps (*see League of Women Voters of Ohio v. Ohio Redistricting Comm'n*, 2022-Ohio-789, 2022 WL 803033, ¶ 28 (*"LWV III"*))—would be drafting maps instead so that the Commission could complete its work by the March 28 deadline. President Huffman later admitted to reporters, however, that he hatched this plan several days beforehand.[3] Hours after the new process was announced, House Speaker Cupp unveiled a new plan (the "Fourth Plan"); the misbegotten fruit of a secret, partisan process. Two other majority party Commissioners dutifully voted for a plan they claimed to have seen for the first time just minutes before. That Fourth Plan was adopted by a 4-3 vote. What's more, the Republican Commission members openly acknowledged the Fourth Plan did not comply with the Court's order but stated that the miniscule changes the Republican staff made to the invalidated Third Plan meant the Fourth Plan was "better." When the independent map-drawer finalized his work shortly thereafter, the Commission promptly voted to toss the independent plan into the wastebin.

The "new" plan pulled out of President Huffman and Speaker Cupp's back pocket evinces manifest contempt for the Court's orders and the Ohio Constitution. The Court ordered the Commission to "draft and adopt an entirely new General Assembly–district plan that conforms with the Ohio Constitution" as interpreted by the Court. *LWV III* ¶ 44. The "new" plan is *exactly the same* as the last unconstitutional plan with the exception of minute cosmetic changes—to a

---

[3] @AndrewJTobias, Twitter (Mar. 28, 2022, 6:04 PM), https://twitter.com/AndrewJTobias/status/1508565627820285952?s=20&t=-UrIYVPpO9AAWgYJSlkuxQ.

mere 26 precincts affecting less than <u>0.3</u>% of Ohio's population[4]—and does not remedy any of the constitutional violations in the predecessor plan.

The Commission cannot possibly believe that this plan passes constitutional muster. But that is no concern to them. The Commission's endgame lies elsewhere. Tomorrow, Wednesday March 30, a three-judge federal court will be holding a hearing on a preliminary injunction seeking an order that the upcoming primary election be conducted using the unconstitutional Third Plan. The nominally new Fourth Plan is nothing more than a gambit, designed to achieve federal court intervention that would subject Ohio's voters to a map that violates requirements of the Ohio Constitution: in the event the Fourth Plan is struck down by this Court, which it absolutely should be, the majority Commissioners are betting a federal court will be more likely to allow them to implement legislative maps that violate state law

The Bennett Petitioners respectfully submit that the Court should take immediate steps to hold in contempt the Commission and, to the extent the Court finds warranted, its individual members, for flagrantly violating the Court's previous orders. To that end, it should stay the Commission's latest General Assembly plan, schedule a contempt hearing at its soonest convenience, and order any other relief it deems just and necessary to effectuating its prior orders.

## II. Factual Background

### A. This Court has thrice issued orders giving Respondents clear directives to comply with the Ohio Constitution.

On March 16, 2022, this Court ordered the Commission "to be reconstituted and to convene and that *the commission* draft and adopt an entirely new General Assembly–district plan that conforms with the Ohio Constitution, including Article XI, Sections 6(A) and 6(B) as we have

---

[4] @OPoliticsGuru, Twitter (Mar. 28, 2022, 10:21 PM), https://twitter.com/opoliticsguru/status/1508630405448187906?s=21&t=oEdnrJjKxpr5CCf3Cyt Kuw.

explained those provisions in each of our three decisions in these cases." *LWV III*, ¶ 44 (emphasis in original). The Court's holding rested, in part, on the "gross and unnecessary disparity in the allocation of close districts" in the Commission's Third Plan, *id.* ¶ 43; *see also id.* ¶ 33-35.

The Court explained that "[i]n all three of [its] opinions," it had "identified a flawed process in which the General Assembly-district plan adopted by the commission has been the product of just one political party." *Id.* ¶ 31. The Court explained that such processes constituted evidence of a plan drawn "primarily to favor or disfavor a political party" in violation of Article XI, Section 6(A) of the Ohio Constitution. *Id.* ¶ 24-32. Accordingly, the Court held that the "commission should retain an independent map drawer—who answers to all commission members, not only to the Republican legislative leaders—to draft a plan through a transparent process." *Id.* ¶ 30. The Court further ordered that "drafting should occur in public and the commissioners should convene frequent meetings to demonstrate their bipartisan efforts to reach a constitutional plan within the time set by this court." *Id.* ¶ 44. The Court gave the Commission a deadline of March 28 to file a new plan with the Secretary of State and retained jurisdiction to review the Commission's new plan once adopted. *Id.* ¶ 45.

The plain mandate of Article XI and the Court's painstakingly clear orders and opinions had seemingly foreclosed the majority Commissioners' persistent efforts to hold onto the ill-gotten partisan gains of the 2011 partisan gerrymander. But they now appear to be further delaying in the hopes that a subsequently-filed federal court action could be used to usurp this Court's power and result in the implementation of a plan this Court has already declared unconstitutional. As described in previous filings with this Court, on the morning following the Commission's declaration of "impasse" after the *LWV II* order, *League of Women Voters of Ohio v. Ohio Redistricting Comm'n*, slip op. No. 2022-Ohio-342 ("*LWV II*"), a group of Republican activists

(the "Gonidakis Plaintiffs") filed suit in federal court in the Southern District of Ohio, seeking adoption of the Second Plan, already declared unconstitutional by this Court at that point. *See* Compl., *Gonidakis v. Ohio Redistricting Comm'n*, No. 2:22-cv-00773 (S.D. Ohio Feb. 18, 2022), ECF No. 1. After the Commission adopted the Third Plan, the federal court issued a stay of proceedings while this Court considered that plan's constitutionality. Minute Entry, *Gonidakis*, No. 2:22-00773 (S.D. Ohio Mar. 14, 2022). After the *LWV III* opinion issued, however, the Gonidakis Plaintiffs persisted in seeking the imposition of an unconstitutional plan, this time the Third Plan: the *Gonidakis* Plaintiffs filed a motion for a Temporary Restraining Order seeking to "maintain" the Third Plan for the May 3 primary, and a three-judge panel was appointed and held a hearing on the motion. Pls' Mot. for TRO, *Gonidakis*, No. 2:22-00773 (Mar. 21, 2022), ECF No. 84; Minute Entry, *Gonidakis*, No. 2:22-00773 (Mar. 25, 2022), ECF No. 102. A ruling on that motion remains pending. A hearing on the Gonidakis Plaintiffs' motion for preliminary injunction—seeking the same relief—is set for tomorrow, Wednesday, March 30.

**B.** **Respondents began developing a Fourth Plan in compliance with the Court's orders.**

On Saturday, March 19, two days after the Court's order invalidating the Third Plan, the Commission reconvened.[5] The Commission discussed hiring independent mapmaking consultants—one chosen by each caucus—and what their role would be in the process.[6]

The Commission gaveled in again two days later.[7] To enable the preparation of a new plan, the Commission retained two consultants—Dr. Douglas Johnson, from the National Demographics

---

[5] Tr. of Ohio Redistricting Comm'n (Mar. 19, 2022), available at https://www.redistricting.ohio.gov/assets/organizations/redistricting-commission/events/commission-meeting-march-19-2022-236/transcript-1361.pdf (last visited Mar. 29, 2022).

[6] *Id.*

[7] Tr. of Ohio Redistricting Comm'n (Mar. 21, 2022), available at https://www.redistricting.ohio.gov/assets/organizations/redistricting-commission/events/commission-meeting-march-21st-257/transcript-1381.pdf.

Corporation, and Dr. Michael McDonald, from the University of Florida.[8] The map-drawers would draft a new plan for the Commission's consideration, with the assistance of the Commissioners' staff.[9]

The Commission met again on Tuesday, March 22, to discuss the week's schedule and its processes going forward.[10] The Commission planned to meet every day during the rest of the week to track the progress of the map-drawers and gather public input.[11] It published a daily schedule of public meetings of the mapmakers, which the public could observe in-person or virtually.[12] The Commission also heard from and hired mediators, made available to it by the Sixth Circuit Court of Appeals, to help resolve disputes as they arose during the process. The two map-drawers arrived on Wednesday, March 23 to begin the drawing process.[13]

As the independent mapmakers worked toward a unified Commission plan, and the prospect of constitutional Commission maps loomed on the horizon, federal litigants continued to do anything they could to put a stop to it. On Wednesday, March 23, the Gonidakis Plaintiffs filed their second motion for a preliminary injunction seeking implementation of the Third Plan for the May 3 primary. Pls' Second Am. Mot. for a Prelim. Inj. and Declaratory Relief, *Gonidakis*, No. 2:22-cv-00773 (Mar. 23, 2022), ECF No. 96. That same day, however, Secretary LaRose issued a directive to Ohio's boards of elections providing that "offices and candidates for Ohio House, Ohio

---

[8] *Id.*

[9] *Id.*

[10] Tr. of Ohio Redistricting Comm'n (Mar. 22, 2022), available at https://www.redistricting.ohio.gov/assets/organizations/redistricting-commission/events/commission-meeting-march-22nd-258/transcript-1446.docx

[11] *Id.*

[12] *Id.*; *see also* Commission Meetings, Ohio Redistricting Comm'n, https://redistricting.ohio.gov/meetings (last visited Mar. 29, 2022).

[13] Tr. of Ohio Redistricting Comm'n (Mar. 23, 2022), available at https://redistricting.ohio.gov/assets/organizations/redistricting-commission/events/commission-meeting-march-23-2022-276/transcript-1421.pdf.

Senate, or State Central Committee will not appear on the ballot" for the May 3 Primary.[14]

During the following two Commission meetings on March 24 and 25, work progressed apace. The map-drawers, Dr. Johnson and Dr. McDonald, provided the Commission with progress reports and asked for guidance on various map-drawing issues. Dr. Johnson and Dr. McDonald each drew a separate plan and told the Commission they planned to combine the two depending on which aspects of each the Commission preferred. Dr. Johnson and Dr. McDonald also told the Commission that there were only a handful of significant variations the two had in their map-drawing approaches.

By Saturday, March 26, each map-drawer had a draft of his House map to present to the Commission.[15] Both draft plans had 45 Democratic-leaning districts and 54 Republican-leaning districts. In other words, *both the Republican-chosen map-drawer and the Democratic-chosen map-drawer* had achieved perfect proportionality. Furthermore, the map-drawers had significantly improved upon the previous map's partisan symmetry—creating three Democratic-leaning House districts with a partisan advantage of between 50 and 52% and one such Republican-leaning district—and would work to achieve perfect symmetry as they finalized the plan. They had done this in mere days. A final, constitutionally compliant General Assembly plan was in sight.

## C. The Republican Commissioners began to delay and attempt to commandeer the map-drawing process to protect incumbents.

At the last moment, the Republican Commissioners derailed the lawful, neutral map-drawing process in pursuit of an improper consideration: the protection of incumbents. A constitutionally compliant General Assembly plan must be drawn to comply with Article XI, not

---

[14] Ohio Sec'y of State, Directive No. 2022-31, *Revised Form of Ballot for the May 3, 2022 Primary Election* (Mar. 23, 2022).

[15] *See* attached docs., Previous Commission Meetings, Ohio Redistricting Comm'n (Mar. 26, 2022, 4:00 PM), available at https://www.redistricting.ohio.gov/meetings (last visited Mar. 29, 2022).

to protect incumbents. At the Saturday, March 26 meeting, President Huffman began expressing extreme discomfort that the map-drawers were not drawing the plan to protect incumbents. In particular, President Huffman wanted to give incumbent addresses to the map-drawers so that they could manipulate district lines as needed to avoid pairing two incumbents in the same district.

Notably, President Huffman acknowledged that his concern for incumbent addresses had no basis in the Ohio Constitution.[16] In fact, this Court's March 16 opinion found that such an interest was illegitimate under the requirements of the Ohio Constitution. Specifically, the Court found that "we analyze the evidence of Senate President Huffman's concern for not drawing any incumbent Republican caucus member out of a district (based on current voting residence) to be grounded in a desire to protect Republican office holders. Those office holders hold office under a current district plan that is neither compact nor proportional according to the terms of Article XI. Thus, efforts to protect these incumbents in noncompliant districts can neither be a legitimate and neutral goal nor comport with Article XI, Section 6(A)." *LWV III* ¶ 37; *see also id.* ¶ 36 ("Senate President Huffman's concern for protecting incumbents is not grounded in Article XI.").

The Democratic Commissioners objected to Senator Huffman's proposal, seeking to ensure that the Commission's focus stayed on finalizing constitutionally compliant maps. Ultimately, the Commission decided to reserve the dispute for mediation outside of the formal Commission hearing.

The Commission did not begin its next meeting at 4 p.m. on Sunday, March 27, as was initially scheduled. Instead, for about an hour and a half, small groups of Commissioners met

---

[16] Tr. of Ohio Redistricting Comm'n (Mar. 26, 2022), available at https://redistricting.ohio.gov/assets/organizations/redistricting-commission/events/commission-meeting-march-26-2022-279/transcript-1466.docx; Ohio Channel, *Ohio Redistricting Commission - 3-26-2022,* available at https://www.ohiochannel.org/video/ohio-redistricting-commission-3-26-2022 (last visited Mar. 29, 2022).

behind closed doors with a federal mediator.[17] Republican Commissioners reportedly sought to instruct the independent mapmakers to consider the addresses of incumbents before their draft maps were merged.[18]

When the hearing commenced, the independent mapmakers presented complete Senate and House maps for the first time.[19] The mapmakers presented three different statewide maps and summarized different region-specific decisions that had been made in each map.[20] *Id.* For example, in one map, McDonald had drawn a district that extended from Montgomery County to Greene County, while Johnson had drawn a map in which a district instead extended from Montgomery County to Preble County.[21] Members of the Commission discussed the regional considerations and other aspects of map-drawing.[22]

President Huffman, maintaining his unremitting focus on incumbency protection, then moved that, "[u]pon completion of the independent map drawers' merger of their independent versions of the House and Senate maps and prior to any presentation to the Commission, the independent map drawers shall consider the residence locations of non-term limited House and Senate incumbents, and Senate incumbents in mid-term, in drafting a Commission map, and where

---

[17]@JoshRultNews, Twitter (Mar. 27, 2022, 5:20 PM), https://twitter.com/JoshRultNews/status/1508192152328695808?s=20&t=LqpUyGViqVL2XTM2o380Qg.

[18] @JoshRultNews, Twitter (Mar. 27, 2022, 5:39 PM), https://twitter.com/JoshRultNews/status/1508197037426106370?s=20&t=oxUWaxo91rPb3dxMr4kWyg; @JoshRultNews, Twitter (Mar. 27, 2022, 5:53 PM), https://twitter.com/JoshRultNews/status/1508200456014557184?s=20&t=LqpUyGViqVL2XTM2o380Qg.

[19]Ohio Channel, *Ohio Redistricting Commission - 3-27-2022*, https://www.ohiochannel.org/video/ohio-redistricting-commission-3-27-2022 (last visited Mar. 29, 2022).

[20] *Id.*

[21] *Id.*

[22] *Id.*

possible without violating constitutional principles, avoid pairing incumbents and also drawing districts such that Senators protected under Section 5 of Article 11 no longer live in the district they represent."[23] The motion further provided that no identifying information of the incumbents would be provided to the mapmakers.[24] The Commission agreed to the motion.

The Commission then recessed for an hour and a half, at Speaker Cupp's request, so that the Commissioners could review the independent mapmakers' maps and provide direction on the outstanding regional questions.[25] As the Commissioners moved to recess, President Huffman whispered to Auditor Faber and Governor DeWine that "there is no way that [the mapmakers are] going to produce constitutionally-compliant maps by tomorrow."[26]

When the Commission reconvened around 9:30 p.m., Leader Russo moved that the Commission provide direction to the independent map-drawers as to one of the regions discussed earlier in the day.[27] Republican Commissioners expressed their opposition to voting to give clear guidance requested by the map-drawers.[28] Instead, members of the Commission expressed their informal views on each of the regional decisions.[29] Leader Russo consequently withdrew her

---

[23]Ohio Redistricting Comm'n, "Mediation Agreement Instructions to Map Drawers with regard to Incumbents" (Mar. 27, 2022), available at https://www.redistricting.ohio.gov/assets/organizations/redistricting-commission/events/commission-meeting-march-27-2022-280/2022-03-27-mediation-statement-instructions-as-adopted.pdf (last visited Mar. 29, 2022).

[24] *Id.*

[25] Ohio Channel, *Ohio Redistricting Commission - 3-27-2022*, https://www.ohiochannel.org/video/ohio-redistricting-commission-3-27-2022 (last visited Mar. 29, 2022).

[26]@JoshRultNews, Twitter (Mar. 27, 2022, 7:20 PM), https://twitter.com/JoshRultNews/status/1508222467772362756?s=20&t=nSYo5Qwcdi09RpqE-ZBDOA.

[27] Ohio Channel, *Ohio Redistricting Commission - 3-27-2022*, https://www.ohiochannel.org/video/ohio-redistricting-commission-3-27-2022 (last visited Mar. 29, 2022).

[28] *Id.*

[29] *Id.*

motion and asked the mapmakers to move forward with their understanding based on the Commission's discussion. The Commission then recessed.

The next day, March 28, the Commission convened at about 11 a.m. The independent mapmakers explained that they had merged their plans into one plan. That plan achieved perfect partisan proportionality in both the House and Senate. It achieved perfect partisan symmetry in the House map, with three Democratic-leaning districts with a Democratic vote share of 50% to 52% (which the mapmakers referred to as "competitive"), and three Republican-leaning districts with a Republican vote share in the same range. The plan's Senate map had two Democratic-leaning competitive districts and no Republican-leaning competitive districts (one seat away from perfect symmetry).[30] The mapmakers stated that they would proceed to consider incumbent data as directed by the Commission, suggested that the Commission reconvene later in the afternoon, and in the interim invited feedback from the Commissioners or their staff, either in person or in writing.[31]

## D. Senate President Huffman hijacked the process.

During the following hours, while members of the Democratic caucus staff were present in the mapmakers' workroom, the Republican caucus staffers were curiously absent.[32] The mapmakers indicated that they had been waiting for Republican feedback on outstanding questions regarding the direction of the maps.[33] Thus, the map-drawers spent much of the day of the deadline,

---

[30] Ohio Channel, *Ohio Redistricting Commmission – 3-28-2022,* https://www.ohiochannel.org/video/ohio-redistricting-commission-3-28-2022 (last visited Mar. 29, 2022).

[31] *Id.*

[32]@AndrewJTobias, Twitter (Mar. 28, 2022, 2:56 PM), https://twitter.com/AndrewJTobias/status/1508518426507063297?s=20&t=Evdl2rhsCmjWWXxyY1aZwA.

[33]@JoshRultNews, Twitter (Mar. 28, 2022, 2:52 PM), https://twitter.com/JoshRultNews/status/1508517464094638081?s=20&t=Evdl2rhsCmjWWXxyY1aZwA.

while diligently working to otherwise finalize their draft plan, making changes to protect incumbents at the insistence of President Huffman while waiting for other feedback from Republican Commissioners.

When the Commission reconvened at about 4:30 p.m., the mapmakers reported that they were nearly finished considering incumbent addresses in the House map but had not yet had time to do so in the Senate map.[34] They indicated that this work would continue and that a complete Senate map would be available later in the day.

President Huffman had something different in mind. Rather than offer assistance from his staff or himself to help finalize the Senate map, President Huffman took the opportunity to spring upon the Commission an idea he had admittedly hatched on Saturday, March 26, but had until that point neglected to share with his colleagues.[35] Specifically, he directed the Republican caucuses' map-drawers to tweak the Commission's Third Plan so that it more closely comported with this Court's decision, casting this as a "failsafe" in order to submit a General Assembly plan to the Secretary of State by midnight.[36] Senator Sykes and Leader Russo both objected to this approach, explaining that such a process would contravene this Court's orders and Article XI.[37] Senator Sykes suggested that instead, if more time proved necessary to complete the independent map-drawers' work, that the Commission move this Court for an extension of one day.[38] President Huffman responded that this Court's *LWV III* order allowed for no extensions, erroneously quoting

---

[34] *Id.*

[35] @AndrewJTobias, Twitter (Mar. 28, 2022, 6:04 PM), https://twitter.com/AndrewJTobias/status/1508565627820285952?s=20&t=-UrIYVPpO9AAWgYJSlkuxQ.

[36] Ohio Channel, *Ohio Redistricting Commmission – 3-28-2022,* https://www.ohiochannel.org/video/ohio-redistricting-commission-3-28-2022 (last visited Mar. 29, 2022).

[37] *Id.*

[38] *Id.*

from the portion of the opinion discussing the filing of Petitioners' objections, *see LWV III* ¶ 47, and notwithstanding that this Court had previously considered a General Assembly plan that the Commission submitted more than a week after its deadline. The Commission then voted to adopt President Huffman's proposal on a 5-2 party-line vote.[39] Soon after the Commission recessed, President Huffman told a reporter that he was aware that this Court had ordered the Commission to draw an entirely new General Assembly plan.[40]

During the next several hours, Dr. Johnson continued to work on the independent map-drawers' maps.[41] At about 9:30 p.m., Dr. Johnson reported to the Commission that he had completed final adjustments to a House map and needed about 45 minutes to complete the Senate map.[42] Senator Sykes then suggested that the Commission recess for one hour to allow Dr. Johnson to complete his work before resuming to consider the final plan.[43]

President Huffman refused. Instead, he announced that Blake Springhetti (who the Court knows from his work drafting the three previous unconstitutional General Assembly Plans) had been working on a map (the "Fourth Plan") and so the Commission should instead "go with [its] parachute."[44] Speaker Cupp then moved that Springhetti's plan be adopted, and distributed to the Commission printouts of PDF images of the proposed plan and charts containing its population deviation.[45] Speaker Cupp did not distribute any other information about the constitutional

---

[39] *Id.*

[40] @SusanTebben, Twitter (Mar. 28, 2022, 6:17 PM), https://twitter.com/susantebben/status/1508569088028774405.

[41] Dr. McDonald departed Columbus at about 5 p.m. on March 28 due to a prior academic commitment.

[42] Ohio Channel, *Ohio Redistricting Commmission – 3-28-2022,* https://www.ohiochannel.org/video/ohio-redistricting-commission-3-28-2022 (last visited Mar. 29, 2022).

[43] *Id.*

[44] *Id.*

[45] *Id.*

compliance of the Fourth Plan, such as its partisan breakdown or compactness. Leader Russo repeatedly asked that the Commission recess so that the Commissioners could examine the proposal and suggest amendments, but President Huffman refused.[46] The Commission then proceeded to adopt the Fourth Plan on a 4-3 vote—with no opportunity for Commissioners to provide amendments, ask questions of the map-drawer, or view analyses of the plan.

President Huffman then distributed previously prepared copies of a statement drafted pursuant to Article XI, Section 8(C)(2).[47] The Commission recessed so that the dissenting Commissioners could draft a minority Section 8(C)(2) statement. During the recess, Dr. Johnson completed the independent map-drawers' plan, prior to midnight. When the Commission reconvened at approximately 11 p.m., the four Republican Commissioners who had voted in favor of the Fourth Plan then voted to adopt the majority's Section 8(C)(2) statement.[48]

Leader Russo then moved the Commission to instead adopt Dr. Johnson's plan and to allow the Commission, if desired, to thereafter make any additional improvements to the plan.[49] The Commission rejected the motion on a 5-2 party-line vote.[50]

**E.    The Fourth Plan violates multiple provisions of Article XI of the Ohio Constitution.**

Even the most cursory examination of the Fourth Plan reveals that it willfully and flagrantly

---

[46] *Id.*

[47] Ohio Redistricting Comm'n, "Section 8(C)(2) Statement" (Mar. 28, 2022), available at https://www.redistricting.ohio.gov/assets/organizations/redistricting-commission/events/commission-meeting-march-28-2022-281/section-8c2-statement-1502.pdf (last visited Mar. 29, 2022).

[48] Ohio Channel, *Ohio Redistricting Commmission – 3-28-2022,* https://www.ohiochannel.org/video/ohio-redistricting-commission-3-28-2022 (last visited Mar. 29, 2022).

[49] *Id.*

[50] *Id.* It is unclear if Johnson was even informed that the Commission moved forward with another set of maps. @Stacey_Hauff, Twitter (Mar. 28, 2022, 11:24 PM), https://twitter.com/stacey_hauff/status/1508646205521281024?s=20&t=7HSx3ArNu6X45_Wjg LXQ6g.

violates Article XI and this Court's prior orders.

First, by Republican Commissioners' own admission, it is nearly identical to the plan this court invalidated in *LWV III*. This is despite this Court's clear direction that "the commission draft and adopt an entirely new General Assembly–district plan." *Id.* ¶ 44. As this Court held in *LWV II*,

> We find unavailing the claim that the map makers started with the original plan because time was short and they were familiar with it. We clearly invalidated the entire original plan . . . The commission's choice to nevertheless start with that plan and change it as little as possible is tantamount to an intent to preserve as much partisan favoritism as could be salvaged from the invalidated plan.

*LWV II* ¶ 38. Here, Speaker Cupp openly acknowledged that the Fourth Plan was based upon the Third Plan.[51] Indeed, he acknowledged that the plan made changes to only six House Districts and two Senate Districts in the Third Plan.[52] Even more egregiously, President Huffman stated that his intent was that the caucuses' map-drawers make "only minor changes" to the Third Plan, and as a result the Fourth Plan was 97% to 98% similar to the Third Plan.[53] Indeed, at first blush, only 26 precincts of Ohio's nearly 9,000 precincts were changed *at all*.[54] The maps attached as Appendix A drive the point home—only a handful of district lines were changed.[55]

Additionally, despite the expenditure of significant taxpayer funds on independent

---

[51] Ohio Channel, *Ohio Redistricting Commmission – 3-28-2022,* https://www.ohiochannel.org/video/ohio-redistricting-commission-3-28-2022 (last visited Mar. 29, 2022).

[52] *Id.*

[53] *Id.*

[54] @OPoliticsGuru, Twitter (Mar. 28, 2022, 10:21 PM), https://twitter.com/opoliticsguru/status/1508630405448187906?s=21&t=oEdnrJjKxpr5CCf3Cyt. Kuw; Tyler Buchanan, *Ohio in need of more poll workers for November,* Ohio Capital Journal (Jul. 30, 2020, 1:00 AM), https://ohiocapitaljournal.com/2020/07/30/ohio-in-need-of-more-poll-workers-this-fall/.

[55] In the attached maps, the blue lines reflect district boundaries in the Third Plan, and the red lines reflect the sum total of the nominal changes made in the Fourth Plan (changes to the House map Franklin, Stark, and Columbiana Counties, and a change to the Senate map in Franklin County).

mapmakers, and the Court's orders, the Fourth Plan was not drawn by map-drawers who reported to the Commission as a whole. For several days, the independent mapmakers were drawing compliant maps under the supervision of the entire Commission. When it became clear they would finish their work, and their output would bury once and for all the lie that "political geography" makes complying with Article XI impossible, President Huffman and Speaker Cupp derailed the process and seized control. As with the three previous plans that this Court has held unconstitutional, the Fourth Plan was drawn by "employees of the Republican caucuses," in a process "controlled entirely by Senate President Huffman and House Speaker Cupp." *LWV III* ¶ 30; *see also id.* ¶ 25-28.

Unsurprisingly, because the Fourth Plan is almost identical to the Third Plan, it nearly by definition was drawn primarily to favor the Republican Party and disfavor the Democratic Party.[56] Following questioning from Leader Russo, Speaker Cupp admitted that the Fourth Plan's House map contained 17 Democratic-leaning districts with a Democratic vote share between 50% and 52%, and *zero* Republican-leaning districts with a Republican vote share in that range.[57] The Fourth Plan's Senate map is also asymmetrical, with six Democratic-leaning districts with a Democratic vote share of 50% to 52%, and *zero* Republican-leaning districts in that range.[58]

The Fourth Plan also violates the partisan proportionality requirements of Article XI, Section 6(B). This Court has been clear that "competitive districts . . . must either be excluded

---

[56] The *Bennett* Petitioners will file objections that describe in more detail the substantive constitutional violations contained in the March 28 Plan.

[57] Ohio Channel, *Ohio Redistricting Commmission – 3-28-2022,* https://www.ohiochannel.org/video/ohio-redistricting-commission-3-28-2022 (last visited Mar. 29, 2022).

[58] *Id.*; *see also* Ohio Redistricting Comm'n, "Minority Report" (Mar. 28, 2022), available at https://www.redistricting.ohio.gov/assets/organizations/redistricting-commission/events/commission-meeting-march-28-2022-281/minority-statement.pdf (last visited Mar. 29, 2022).

from the proportionality assessment or be allocated to each party in close proportion to its statewide vote share." *LWV II* ¶ 62. Leader Russo accordingly asked Speaker Cupp if the Fourth Plan would satisfy Section 6(B) if that plan's seats within the 48% to 52% vote share range were removed from the proportionality consideration.[59] Speaker Cupp had no response other than that the Plan was "the best that can be done in the time that is available."[60]

Of course, Dr. Johnson then completed the independent map-drawers' plan as he had said he would do imminently, and that plan achieves near-perfect partisan proportionality and symmetrical distribution of competitive seats. The majority of Commissioners refused to adopt his plan and refused to continue their work before the deadline to review and offer any amendments to the plan they thought appropriate.

### III.     Requested Relief

Because the majority party does not wish to loosen its grip on power, the majority of Commissioners have once again refused to comply with this Court's orders that the Commission comply with Article XI. The Commission cannot possibly believe in good faith that either the process used to create the Fourth Plan, or the cosmetic changes made to the unconstitutional Third Plan, will pass constitutional muster. The *Bennett* Petitioners do not make this assertion lightly, but it appears obvious that some Commissioners are purposefully attempting to gridlock the Commission process in the hope that the federal courts will intervene and adopt a plan this Court has already rejected as violating the Ohio Constitution, under which the majority party expects to retain its supermajorities.

In doing so, the Commission is acting in contempt of this Court's orders, the

---

[59]     Ohio Channel, *Ohio Redistricting Commmission – 3-28-2022,* https://www.ohiochannel.org/video/ohio-redistricting-commission-3-28-2022 (last visited Mar. 29, 2022).

[60] *Id.*

Commissioners' oaths of office, and the rule of law. The *Bennett* Petitioners respectfully renew their previous motion requesting that this Court order the Commission, and all of its members, to show cause as to why they should not be held in contempt of court for failure to comply with this Court's orders, with appropriate remedies to follow. The Commission and each of its members should be required to explain in detail:

(1) Why they adopted a remedial plan that was, by their own admission, based on the Third Plan, which had been invalidated by this Court in *LWV III*, despite this Court's decision to "invalidate the [Third Plan] in its entirety," *LWV III* ¶ 44, and its repeated order that the Commission "draft and adopt an entirely new General Assembly–district plan that conforms to the Ohio Constitution" *LWV II* ¶ 67; *LWV III* ¶ 44.

(2) Why they chose to adopt a remedial plan drafted almost exclusively by partisan staffers, outside of public view, despite this Court's directive that "*the commission* draft and adopt" a plan, with the drafting to "occur in public." *LWV III* at ¶ 44 (emphasis in original); *see also LWV II* ¶ 67 ("We further order the commission to be reconstituted, to convene, and to draft and adopt" a new plan); *LWV I* ¶ 138 ("we order the commission to be reconstituted under Article XI, Section 1, to convene, and to ascertain and adopt" a new plan).

(3) Why they adopted a remedial plan that continues to allocate competitive seats between Democrats and Republicans with gross asymmetry, despite this Court's repeated holding that plans may not allocate competitive districts between the two parties in a "monolithically disparate" fashion. *LWV II* ¶ 40; *LWV III* ¶ 34.

(4) Why they refused to adopt a plan drafted and proposed by independent mapmakers selected by members of both parties, which does not contain the constitutional infirmities described in (1), (2), or (3).

Petitioners request that the Court require Respondents to submit responses no later than no later than 9:00 a.m. on Wednesday, March 30, 2022, and furthermore schedule a hearing on the motion on Thursday, March 31, 2022. Petitioners also ask this Court to declare that no steps be taken to implement the Fourth Plan, including the making of any directives to local boards of election, pending resolution of this motion, in accordance with its "inherent authority—authority that has existed since the very beginning of the common law—to compel obedience of [its] lawfully issued orders." *Cramer v. Petrie*, 70 Ohio St.3d 131, 637 N.E.2d 882, 884 (1994); *see*

*also State ex rel. Bitter v. Missig*, 72 Ohio St.3d 249, 252, 648 N.E.2d 1355 (1995) (explaining that a court "possess both inherent and statutory authority to compel compliance with its lawfully issued orders.")

Petitioners respectfully submit that this expedited schedule is necessary in light of Respondents' apparent attempt to use the federal courts—as early as during a preliminary injunction hearing tomorrow—to do an end run around this Court's orders that the Commission abide by the Ohio Constitution.

If the Court finds that Respondents' explanation for why the Commission did not adopt a constitutionally compliant plan using the process as ordered by the Court is inadequate, then in addition to the Court directing Respondents to take further action to comply with the Court's order, the Court should (a) find the Commission and, as the Court deems appropriate, individual Respondents, in contempt pursuant to R.C. 2705 and its inherent contempt power, (b) award Petitioners' attorneys' fees pursuant to a finding of bad faith and/or under R.C. 2323.51, with any such fees issued against the Commission and its members jointly or severally, or apportioned between Respondents as the Court deems appropriate, or (c) order any other remedy that the Court deems appropriate.

Dated: March 29, 2022
Respectfully submitted,

/s/ Donald J. McTigue
Donald J. McTigue* (0022849)
 *Counsel of Record*
Derek S. Clinger (0092075)
MCTIGUE COLOMBO & CLINGER LLC
545 East Town Street
Columbus, OH 43215
T: (614) 263-7000
F: (614) 368-6961
dmctigue@electionlawgroup.com
dclinger@electionlawgroup.com

Abha Khanna (PHV 2189-2021)
Ben Stafford (PHV 25433-2021)
ELIAS LAW GROUP LLP
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
T: (206) 656-0176
F: (206) 656-0180
akhanna@elias.law
bstafford@elias.law

Jyoti Jasrasaria (PHV 25401-2021)
Spencer W. Klein (PHV 25432-2021)
Harleen K. Gambhir**
Raisa M. Cramer**
ELIAS LAW GROUP LLP
10 G St NE, Suite 600
Washington, DC 20002
T: (202) 968-4490
F: (202) 968-4498
jjasrasaria@elias.law
sklein@elias.law
hgambhir@elias.law
rcramer@elias.law

*Counsel for Petitioners*
***Pro hac vice motions forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was sent via email this 29th day of March, 2022 to the following:

DAVE YOST
OHIO ATTORNEY GENERAL
Bridget C. Coontz (0072919)
Julie M. Pfeiffer (0069762)
30 E. Broad Street
Columbus, OH 43215
Tel: (614) 466-2872
Fax: (614) 728-7592
bridget.coontz@ohioago.gov
julie.pfeiffer@ohioago.gov

*Counsel for Respondents*
*Governor Mike DeWine,*
*Secretary of State Frank LaRose, and*
*Auditor Keith Faber*

W. Stuart Dornette (0002955)
Beth A. Bryan (0082076)
Philip D. Williamson (0097174)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut St., Suite 1800
Cincinnati, Ohio 45202-3957
T: (513) 381-2838
dornette@taftlaw.com
bryan@taftlaw.com
pwilliamson@taftlaw.com

Phillip J. Strach (PHV 25444-2021)
Thomas A. Farr (PHV 25461-2021)
John E. Branch, III (PHV 25460-2021)
Alyssa M. Riggins (PHV 25441-2021)
NELSON MULLINS RILEY & SCARBOROUGH LLP
4140 Parklake Ave., Suite 200
Raleigh, North Carolina 27612
phil.strach@nelsonmullins.com
tom.farr@nelsonmullins.com
john.branch@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
T: (919) 329-3812

*Counsel for Respondents*
*Senate President Matt Huffman and*
*House Speaker Robert Cupp*

Erik J. Clark (Ohio Bar No. 0078732)
Ashley Merino (Ohio Bar No. 0096853)
ORGAN LAW LLP
1330 Dublin Road
Columbus, Ohio 43215
T: (614) 481-0900
F: (614) 481-0904
ejclark@organlegal.com
amerino@organlegal.com

*Counsel for Respondent*
*Ohio Redistricting Commission*

C. Benjamin Cooper (0093103)
Charles H. Cooper, Jr. (0037295)
Chelsea C. Weaver (0096850)
Cooper & Elliott, LLC
305 West Nationwide Boulevard
Columbus, Ohio 43215
T: (614) 481-6000
benc@cooperelliott.com
chipc@cooperelliott.com
chelseaw@cooperelliott.com

*Counsel for Respondents Senator Vernon Sykes*
*and House Minority Leader Allison Russo*


/s/ Derek S. Clinger
Derek S. Clinger (0092075)

23

# Appendix A



Map layers
Voting District
County
GOP Proposal 2_24_22
Cupp Plan 3_26_22
0    15    30
Miles

©2021 CALIPER









