**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DISTRICT**

| MICHAEL GONIDAKIS, ET AL. | : | CASE NO. 2:22-CV-773 |
| --- | --- | --- |
| PLAINTIFFS | : | |
| | : | CHIEF JUDGE ALGENON L. |
| | : | MARBLEY |
| VS. | : | |
| | : | CIRCUIT JUDGE AMUL R. |
| FRANK LAROSE, | : | THAPAR |
| | : | |
| DEFENDANTS. | : | JUDGE BENJAMIN J. BEATON |

**MOTION FOR CLASS CERTIFICATION
BY PROPOSED CLASS REPRESENTATIVES REVEREND KENNETH L.
SIMON, REVEREND LEWIS MACKLIN, II AND HELEN YOUNGBLOOD**

**I.      INTRODUCTION**

Plaintiffs, Reverend Kenneth Simon, Reverend Lewis Macklin, II and Helen Youngblood, ("Proposed Class Representatives"), through their undersigned counsel, on behalf of themselves and all others similarly situated, respectfully move this Court, under Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3) for the entry of an Order (i) certifying that this action may be maintained and proceed as a class action against defendants; (ii) for appointment of the Proposed Class Representative as class representative; (iii) for appointment of Percy Squire, as Counsel for the Class and as Liaison Counsel for the Class; and (iv) for such other and further relief as the Court deems just and proper.

Plaintiffs brings this action as a Class Action under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the class of Black voters in Mahoning County, Ohio, of Black voters previously certified as a class in Armour v. Ohio, 775, F. Supp. 1044 (6th Cir. 1998).

The Class consists of thousands of persons located throughout Northeast Ohio, thus, the members of the Class are so numerous that joinder of all Class members is impracticable. The exact number of Class members is not presently known to Plaintiffs but can readily be determined by appropriate discovery.

Plaintiffs will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class actions. Plaintiffs has no interests that are adverse or antagonistic to those of the Class.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the injury suffered through the dilution of Plaintiffs' voting strength causes class wide harm and would otherwise result in the filing of multiple individual actions. The expense and burden of individual litigation make it virtually impossible for the Class members to individually seek redress for the wrongful conduct alleged herein.

Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a) Did the Ohio Redistricting Commission have a duty to engage in an intensely local appraisal of indigenous political reality in Mahoning County, Ohio in connection with configuration of US Congressional and Ohio state senate district in that County;

b) Did Defendants violate the federal Voting Rights Act;

c) Did Defendants violate the 15th Amendment;

d) Did Defendants violate Section 2 of the 14th Amendment;

    e) Are at large elections in Mahoning County, Ohio violative of the Voting Rights Act;

    f) Do the legislative boundaries enacted in March 28, 2022 by the Defendants violate the 15th Amendment or VRA; and

    g) Is it appropriate for Ohio's legislative leadership to follow a policy in connection with redistricting where race and/or racially polarized voting are totally disregarded.

## A. CERTIFICATION OF PLAINTIFFS' CLAIMS SERVES THE POLICIES UNDERLYING CLASS LITIGATION

By providing a single forum in which to litigate similar claims, a class action affords an indispensable mechanism for the conservation of judicial resources. Kennedy v. Tallant, 710 F.2d 718 (11th Cir. 1983) ("Separate actions by each of the class members would be repetitive, wasteful, and an extraordinary burden on the courts."). Rule 23 of the Federal Rules of Civil Procedure, which governs class actions, is therefore broadly structured so as to facilitate certification of class actions. "[T]he interests of justice require that in a doubtful case . . . any error, if there is to be one, should be committed in favor of allowing a class action." Eisenberg v. Gagnon, 766 F.2d 770, 785 (3d Cir), *cert. denied*, 474 U.S. 946 (1985) (citation omitted), *accord* In re Amerifirst Sec. Litigation, 139 F.R.D. 423, 427 (S.D. Fla. 1991). *See also* Jones v. Diamond, 519 F.2d 1090, 1098 (5th Cir. 1975) (stating that district courts should "err in favor and not against maintenance of the class action" at the early stage of the litigation because the decision "is always subject to modification") (internal quotations and citations omitted); *Carbon Dioxide*, 149 F.R.D. at 232 ("the Court resolves any doubt in favor of class certification").

3

Further, as the Supreme Court has held, class certification does not require a determination on the merits of the allegations asserted:

> In determining the propriety of a class action, the question is not whether the Plaintiffs or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met. . . [the court has] no authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.

Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-178 (1974) (quotations and citation omitted, emphasis added), *accord* Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 723 (11th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988); *see also* Edmonds v. Levine, 233 F.R.D. 638, 640 (S.D. Fla. 2006) (in determining whether to certify the class, the court is required to "accept plaintiffs' substantive allegations as true"), citing In re Carbon Dioxide Antitrust Litigation, 149 F.R.D. 229, 232 (M.D. Fla. 1993).

For a class to be certified pursuant to Rule 23, the four requirements of Rule 23(a) must be satisfied, as well as at least one of the requirements of any of the three subsections of Rule 23(b).  *See* Fed.R.Civ.P. 23(b); *see also* Amchem Prods. v. Windsor, 521 U.S. 591, 614 (1997).  As demonstrated below, Plaintiffs have satisfied all of the prerequisites of Rule 23(a), and also the requirements of Rule 23(b)(2), that the DBZ Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed.R.Civ.P. 23(b)(2).  Additionally, Plaintiffs have satisfied the requirements of Rule 23(b)(3), that common questions of law and fact predominate as to all members of the class and that a class action is superior to alternative methods for the fair and efficient adjudication of this action.  Class certification is, therefore, proper under both Rule 23(b)(2) and 23(b)(3).

4

**B.     THE REQUIREMENTS OF RULE 23(A) ARE SATISFIED**

The four threshold requirements of Federal Rule of Civil Procedure 23(a) are: (i) numerosity ("the class is so numerous that joinder of all members is impracticable"); (ii) commonality ("there are questions of law or fact common to the class"); (iii) typicality ("the claims or defenses of the representative parties are typical of the claims or defenses of the class"); and (iv) adequacy of representation ("the representative parties will fairly and adequately process the interests of the class"). Mills v. Foremost Ins. Co., 511 F.3d 1300, 1307-08 (11th Cir. 2008), citing Fed.R.Civ.P. 23(a). As set forth below, Plaintiffs have more than enough evidence to establish all of the elements of Rule 23(a).

**C.     THE CLASS IS SO NUMEROUS THAT JOINDER OF ALL MEMBERS IS IMPRACTICABLE**

Rule 23(a)(1) provides that, in any class action, the members of the class must be sufficiently numerous that joinder of all members is impracticable. Fed.R.Civ.P. 23(a)(1). Plaintiffs do not need to state the exact number of potential class members, nor is a specific number of class members required for numerosity. Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 930 (11th Cir. 1983). "Furthermore, the relevance of the numerosity requirement to class certification may in appropriate cases be less significant where in fact class wide discrimination has been alleged, Gurmankin v. Costanzo, 626 F.2d 1132, 1134-35 (3rd Cir.1980)." Evans v. U.S. Pipe & Foundry Co., 696 F.2d at 930. Additionally, where the numerosity question is a close one, a balance should be struck in favor of a finding of numerosity, since the court has the option to decertify pursuant to Rule 23(c) (1)." *Id*. It is also "proper for the court 'to accept common sense assumptions in order to support a finding of numerosity.'" Moskowitz v. Lopp, 128 F.R.D. 624, 628 (E.D. Pa. 1989), quoting Wolgin v. Magic Marker Corp., 82 F.R.D. 168, 171 (E.D. Pa. 1979).

5

Generally, forty (40) or more members will satisfy the numerosity requirement in the Eleventh Circuit. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir.1986). Further, "impracticable" does not mean impossible. Rhodes v. Cracker Barrel Old Country Store, Inc., 213 F.R.D. 619, 674 (N.D. Ga. 2003). Plaintiffs "'need only show that it would be extremely difficult or inconvenient to join all members of the class.'" In re Miller Indus., Inc. Secs. Litig., 186 F.R.D. 680, 685 (N.D. Ga. 1999) (quoting In re Domestic Air Transp. Antitrust Litig., 137 F.R.D. 677, 698 (N.D. Ga. 1991)). The size of the class, the geographical dispersion of the class, the ease of class member identification, the nature of the action, and the size of each class member's claim affect the practicability of joinder of the class members. Kilgo v. Bowman Transp., Inc., 789 F.2d 859, 878 (11th Cir. 1986); Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1038 (5th Cir. 1981); Reid v. Lockheed Martin Aeronautics Co., 205 F.R.D. 655, 666 (N.D. Ga. 2001).

Although the exact number of the Class members is unknown recent census data indicates the Black population of Mahoning County is roughly 34,322 individuals. In any event, since the number (as well as the identity) of potential class members is within the knowledge or possession of Defendants, denial of class certification based on insufficient numerosity without an opportunity for discovery by Plaintiffs would constitute clear and reversible error. See, e.g., Parker v. Time Warner Entm't Co., 331 F.3d 13, 21-22 (2d Cir. 2003) (in cable subscribers' suit against cable providers alleging statutory privacy claims, the district court improperly denied class certification for monetary damages claims without conducting minimal discovery); Goodman v. Schlesinger, 584 F.2d 1325, 1332 (4th Cir. 1978) (district court acted prematurely in denying class certification to plaintiffs who alleged employment discrimination because the information relied upon did not contain sufficient information to ascertain noncompliance with the

6

federal rule). See also Huff v. N. D. Cass Co. of Ala., 485 F.2d 710, 713 (5th Cir. 1973) (*en banc*) ("Maintainability may be determined on the basis of pleadings, but the determination usually should be predicated on more information than the complaint itself affords. The court may, and often does, permit discovery relating to the issues involved in maintainability, and a preliminary evidentiary hearing may be appropriate or essential as a part of the vital management role which the trial judge must exercise in class actions to assure that they are both meaningful and manageable." (quotation marks, citations, and footnotes omitted)).[1]

### D. THERE ARE QUESTIONS OF LAW OR FACT COMMON TO THE CLASS WHICH PREDOMINATE OVER QUESTIONS AFFECTING ONLY INDIVIDUAL MEMBERS

Together, Rule 23(a)(2) and Rule 23(a)(3) require that before a class can be certified, it must be shown that (1) class members share common issues of law or fact – the "commonality" requirement, and (2) the common issues predominate over issues unique to individual class members – the "typicality" requirement. Fed.R.Civ.P. 23(a)(2) and 23(a)(3). The Supreme Court has noted that the "commonality and the typicality requirements of Rule 23(a) tend to merge." Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 157-158 (1982); *see also* Amchem Products, Inc. v. Windsor, 521 U.S. 591, 626 n.20 (1997) (the commonality, and typicality, and adequacy-of-representation requirements "tend to merge"). Also, the requirement that the defendant act on grounds generally applicable to the 23(b)(2) class is encompassed in the commonality requirement of Rule 23(a). Diaz v. Hillsborough County Hosp. Auth., 165 F.R.D. 689, 695 (M.D. Fla.

---

[1] Former Fifth Circuit decisions rendered before October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

7

1996); Harriss v. Pan American World Airways, Inc., 74 F.R.D. 24, 45-46 (N.D. Cal. 1977). Accordingly, by satisfying the commonality requirement of Rule 23(a), Plaintiffs will also have satisfactorily alleged that Defendants acted on grounds generally applicable to the class for purposes of Rule 23(b)(2).

The commonality requirement "is not high, requiring only that resolution of the common questions affect all or a substantial number of the class members." Collins v. International Dairy Queen, Inc., 168 F.R.D. 668, 674 (M.D. Ga. 1996). A single common question of law or fact is sufficient. Stewart v. Winter, 669 F.2d 328 (5th Cir. 1982); Powers v. Stuart-James Co., 707 F. Supp. 499, 502 (M.D. Fla. 1989). In order to establish commonality, the named Plaintiffs and the class need only, for example, "point to the same broad course of alleged fraudulent conduct." In re Electro-Catheter Sec. Litig., 1987 U.S. Dist. LEXIS 13500, 1987-88 Transfer Binder, Fed.Sec.L.Rep. (CCH) P93, 643 at 97,932 (D.N.J. 3 Dec. 1987). Also, "[a] court will normally find commonality where a question of law refers to the standardized conduct by defendants toward members of the proposed class." Amerifirst, 139 F.R.D. at 428 (noting that individual differences in damages will not defeat a finding commonality). Differences among the claims of the putative class members do not defeat certification. *See, e.g.,* Eisenberg v. Gagnon, 766 F.2d 770 (3rd Cir. 1985) (certifying securities fraud class action despite differences in injuries); Troutman v. Cohen, 661 F. Supp. 802, 811 (E.D. Pa. 1987) (certifying subclass of 1,973 nursing home patients challenging reductions in their level of nursing care designations over typicality and commonality objections "because it is not the unique facts of the individual appeals which give rise to this action but rather the decision making process"). Rather, the issue turns on whether there exists at least one issue affecting all or a significant number of proposed class members. Stewart v. Winter, 669 F.2d 328 (5th Cir. 1982).

While Plaintiffs thus need only identify one practice or policy that affects all class members in order to satisfy the commonality requirement, this case involves numerous common questions of law and fact. The Complaint details a course of conduct whereby Defendants intentionally ignored the duty to consider the totality of circumstances and Senate Report factors. The requirements of Rule 23(a)(2) are easily satisfied in this case because all of the members of the Class share common questions of law and fact arising from this course of conduct and scheme. Among the questions of law and fact common to the Class are:

a) Did the Ohio Redistricting Commission have a duty to engage in an intensely local appraisal of indigenous political reality in Mahoning County, Ohio in connection with configuration of US Congressional and Ohio General Assembly;

b) Did Defendants violate the federal Voting Rights Act;

c) Did Defendants violate the 15th Amendment;

d) Did Defendants violate Section 2 of the 14th Amendment;

e) Are at large elections in Mahoning County, Ohio violative of the Voting Rights Act;

f) Do the legislative boundaries enacted on March 28, 2022 by the Defendants violate the 15th Amendment or VRA; and

g) Is it appropriate for Ohio's legislative leadership to follow a policy in connection with redistricting where race and/or racially polarized voting are totally disregarded.

Turning to the typicality requirement, a named plaintiffs' claims are also typical of the class where, as here, their claims "arise from the same event or pattern or practice and

9

are based on the same legal theory" as the claims of the class. Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir.1984), *cert. denied*, 470 U.S. 1004, 105 S. Ct. 1357, 84 L. Ed. 2d 379 (1985) (emphasis added). There is no requirement that the named plaintiffs each personally experience every difficulty outlined in the complaint. Rather, it is sufficient that the claims of the named plaintiffs are substantially similar to the claims of the class. Appleyard v. Wallace, 754 F.2d 955, 958 (11th Cir. 1985); Binion v. Metropolitan Pier & Exposition Auth., 163 F.R.D. 517 (N.D. Ill. 1995). Also, satisfaction of the typicality requirement means, at most, that there be no direct conflict between the representative party and the class "over the very issue in litigation," and that "the representative party and his attorney can be expected to prosecute the action vigorously." Mersay v. First Republic Corp., 43 F.R.D. 465, 469 (S.D.N.Y. 1968) (class certification granted where shareholder's knowledge of actions taken by corporation did not make his damages for securities violation less typical of the class he sought to represent, nor did it affect his ability to represent the class); In re Data Access Systems Sec. Litig., 103 F.R.D. 130, 139 (D.N.J. 1984) (the typicality requirement "can be met with surprising ease in most cases because the majority of class action decisions support the view that when it is alleged that the same unlawful conduct was directed or affected both the named Plaintiffs and the class sought to be represented, the typicality requirement is met"), *rev. and remanded for application of different statute of limitation,* 843 F.2d 1537 (1988); Eisenberg, 766 F.2d at 786 (typicality requirement is satisfied when there is an identity of interest among members of the class and a lack of adversity or antagonism between any absent class members over the very issues in litigation).

Importantly, the Plaintiffs and other Class members have been injured by the same course of conduct by the Defendants. *See* In re IGI Securities Litig., 122 F.R.D. 451, 456

10

(D.N.J. 1988)("it is the <u>defendants</u>' course of conduct…upon which the court must focus in determining typicality") (emphasis in original). Plaintiffs's' claims against the Defendants are based on the same core legal theories and arise from the Defendants' common course of conduct as do the claims of the members of the Class. Under these circumstances, a finding of typicality is clearly appropriate. *See id*.; <u>Markocki v. Old Republic Nat'l Title Ins. Co., supra</u>; <u>Honorable v. Easy Life Real Estate Sys., Inc., supra</u>; <u>Seeger v. Aid Assocs., supra</u>.

### E.   THE NAMED PLAINTIFFS AND THEIR COUNSEL WILL FAIRLY AND ADEQUATELY PROTECT THE INTERESTS OF THE CLASS

Federal Rule of Civil Procedure 23(a) also requires that the representative plaintiffs adequately protect the interests of the Class. To meet the adequacy requirement, there must be no disabling conflicts of interest between the class representative and the class, and the class representative must be represented by counsel competent and experienced in the type of litigation to be undertaken. *Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1189 (11th Cir. 2003).

In this action there are no disabling conflicts of interest between the Plaintiffs and the other proposed Class members. The Plaintiffs, like the other Class members, have been damaged as a result of the scheme and course of conduct of the Defendants. The interests of the other members of the Class will, therefore, be protected by the Plaintiffs. *See Huff v. N. D.*, 485 F.2d 710 (5th Cir. 1973) (Plaintiffs in a class action suit charging employment discrimination was improperly disqualified from representing a class based solely on the viability of his individual claim, where he otherwise met the requirements of the class action statute).

The requirement of adequacy of representation is also met by the qualifications of the proposed Class counsel, one of whom is a named Plaintiffs in this action. As the court noted in *Klein v. A.G. Becker Paribas, Inc.*, 109 F.R.D. 646, 651 (S.D.N.Y. 1986), the recent trend is to "assess the adequacy of the representative's attorney rather than the personal qualification of the named Plaintiffs." Undersigned counsel has an accomplished reputations in the fields of business, discrimination, and tort law litigation. The undersigned was counsel to the Manville Personal Injury Trust, the Black Farmers Agricultural Association and the Voting rights class in <u>Armour v. Ohio</u>. The Court can thus be assured that Plaintiffs and undersigned counsel will assert and defend the interests of the members of the Class with great "forthrightness and the vigor[.]" *See* <u>Schatzman v. Talley</u>, 91 F.R.D. 270, 273 (N.D. Ga. 1981) (when courts scrutinize representatives under Rule 23(a)(4) "the primary criterion is the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the class") (citations and quotations omitted).

In sum, because the named Plaintiffs and her counsel are adequate, the requirements of Rule 23(a)(4) are satisfied.

**F.    COMMON QUESTIONS OF LAW AND FACT PREDOMINATE OVER ANY QUESTIONS AFFECTING ONLY INDIVIDUAL CLASS MEMBERS, AND A CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS FOR THE FAIR AND EFFICIENT ADJUDICATION OF THE CONTROVERSY**

Pursuant to Rule 23(b)(3, the prerequisite for class certification is "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to any other

available methods for the fair and efficient adjudication of the controversy." For the reasons previously set forth herein, that requirement is easily met here.

**G.     COMMON QUESTIONS OF LAW OR FACT PREDOMINATE**

Where, as here, a complaint alleges a "common course of conduct" of misrepresentation, omissions and other wrongdoings that affect all members in the same manner, common questions predominate. Blackie v. Barrack, 524 F. 2d 891, 905- 908 (9th Cir. 1975).[2] Moreover, "[t]he mere presence of potential individual issues does not defeat the predominance of common questions." McFarland v. Memorex, 96 F.R.D. 357, 363-364 (N.D. Cal. 1982).

**H.     THE "SUPERIOR" REQUIREMENT OF RULE 23(B)(3) IS ALSO SATISFIED**

Rule 23(b)(3) also requires the court to determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." It has been virtually uniformly recognized that the class action is superior to other available methods, particularly, "duplicative individual lawsuits," since numerous determinations could result in varying adjudications of liability. *See* In re United Energy Corp. Solar Power Modules Tax Shelter, 122 F.R.D. 251, 258 (C.D. Cal. 1988) Denying class treatment might preclude individuals with smaller claims from obtaining any relief. Williams Corp. v. Kaiser Sand Gravel Corp., 1992 U.S. Dist. Lexis 16947 *16 (N.D. Cal. 1992).

---

[2] This is consistent with the views of the Advisory Committee on Rule 23: "fraud perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action, and it may remain so despite the need, if liability is found, for separate determination of the damages suffered by individuals within the class" *Advisory Committee on Rule 23*, Proposed Amendments to the Rules of Civil Procedure, 39 F.R.D. 69, 103 (1966).

13

Furthermore, given the predominance of common questions in this case, requiring individual adjudications would waste scarce judicial resources and, thus, would violate the spirit of Rule 23. *See* In re Workers' Compensation, 130 F.R.D. 99, 110 (D. Minn. 1990).

In determining whether the 'superiority" requirement of Rule 23(b)(3) is satisfied, a court may consider the following:

> (A) the class members' interests in individually controlling the prosecution…of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b)(3).

First, since the claims of all Class members are virtually identical, members have no need to individually control separate actions. Second, Plaintiffs are not aware of any individual actions concerning this dispute that have been commenced by other Class members. Third, the geographical dispersion of the Class members makes it desirable that litigation of the claims involved be concentrated in this forum. Finally, with respect to paragraph (D), there is no reason to believe that there will be significant or unusual difficulties in the management of this litigation. Given the predominance of common questions, the most efficient use of judicial resources and the best way to serve the interests of the Class members is to prosecute the action in a single forum.

### III. CONCLUSION

For the reasons set forth herein, this action should be certified as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure on behalf of the

14

Class defined herein, and also pursuant to Rule 23(a) and (b)(3) on behalf of the Class defined herein.

/s/ Percy Squire
Percy Squire (0022010)
Percy Squire Co., LLC
341 S. Third Street, Suite 10
Columbus, Ohio 43215
(614) 224-6528, Telephone
(614) 224-6529, Facsimile
psquire@sp-lawfirm.com
Attorney for Intervenors-Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by operation of the United States District Court, Southern District of Ohio electronic filing system, on March 29, 2022.

*s/Percy Squire, Esq.*
Percy Squire (0022010)
Attorney for Intervenors-Plaintiffs