**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL GONIDAKIS et al., | Case No. 2:22-cv-00773 |
| Plaintiffs, | Circuit Judge Amul R. Thapar |
| THE OHIO ORGANIZING | Chief Judge Algenon L. Marbley |
| COLLABORATIVE, COUNCIL ON AMERICAN-ISLAMIC RELATIONS, | Judge Benjamin J. Beaton |
| OHIO, OHIO ENVIRONMENTAL COUNCIL, SAMUEL GRESHAM JR., | Magistrate Judge Elizabeth Preston Deavers |
| AHMAD ABOUKAR, MIKAYLA LEE, PRENTISS HANEY, PIERRETTE TALLEY, and CRYSTAL BRYANT, | |
| Intervenor-Plaintiffs, | |
| v. | |
| FRANK LAROSE, in his official capacity, | |
| Defendant. | |

**MOTION OF INTERVENOR-PLAINTIFFS THE OHIO ORGANIZING
COLLABORATIVE, ET AL. FOR APPOINTMENT OF SPECIAL MASTER**

Intervenor-Plaintiffs the Ohio Organizing Collaborative ("OOC"), Council on American-Islamic Relations, Ohio ("CAIR-Ohio"), Ohio Environmental Council ("OEC"), Samuel Gresham Jr., Ahmad Aboukar, Mikayla Lee, Prentiss Haney, Pierrette Talley, and Crystal Bryant (collectively, the "OOC Petitioners") respectfully move this Court, pursuant to Federal Rule of Civil Procedure 53, for the appointment of a special master to provide advice, assistance, and consultation to the Court in connection with the process of reviewing, selecting, and ordering the implementation an Ohio General Assembly district plan for 2022, should such a process become necessary in the event that the redistricting proceedings before the Ohio Redistricting Commission

and Ohio Supreme Court are unable to adopt a constitutionally-compliant General Assembly map in time for the 2022 election cycle.

WHEREFORE, the OOC Petitioners respectfully request that the Court enter an order directing that:

(A) A special master shall be appointed pursuant to Federal Rule of Civil Procedure 53 to assist and advise the Court on the redistricting remedy;

(B) The parties shall submit the names and qualifications of candidates to serve as special master not later than April 6, 2022; and

(C) The parties shall submit any comments and objections on the possible candidates for special master not later than April 8, 2022.

Dated April 1, 2022

Respectfully submitted,

/s/Christina J. Marshall
Christina J. Marshall (Ohio Bar No. 0069963)
   *Trial Attorney*
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
1100 Superior Avenue E, Suite 1750
Cleveland, OH 44114
(248) 267-3256
marshall@millercanfield.com

Alicia L. Bannon*
Yurij Rudensky (*pro hac vice*)
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Tel: (646) 292-8310
Fax: (212) 463-7308
bannona@brennan.law.nyu.edu
rudenskyy@brennan.law.nyu.edu

*\*pro hac vice* forthcoming

Peter M. Ellis
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Tel: (312) 207-1000
Fax: (312) 207-6400
pellis@reedsmith.com

Brian A. Sutherland (*pro hac vice*)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Tel: (415) 543-8700
Fax: (415) 391-8269
bsutherland@reedsmith.com

Ben R. Fliegel (*pro hac vice*)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel: (213) 457-8000
Fax: (213) 457-8080
bfliegel@reedsmith.com

*Attorneys for Intervenor-Plaintiffs*
*The Ohio Organizing Collaborative, et al.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

MICHAEL GONIDAKIS et al.,

    Plaintiffs,

THE OHIO ORGANIZING
COLLABORATIVE, COUNCIL ON
AMERICAN-ISLAMIC RELATIONS,
OHIO, OHIO ENVIRONMENTAL
COUNCIL, SAMUEL GRESHAM JR.,
AHMAD ABOUKAR, MIKAYLA LEE,
PRENTISS HANEY, PIERRETTE
TALLEY, and CRYSTAL BRYANT,

    Intervenor-Plaintiffs,

v.

FRANK LAROSE, in his official capacity,

    Defendant.

Case No. 2:22-cv-00773

Circuit Judge Amul R. Thapar

Chief Judge Algenon L. Marbley

Judge Benjamin J. Beaton

Magistrate Judge Elizabeth Preston Deavers

## BRIEF IN SUPPORT OF MOTION OF INTERVENOR-PLAINTIFFS
## THE OHIO ORGANIZING COLLABORATIVE, ET AL.
## <u>FOR APPOINTMENT OF SPECIAL MASTER</u>

## INTRODUCTION

The Ohio Supreme Court's process to review the General Assembly district plan adopted by the Ohio Redistricting Commission on March 28 is underway. But time is short. Based on the Secretary of State's representations, a district plan must be in place by April 20 for the State of Ohio to conduct a primary election in August. Given the uncertainty surrounding when the Ohio Supreme Court might rule on the March 28 plan, along with concomitant uncertainty over the next steps toward implementation, the OOC Petitioners understand that parallel proceedings in this Court are necessary to ensure that Ohio has a valid and constitutional plan for the 2022 election.

To that end, the OOC Petitioners respectfully submit that this Court should appoint a special master now. That special master would help this Court evaluate the various proposed General Assembly district plans, if necessary, including the plan that OOC expect to propose with its motion for a preliminary injunction on April 6. Redistricting is a complex and time-sensitive process in the best of times, and evaluating the alternatives submitted by the parties may require specialized knowledge. A special master appointment will position this Court to quickly evaluate and order adoption of a General Assembly plan if and when the time is right.

## BACKGROUND

The OOC Petitioners recognize that the Court is familiar with the background of this case and will not repeat the full history here. As a summary of the recent developments in the state redistricting proceedings, the Ohio Supreme Court struck down the Commission's third plan as unconstitutional on March 16, 2022, and gave the Commission until March 28, 2022 to adopt a constitutionally compliant map. *See League of Women Voters of Ohio v. Ohio Redistricting Comm'n*, 2022-Ohio-789, 2022 WL 803033, --- N.E.3d ----, ¶¶ 44-46. The Commission retained two independent map drawers, Douglas Johnson, Ph.D. of National Demographics Corp. and

Michael McDonald, Ph.D. of the University of Florida, to assist the Commission in drafting a new plan.[1]

On March 23, 2022, the Commission adopted a set of ground rules for the map drawers,[2] and met with the independent map-drawers over the next two days.[3] Drs. Johnson and McDonald spent long days developing and refining an entirely-new district plan leading up to the March 28 deadline.[4] Just as they were on the verge of refining a constitutionally-compliant plan, very late in the evening on March 28, 2022, the Republican members of the Commission introduced a separate map.[5] This new proposed map was based on the third plan that the Ohio Supreme Court already held to be unconstitutional, with only minor deviations.[6] Virtually no time was allotted for the Commissioners to review, and no comments or amendments were permitted.[7] The Commission nevertheless voted four-to-three to approve this plan.[8]

On March 29, 2022, the Bennett Petitioners filed a Renewed Motion for an Order Directing Respondents to Show Cause and Motion to Schedule Contempt Hearing in the Ohio Supreme Court. (ECF No. 134-1). The OOC Petitioners joined in that motion. The same day, Intervenor-

---

[1] https://redistricting.ohio.gov/meetings, March 23, 2022, Minutes ¶ F, Transcript 00:03:59-00:03:26; https://www.wcbe.org/wcbe-news/2022-03-22/redistricting-commission-agrees-to-consultants-for-latest-effort-to-redraw-maps; https://ohiocapitaljournal.com/2022/03/22/ohio-redistricting-commission-adds-two-new-mapmakers.

[2] https://redistricting.ohio.gov/meetings, March 23, 2022, Minutes ¶ J; https://redistricting.ohio.gov/meetings, March 24, 2022, Ground Rules for Map Drawers adopted March 23, 2022.

[3] https://redistricting.ohio.gov/meetings, March 24, 2022 video; March 25, 2022 video.

[4] https://redistricting.ohio.gov/meetings, March 26, 2022 data files; March 27, 2022 data files.

[5] https://redistricting.ohio.gov/meetings, March 28, 2022, Transcript part 4 00:10:17-00:29:36.

[6] https://redistricting.ohio.gov/meetings, March 28, 2022, Transcript part 4 00:25:59-00:32:14.

[7] *See* https://redistricting.ohio.gov/meetings, March 28, 2022, Transcript part 4 00:10:17-00:56:11.

[8] https://redistricting.ohio.gov/meetings, March 28, 2022, Transcript part 4 00:52:15-00:54:24.

Defendants League of Women Voters of Ohio and A. Philip Randolph Institute filed a similar Motion for an Order Directing Respondents to Show Cause for Why They Should Not be Held in Contempt of the Court's March 16, 2022 Order in the Ohio Supreme Court. (ECF No. 142-1). Both motions remain pending, and the parties are in the midst of briefing the constitutionality of the March 28 plan. The Ohio Supreme Court has not yet issued any indication on when it may rule on the Commission's recently adopted March 28 map.

In addition, during a hearing before this Court on March 30, 2022, Secretary of State LaRose announced that a General Assembly map would need to be finalized by April 20, 2022, in order to allow a primary election to proceed on August 2, 2022.

## LEGAL STANDARD

The Court may appoint a special master to "perform duties consented to by the parties," to "hold[] trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by . . . some exceptional condition," or to "address pretrial and posttrial matters that cannot [otherwise] be effectively and timely addressed" by the Court. Fed. R. Civ. P. 53(a). "Before appointing a master, the court must give the parties notice and an opportunity to be heard." Fed. R. Civ. P. 54(b)(1). Any party may suggest candidates for the special master appointment. *Id.* Additionally, the order appointing the special master "must direct the master to proceed with all reasonable diligence" and must state:

> (A) the master's duties, including any investigation or enforcement duties, and any limits on the master's authority under Rule 53(c);
>
> (B) the circumstances, if any, in which the master may communicate ex parte with the court or a party;
>
> (C) the nature of the materials to be preserved and filed as the record of the master's activities;
>
> (D) the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations; and

(E) the basis, terms, and procedure for fixing the master's compensation under Rule 53(g).

Fed. R. Civ. P. 53(b)(2). Once appointed, a special master has the authority to "regulate all proceedings," "take all appropriate measures to perform the assigned duties fairly and efficiently," and to compel and take evidence for an evidentiary hearing. Fed. R. Civ. P. 53(c).

## ARGUMENT

If the ongoing state court proceedings do not result in adoption of a district plan in time, this Court may need to order the implementation of an appropriate district plan for 2022. At this time, the OOC Petitioners anticipate that the parties to this litigation may ask this Court to review at least four potential General Assembly district plans: (1) the 2011 General Assembly district plan; (2) the General Assembly district plan adopted by the Ohio Redistricting Commission on March 28, 2022; (3) the plan developed by the Ohio Redistricting Commission's two independent map-drawers (the Johnson/McDonald plan or the independent plan), or a derivative of that plan proposed by the intervenors; and (4) the plan proposed by the Bennett Petitioners (the Rodden plan).

The advice and consultation of a special master who possesses specialized knowledge and expertise in this area of redistricting would be beneficial to the Court, as it considers whether a proposed remedial plan is properly apportioned and complies with the requirements of federal and state law. To be clear, the OOC Petitioners do *not* anticipate that the special master would draft a plan, but would instead advise and assist the Court in evaluating any remedial plans presented and the expert declarations and/or testimony in support of those plans.

Federal courts have regularly appointed special masters to assist with evaluating or drawing constitutionally compliant district maps. *See, e.g.*, *Larios v. Cox*, 306 F. Supp. 2d 1212, 1213 (N.D. Ga. 2004) (appointing a special master to draw Georgia General Assembly plans after

holding existing maps to be invalid, as violating one person-one vote principle); *Covington v. North Carolina*, No. 1:15-CV-399, 2017 WL 5992358, at *3 (M.D.N.C. Dec. 1, 2017), *aff'd in relevant part*, 138 S. Ct. 2548 (2018) (noting that court had "determined that appointment of a Special Master was necessary because of the 'fast approaching filing period for the 2018 election cycle … ."); *Bethune-Hill v. Virginia State Bd. of Elections*, 368 F. Supp. 3d 872, 873–74 (E.D. Va. 2019) (noting that court had appointed a special master to aid in redistricting process and adopting district map for Virginia House of Delegates proposed by special master); *see also Personhuballah v. Alcorn*, 155 F. Supp. 3d 552, 556 (E.D. Va. 2016) (noting that court had appointed a special master); *Rodriguez v. Pataki*, 207 F. Supp. 2d 123, 124–25 (S.D.N.Y. 2002) (concluding that "[p]reparing a timely and suitable plan of congressional districts thus presents an exceptional condition that requires the appointment of a Special Master to assist the Court" and appointing special master).

The OOC Petitioners respectfully submit that the Court should adopt a similar approach here and appoint a special master for the purpose of providing advice, consultation, and assistance to the Court in evaluating and analyzing the Ohio General Assembly district plans and maps proposed by the parties in the event that ordering the implementation of such a map becomes necessary based upon the outcome of the Ohio state proceedings.

## CONCLUSION

For all of the foregoing reasons, the OOC Petitioners respectfully request that the Court enter an order directing that:

> (A) A special master shall be appointed pursuant to Federal Rule of Civil Procedure 53 to assist and advise the Court on the redistricting remedy;

(B) The parties shall submit the names and qualifications of candidates to serve as special master not later than April 6, 2022; and

(C) The parties shall submit any comments and objections on the possible candidates for special master not later than April 8, 2022.

Dated April 1, 2022

Respectfully submitted,

/s/Christina J. Marshall
Christina J. Marshall (Ohio Bar No. 0069963)
  *Trial Attorney*
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
1100 Superior Avenue E, Suite 1750
Cleveland, OH 44114
(248) 267-3256
marshall@millercanfield.com

Alicia L. Bannon*
Yurij Rudensky (*pro hac vice*)
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Tel:  (646) 292-8310
Fax: (212) 463-7308
bannona@brennan.law.nyu.edu
rudenskyy@brennan.law.nyu.edu

*\*pro hac vice* forthcoming

Peter M. Ellis
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Tel:  (312) 207-1000
Fax: (312) 207-6400
pellis@reedsmith.com

Brian A. Sutherland (*pro hac vice*)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Tel:  (415) 543-8700
Fax: (415) 391-8269
bsutherland@reedsmith.com

Ben R. Fliegel (*pro hac vice*)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel:  (213) 457-8000
Fax: (213) 457-8080
bfliegel@reedsmith.com

*Attorneys for Intervenor-Plaintiffs*
*The Ohio Organizing Collaborative, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2022, I electronically filed the foregoing document with the Clerk of the Court which will serve all attorneys of record.

/s/Christina J. Marshall
Christina J. Marshall (0069963)
MILLER, CANFIELD, PADDOCK
and STONE, P.L.C.
1100 Superior Avenue E, Suite 1750
Cleveland, OH 44114
(248) 267-3256
(248) 879-2001 (Facsimile)
marshall@millercanfield.com

38901484.5/066667.00811