IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GONIDAKIS, et al.**,
    Plaintiffs,

**BENNETT, et al.,**
    Intervenor-Plaintiffs,

**SIMON, et al.,**
    Intervenor-Plaintiffs,

and

**THE OHIO ORGANIZING COLLABORATIVE, et al.,**
    Intervenor-Plaintiffs,

**v. LAROSE,**                                                           Case No. 2:22-cv-773
    Defendant,

**LEAGUE OF WOMEN VOTERS OF OHIO, et al.,**
    Intervenor-Defendants,

**SYKES, et al.,**
    Intervenor-Defendants,

**YOST**,
    Intervenor-Defendant,

and

**FABER, et al.,**
    Intervenor-Defendants.

_____/

**Motion By Center for Competitive Democracy to Filed Attached
Amicus Brief in Support of No Party**

Amicus curiae, the Center for Competitive Democracy, respectfully moves the Court to accept filing of this brief in support of no party. The Center for Competitive Democracy ("the Center") was founded in Washington, D.C. in 2005 to strengthen American democracy by

increasing electoral competition. The Center works to identify and eliminate barriers to political participation and to secure free, open and competitive elections by fostering active civic engagement in the political process. The Center has participated in numerous cases involving electoral barriers across the country as either Amicus Curiae or through direct representation. *See*, *e.g.*, *Constitution Party of Pa. v. Cortes*, 116 F.Supp.3d 486 (E.D. Pa. 2015) (holding Pennsylvania's statutory scheme for minor parties and independent candidates unconstitutional), *aff'd*, 824 F.3d 386 (3d Cir. 2016).

The Center is interested in the present controversy because of Ohio's poor historical record of discrimination against minor and new political parties, as well as their candidates. Because of Ohio's historical and continuing pattern, the Center keeps a close eye on Ohio's changes to its election laws. Ohio law presently, for example, continues to discriminate against new political parties by denying to them the same primary processes that are made available, free of charge and at taxpayers' expense, to the two major political parties. Minor political parties and their candidates, in contrast, are forced to pay their own ways. The Center believes this disparate financial treatment is itself unconstitutional and should not be continued. Simply put, Ohio's voters/taxpayers should not be forced to subsidize the two major parties at the expense of all other candidates. Twenty-five million more of Ohioans' hard-earned tax dollars should not and need not be directed to financing an extra primary for the two major political parties when an easy an obvious solution (spelled out in the attached brief) exists.

Counsel for Amicus has today contacted counsel for the parties of record in order to obtain their consent to the filing of the attached Amicus brief. As of the filing of this Motion, counsel for Defendant-LaRose, Intervenor- League of Women Voters, et al., and Intervenor-Sykes, et al., have consented. No objections have been received from the remaining parties.

Respectfully submitted,

*s/ Mark R. Brown*

Mark R. Brown
303 E. Broad Street
Columbus, OH 43215
614.236.6590
mbrown@law.capital.edu
Counsel for Amicus