# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Michael Gonidakis, *et al.*, | : | |
| | : | Case No. 2:22-cv-773 |
| Plaintiffs, | : | |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| Frank LaRose, | : | Circuit Judge Amul R. Thapar |
| | : | |
| Defendant. | : | Judge Benjamin J. Beaton |
| | : | |

## PLAINTIFFS' OPPOSITION TO CENTER FOR DEMOCRACY'S MOTION FOR LEAVE TO FILE AMICUS BRIEF

Plaintiffs' Complaint was filed on February 18, 2022, nearly two months ago. (*See* ECF No. 1). Now that briefing is closed, and the "drop dead" date is one week away, the Center for Competitive Democracy (the "Center") seeks leave to file an amicus brief. (*See* ECF No. 187). This Court should deny the Center's motion for leave because it is untimely, and the proposed amicus brief is not useful.

First, this Court should deny the motion for leave because it is untimely. *See Nat'l Air Traffic Controllers Corp Ass'n v. Mineta*, 2005 U.S. Dist. LEXIS 54190 * 1 (N.D. Ohio June 24, 2005). Timeliness is one of the primary factors that courts consider when evaluating a proposed brief. *Id.* (quoting *Kollaritsch v. Mich. State Univ. Bd. of Trs.*, 2017 U.S. Dist. LEXIS 225107, * 1 (W.D. Mich. Oct. 30, 2017)); *see also Vashisht-Rota v. Harrisburg Univ.*, No. 20-CV-967 JLS (KSC), 2020 U.S. Dist. LEXIS 261140, at *5 (S.D. Cal. Aug. 6, 2020).

Here, the Center's proposed brief was filed after briefing closed and just one week from the "drop dead" date provide by Secretary LaRose, April 20, 2022. Plaintiffs' Complaint was filed

nearly two months ago. (*See* ECF No. 1). Since that time, the Center had ample opportunity to have its voice heard. This includes the Court's most recent briefing schedule, which called for post-hearing briefs and response briefs on April 6, 2022 and April 11, 2022, respectively. (*See* ECF Nos. 143, 172). No briefs were filed by the Center. But now that briefing is closed, the Center seeks to interject. (*See* ECF No. 187). Because the Center's motion was filed long after Plaintiffs first filed their Complaint, after the briefing schedule closed, and now just days away from necessary relief, this Court should deny the motion as untimely.

Second, this Court should deny the Center's motion because it is not useful. Besides timeliness, trial courts also look to the usefulness of a proposed amicus brief. *See Nat'l Air Traffic Controllers Corp Ass'n*, 2005 U.S. Dist. LEXIS 54190 * 1 (quotation omitted). A trial court generally does not consider an amicus brief that is not useful. *See Sisters for Life, Inc. v. Louisville-Jefferson Cty. Metro Gov't*, Civil Action No. 3:21-cv-367-RGJ, 2022 U.S. Dist. LEXIS 33390, at *6 (W.D. Ky. Feb. 25, 2022) (quoting *United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991)).

Here, the Center's proposed brief is not useful, so this Court should deny the motion for leave. Despite the "drop dead" date a week away, the Center suggests that this Court should certify to the Ohio Supreme Court the question whether the major political parties could use petitions instead of primaries under the Ohio Constitution. (ECF No. 187-1, PageID # 6029). This is not a useful course of action. Certifications to the Ohio Supreme Court typically take a year to resolve, so this Court would not receive an answer until well after the general election.[1] Moreover, even if the answer is "yes," Ohio's entire election structure relies on primary elections, so whether

---

[1] "The average time from certification to resolution [during the measured time period] was 11.96 months . . . ." Rebecca A. Cochran, *Federal Court Certification of Questions of State Law to State Courts: A Theoretical and Empirical Study*, 29 J. LEGIS. 157, 170 (2013).

2

candidates could be selected by primary election or petition under the Ohio Constitution is irrelevant. The latter option does not prohibit the first.

The Center then suggests that an election could be held "using Ohio's existing statutory scheme." (ECF No. 187-1, PageID # 6029). This is not a useful argument—and it is contradicted by the Center's own brief. (*Id.*). The Center points to R.C. 3517.012. But the first step, according to the Center, is to disregard division (A) of that same statute. This proposed modification by the Center confirms that Ohio's existing statutory scheme cannot be used. Moreover, even looking strictly at division (B), as proposed by the Center, is not an option. That division expressly applies to candidates for new parties and independent candidates. *See id.* So either the Center is proposing that this Court eliminate candidates from the major parties or the Center seeks yet another modification. Regardless, it shows that "using Ohio's existing statutory scheme" is a false promise. It is not a useful or practical solution for this Court. That is why most of the parties conclude that moving the primary election for General Assembly candidates to August 2, 2022, is the best and least disruptive option. (Secretary LaRose, ECF No. 179, PageID # 5781; Bennett Petitioners, ECF No. 181, PageID # 5889; Sykes and Russo, ECF No. 182, PageID # 5924; OOC, ECF No. 183, PageID # 5933).[2]

Because the Center's motion for leave is untimely and its proposed amicus brief is not useful, this Court should deny the motion for leave.

---

[2] Secretary LaRose also asks this Court to move the State Central Committee races to August 2, 2022. (ECF No. 179, PageID # 5779). The League of Women Voters and A. Philip Randolph Institute of Ohio ask this Court to invent a petition process. (*See* ECF No. 184, PageID # 5991).

Respectfully submitted,

**Isaac Wiles & Burkholder LLC**

*/s/ Donald C. Brey*
Donald C. Brey (0021965)
Brian M. Zets (0066544)
Matthew R. Aumann (0093612)
Ryan C. Spitzer (0093515)
Trista M. Turley (0093939)
Two Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax: 614-365-9516
dbrey@isaacwiles.com
bzets@isaacwiles.com
maumann@isaacwiles.com
rspitzer@isaacwiles.com
tturley@isaacwiles.com

*Attorneys for Plaintiffs Michael Gonidakis, Mary Parker, Margaret Conditt, Beth Ann Vanderkooi, Linda Smith, Delbert Duduit, Thomas W. Kidd, Jr., and Ducia Hamm*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Donald C. Brey*
Donald C. Brey (0021965)