**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GONIDAKIS, et al.**,
    Plaintiffs,

**BENNETT, et al.,**
    Intervenor-Plaintiffs,

**SIMON, et al.,**
    Intervenor-Plaintiffs,

and

**THE OHIO ORGANIZING COLLABORATIVE, et al.,**
    Intervenor-Plaintiffs,

**v. LAROSE,**                                          Case No. 2:22-cv-773
    Defendant,

**LEAGUE OF WOMEN VOTERS OF OHIO, et al.,**
    Intervenor-Defendants,

**SYKES, et al.,**
    Intervenor-Defendants,

**YOST**,
    Intervenor-Defendant,

and

**FABER, et al.,**
    Intervenor-Defendants,

_____/

**Center for Competitive
Democracy's Reply to Gonidakis's Objection**

    Plaintiffs- Gonidakis, et al., (hereinafter "Gonidakis") claim in objecting to the Center for Competitive Democracy's (hereinafter "the Center") proffered Amicus brief that it is neither timely nor useful. The Center's brief, however, addresses questions that were not posed by the

1

Court to the parties until April 7, 2022. It was filed on April 12, 2022 – just one day after Gonidakis's own brief responding to those questions. The Center's brief could hardly have been filed sooner given its intent to present additional information to the Court.

Its filing, moreover, does not prejudice any party. Instead, it calls the Court's attention to a relevant precedent, *Libertarian Party of Ohio v. Husted*, 97 N.E.3d 1083 (Ohio App. 2017),[1] that had not been raised by the parties in response to the Court's questions. This case was not cited by Gonidakis in his response to this Court's questions (nor at any other time). Nor was the case raised by any other party to these proceedings. It specifically refutes the claim made by Gonidakis that "[t]he Ohio Constitution still requires a primary election for General Assembly seats." Plaintiffs' Response in Support of Post-Hearing Brief, Doc. No. 180 at PageID #5792. This additional information is therefore useful.

The Center's suggestion that O.R.C. § 3517.012(B) be used instead of a delayed primary is also useful. Any relief this Court orders will have to modify Ohio law to some extent, so the only question is how to order relief while preserving as much of the existing law as possible. The use of section 3517.012(B), the Center argues, enables the Court to provide a narrowly tailored remedy that also protects Ohio voters/taxpayers' pocketbooks. It also best preserves federalism principles by affording the Ohio Supreme Court more time to resolve the impasse. No other party has made this argument. The Center believes the point is useful to the people of Ohio.

---

[1] To the extent time is too short for certification, the Center believes that the Tenth District's conclusion about Ohio's Constitution should be treated as controlling over the "forecasts" previously offered by the Sixth Circuit and this Court. "[N]o matter how seasoned the judgment of the [federal] district court may be," after all, "it cannot escape being a forecast rather than a determination" of state law. *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 499 (1941). The Tenth District, moreover, expressly rejected the Sixth Circuit's interpretation of Article V, § 7 after thoroughly considering it: "we are not bound by a federal court's statement in interpreting the Ohio Constitution." *Libertarian Party of Ohio v. Husted*, 97 N.E.3d at 1097.

For these reasons, Amicus respectfully requests that the Court accept its brief.

> Respectfully submitted,
>
> *s/ Mark R. Brown*
>
> Mark R. Brown
> 303 E. Broad Street
> Columbus, OH 43215
> 614.236.6590
> mbrown@law.capital.edu
> Counsel for Amicus