# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MICHAEL GONIDAKIS, *et al.*,

    Plaintiffs,

v.

OHIO REDISTRICTING COMMISSION, *et al.*,

    Defendants.

Case No. 2:22-cv-773

Chief Judge Algenon L. Marbley
Circuit Judge Amul R. Thapar
Judge Benjamin J. Beaton

Magistrate Judge Elizabeth P. Deavers

## DEFENDANT THE OHIO REDISTRICTING COMMISSION'S ANSWER TO THE SIMON PARTIES' INTERVENOR COMPLAINT

Now comes The Ohio Redistricting Commission ("Commission"), by and through the undersigned counsel, to answer the Intervenor-Plaintiffs' ("Simon Parties") Complaint (Doc. 92) and states as follows:

1. The Commission admits the allegations in Paragraph 1 of the Complaint.

2. In response to Paragraph 2 of the Complaint, the Commission admits that the transcript of the August 23, 2021 Ohio Redistricting Commission meeting speaks for itself. The Commission denies the remaining allegations in Paragraph 2.

3. In response to Paragraph 3 of the Complaint, the Commission admits that it passed four general assembly plans and two congressional district plans. Further answering, the Commission admits that three general assembly plans and one congressional district plan have been invalidated by the Ohio Supreme Court, and the second congressional district plan ("The March 2 Plan") is currently under review by the Ohio Supreme Court. The Commission denies the remaining allegations in Paragraph 3.

4. In response to Paragraph 4 of the Complaint, the Commission admits that the Simon Parties bring this action to challenge the redistricting process relied upon by the Commission in enacting the general assembly and congressional districting plans. The Commission denies the remaining allegations in Paragraph 4 and further denies that the Simon Parties are entitled to relief.

5. The Commission denies the allegations in Paragraph 5 of the Complaint.

6. The Commission denies the allegations in Paragraph 6 of the Complaint and further denies that the Simon Parties are entitled to injunctive relief, or any relief whatsoever against the Commission.

7. Paragraph 7 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission admits that the cited case speaks for itself. The Commission denies the remaining allegations in Paragraph 7.

8. The Commission denies the allegations in Paragraph 8 of the Complaint and further denies that the Simon Parties are entitled to relief against the Commission.

9. In response to Paragraph 9 of the Complaint, the Commission admits that the relief sought by the Simon Parties speaks for itself. The Commission denies the remaining allegations in Paragraph 9.

10. In response to Paragraph 10 of the Complaint, the Commission admits that the Simon Parties are registered Black voters in Mahoning County, Ohio. The Commission denies the remaining allegations in Paragraph 10.

11. Paragraph 11 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission denies the allegations in

Paragraph 11 and further denies that the Simon Parties are entitled to the relief requested in the Complaint.

12. The Commission admits the allegations in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission admits that the Voting Rights Act speaks for itself.

14. The Commission lacks knowledge or information sufficient to form a belief as to the allegations regarding where the Simon Parties' reside. In response to Paragraph 14 of the Complaint, the Commission admits that the Simon Parties bring this challenge. The Commission denies the remaining allegations in Paragraph 14.

15. The Commission denies the allegations in Paragraph 15 of the Complaint.

16. The Commission denies the allegations in Paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint, the Commission admits that the cited transcript of the September 9, 2021 Ohio Redistricting Commission meeting speaks for itself. The Commission denies the remaining allegations in Paragraph 17.

18. In response to Paragraph 18 of the Complaint, the Commission admits that the cited transcript of the September 9, 2021 Ohio Redistricting Commission meeting speaks for itself. The Commission denies the remaining allegations in Paragraph 18.

19. The Commission lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 of the Complaint, and therefore denies same.

20. The Commission lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20 of the Complaint, and therefore denies same.

21. The Commission lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 21 of the Complaint, and therefore denies same.

22. In response to Paragraph 22 of the Complaint, the Commission admits that the Simon Parties bring this lawsuit. The Commission denies the remaining allegations in Paragraph 22.

23. In response to Paragraph 23 of the Complaint, the Commission admits that the Simon Parties filed this action against five members of the Commission. The Commission denies the remaining allegations in Paragraph 23.

24. In response to Paragraph 24 of the Complaint, the Commission admits that Mike DeWine is Governor of Ohio, member of the Ohio Redistricting Commission, and voted to approve three 2022 general assembly plans and the second 2022 congressional district plan. The Commission denies the remaining allegations in Paragraph 24.

25. In response to Paragraph 25 of the Complaint, the Commission admits that Frank LaRose is the Ohio Secretary of State, member of the Ohio Redistricting Commission, and Ohio's chief election officer. The Commission admits that Secretary LaRose voted to approve three 2022 general assembly plans and the second 2022 congressional district plan. The Commission denies the remaining allegations in Paragraph 25.

26. In response to Paragraph 26 of the Complaint, the Commission admits that Bob Cupp is Speaker of the Ohio House of Representatives, member of the Ohio Redistricting Commission, and voted to approve the general assembly plans and the congressional district plans. Further answering, the Commission admits that the General Assembly is responsible for the redistricting of Ohio's congressional districts. The Commission denies the remaining allegations in Paragraph 26.

27. In response to Paragraph 27 of the Complaint, the Commission admits that Matt Huffman is the President of the Ohio State Senate, member of the Commission, and voted to approve the general assembly plans and the second 2022 congressional district plan. The Commission denies the remaining allegations in Paragraph 27.

28. In response to Paragraph 28 of the Complaint, the Commission admits that the Commission and five of its members—House Speaker Cupp, Governor DeWine, Secretary LaRose, Auditor Faber, and Senate President Huffman—were named as defendants in the Complaint. The Commission denies the remaining allegations in Paragraph 28.

29. In response to Paragraph 29 of the Complaint, the Commission admits that the Democratic Members of the Ohio Redistricting Commission were not sued. The Commission denies the remaining allegations in Paragraph 29.

30. In response to Paragraph 30 of the Complaint, the Commission admits that Attorney General Yost is named as a party in the Complaint. The Commission denies the remaining allegations in Paragraph 29.

31. The Commission reasserts its responses to Paragraphs 1 through 30 as though fully asserted herein.

32. In response to Paragraph 32 of the Complaint, the Commission admits that the Complaint speaks for itself. The Commission denies the remaining allegations in Paragraph 32.

33. Paragraph 33 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission admits that the cited case law and statute speak for themselves. The Commission denies the remaining allegations in Paragraph 33.

34. Paragraph 34 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission admits that the Voting Rights Act speaks for itself. The Commission denies the remaining allegations in Paragraph 34.

35. Paragraph 35 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission admits the cited case speaks for itself. The Commission denies the remaining allegations in Paragraph 35.

36. The Commission lacks information sufficient to form a belief as to the allegations in Paragraph 36 of the Complaint regarding whether a Black candidate has never been elected to a Mahoning County office. In response to Paragraph 36, the Commission admits that the Simon Parties filed a lawsuit in the Northern District of Ohio that has since been dismissed under Fed. R. Civ. P. 41. Further answering, the Commission admits that the Ohio Redistricting Commission meeting transcript and cited case speak for themselves. The Commission denies the remaining allegations in Paragraph 36.

37. The Commission admits the allegations in Paragraph 37 of the Complaint.

38. In response to Paragraph 38 of the Complaint, the Commission admits that the 2020 decennial census is used for Ohio's congressional and general assembly plans. The Commission denies the remaining allegations in Paragraph 38.

39. The Commission denies the allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission admits that the Ohio Constitution speaks for itself. The Commission denies the remaining allegations in Paragraph 40.

41. Paragraph 41 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission admits that the Ohio Constitution speaks for itself. The Commission denies the remaining allegations in Paragraph 41.

42. In response to Paragraph 42 of the Complaint, the Commission admits that the composition of the Ohio General Assembly speaks for itself. The Commission denies the remaining allegations in Paragraph 42.

43. The Commission lacks information sufficient to form a belief as to the allegations set forth in Paragraph 43 of the Complaint, and therefore denies same.

44. The Commission lacks information sufficient to form a belief as to the allegations in Paragraph 44 of the Complaint, and therefore denies same.

45. Paragraph 45 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission denies the allegations in Paragraph 45.

46. Paragraph 46 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission denies the allegations in Paragraph 46.

47. Paragraph 47 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission denies the allegations in Paragraph 47.

48. Paragraph 48 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission denies the allegations in Paragraph 48.

49. Paragraph 49 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission denies the allegations in Paragraph 49.

50. Paragraph 50 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission denies the allegations in Paragraph 50.

51. The Commission denies the allegations in Paragraph 51 of the Complaint and each of its subparts.

52. The Commission incorporates its responses to Paragraphs 1 through 51 as though fully asserted herein.

53. Paragraph 53 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission admits that Section 2 of the Voting Rights Act speaks for itself.

54. Paragraph 54 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission denies the allegations in Paragraph 54.

55. The Commission denies the allegations in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission denies the allegations in Paragraph 56.

57. Paragraph 57 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission admits that U.S.C. §1031(b) speaks for itself. The Commission denies the remaining allegations in Paragraph 57.

58.     Paragraph 58 of the Complaint states legal conclusions for which no response is required.  To the extent a response is required, the Commission denies the allegations in Paragraph 58.

59.     The Commission denies the allegations in Paragraph 59 of the Complaint.

60.     The Commission incorporates its responses to Paragraphs 1 through 59 as though fully asserted herein.

61.     Paragraph 61 of the Complaint states legal conclusions for which no response is required.  To the extent a response is required, the Commission admits that the Fourteenth Amendment of the United States Constitution speaks for itself.  The Commission denies the remaining allegations in Paragraph 61.

62.     Paragraph 62 of the Complaint states legal conclusions for which no response is required.  To the extent a response is required, the Commission admits that the cited statues and the United States Constitution speak for themselves.  The Commission denies the remaining allegations in Paragraph 62.

63.     Paragraph 63 of the Complaint states legal conclusions for which no response is required.  To the extent a response is required, the Commission admits that 42 U.S.C. § 1984 speaks for itself.  The Commission denies the remaining allegations in Paragraph 63.

64.     Paragraph 64 of the Complaint states legal conclusions for which no response is required.  To the extent a response is required, the Commission denies the allegations in Paragraph 64.

65.     Paragraph 65 of the Complaint states legal conclusions for which no response is required.  To the extent a response is required, the Commission denies the allegations in Paragraph 65.

66. Paragraph 66 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission denies the allegations in Paragraph 66.

67. The Commission incorporates its responses to Paragraphs 1 through 66 as though fully asserted herein.

68. Paragraph 68 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission admits that 42 U.S.C. § 1984 speaks for itself. The Commission denies the remaining allegations in Paragraph 68.

69. Paragraph 69 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission admits that the Fifteenth Amendment to the United States Constitution speaks for itself. The Commission denies the remaining allegations in Paragraph 69.

70. Paragraph 70 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission admits that the Fifteenth Amendment to the United States Constitution speaks for itself. The Commission denies the remaining allegations in Paragraph 70.

71. The Commission incorporates its responses to Paragraphs 1 through 70 as though fully asserted herein.

72. The Commission admits the allegations in Paragraph 72 of the Complaint.

73. The Commission lacks information sufficient to form a belief as to the allegations in Paragraph 73 of the Complaint regarding the Simon Parties' decision to take various legal action, and therefore denies same. The Commission denies the remaining allegations in Paragraph 73 of the Complaint.

...

74. The Commission denies the allegations in Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission admits that cited case speaks for itself. The Commission denies the remaining allegations in Paragraph 75.

76. Paragraph 76 of the Complaint states legal conclusions for which no response is required. To the extent a response is required, the Commission denies the allegations in Paragraph 76.

77. The Commission denies any allegation in the Complaint that is not specifically admitted herein, and further denies that the Simon Parties are entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

1. As its first affirmative defense, the Commission states that the Complaint, and each cause of action therein, fails to state a claim upon which relief may be granted, and further fails to state facts sufficient to entitle the Simon Parties to the relief they seek, or to any other relief whatsoever against the Commission.

2. As its second affirmative defense, the Commission states that the Simon Parties' claims are barred in whole or in part because the allegations in the Complaint fail to show that the Commission acted in any manner that violates any statutory or constitutional provision, and that, to the contrary, the Commission has at all times acted in conformance with the law in connection with the allegations set forth in the Complaint.

3. As its third affirmative defense, the Commission states that some or all of the Simon Parties' claims are barred because the Simon Parties lack standing to bring them.

4. As its fourth affirmative defense, the Commission states that the Simon Parties' claims for injunctive relief are barred in whole or in part by the doctrine of laches.

5. As its fifth affirmative defense, the Commission states that this Court lacks subject matter jurisdiction over the claims set forth in the Simon Parties' Complaint.

6. As its sixth affirmative defense, the Commission states that the Simon Parties failed to join all necessary parties under Rule 19 of the Federal Rules of Civil Procedure.

7. As its seventh affirmative defense, the Commission states that the Simon Parties' claims against the Commission are barred by qualified and/or sovereign immunity.

8. The Commission reserves the right to amend and/or supplement these affirmative defenses.

WHEREFORE, Defendant The Ohio Redistricting Commission respectfully requests that this Court dismiss the Simon Parties' Complaint, with prejudice, and that the Simon Parties be awarded no relief, no costs, and no attorneys' fees.

Date: April 14, 2022                                    Respectfully submitted,

/s/ Ashley T. Merino
Erik J. Clark (0078732), *Trial Attorney*
Ashley Merino (0096853)
**ORGAN LAW LLP**
1330 Dublin Road
Columbus, Ohio  43215
614.481.0900
614.481.0904 (facsimile)
ejclark@organlegal.com
amerino@organlegal.com

Special Counsel to Attorney General Dave Yost

*Counsel for Defendant The Ohio Redistricting Commission*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2022, the foregoing was electronically filed with the Clerk of Court using the Court's electronic filing system and was therefore served on all counsel of record.

/s/ Ashley T. Merino
*One of the Attorneys for Defendant*
*The Ohio Redistricting Commission*