# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DISTRICT

| | |
|---|---|
| MICHAEL GONIDAKIS, ET AL., <br><br> PLAINTIFFS, <br><br> AND <br><br> THE HONORABLE REVEREND KENNETH L. SIMON, ET AL., <br><br> INTERVENOR-PLAINTIFFS, <br><br> VS. <br><br> GOVERNOR MIKE DEWINE, GOVERNOR AND MEMBER OF THE OHIO REDISTRICTING COMMISSION, ET AL., <br><br> DEFENDANTS. | **CASE NO. 2:22-CV-00773** <br><br> CHIEF JUDGE ALGENON L. MARBLEY <br><br> JUDGE AMUL R. THAPAR <br><br> JUDGE BENJAMIN J. BEATON |

### INTERVENOR-DEFENDANTS HUFFMAN AND CUPP'S MEMORANDUM IN OPPOSITION TO SIMON INTERVENOR-PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Intervenor-Defendants Senate President Matt Huffman and Speaker Robert R. Cupp ("Legislative Defendants") file this Memorandum in Opposition to Intervenor-Plaintiffs' Kenneth L. Simon, Lewis Macklin, and Helen Youngblood's (collectively, "Simon Intervenors") Motion for Class Certification.

### ARGUMENT

On March 29, 2022 Simon Intervenors filed the instant Motion for Class Certification. Two days later, Simon Intervenors filed a Second Motion for Temporary Restraining Order. In the Court's April 12, 2022 Order on Simon Intervenor's Second Motion for Temporary Restraining order, the Court noted that the Simon Intervenor's requests regarding Ohio's congressional

1

districting exceeded the scope of their intervention, and declined to grant relief. The Court further held that while the Simon Intervenors could remain in this case, it must be solely for the "purpose originally identified: addressing their constitutional challenge to the remedy or remedies sought with respect to the General Assembly Redistricting." (D.E.185 p.6). The Court suggested that if Simon Intervenors wanted to continue to litigate issues outside of that narrow scope, the proper venue was the Northern District of Ohio.

Because the majority of the issues raised in Simon Intervenors Motion for Class Certification relate to issues outside of the narrow scope of this case, Legislative Defendants' position is that the Court's April 12 Order mooted Simon Intervenors' Motion. Should the Simon Intervenors want to seek class certification in a new suit in the Northern District of Ohio regarding Ohio's Congressional districting or the "at large elections" in Mahoning County, they are free to do so. But this Court is not the proper vehicle for their Motion for Class Certification.

If the Court were to determine that the April 12 Order did not moot the relief sought by Simon Intervenors, the Motion for Class Certification should still be denied. The Supreme Court of the United States has repeatedly held that a "person's right to vote is 'individual and personal in nature.' *Gill v. Whitford*, 138 S. Ct. 1916, 1929, 201 L. Ed. 2d 313 (2018) *quoting Reynolds v. Sims*, 377 U.S. 533, 561, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964). And districting suits should properly challenge individual districts themselves. *See Alabama Legislative Black Caucus v. Alabama,* 575 U.S. 254, 262, 135 S. Ct. 1257, 1265, 191 L. Ed. 2d 314 (2015) (gerrymandering claim [] applies to the boundaries of individual districts.") This makes class actions in redistricting suits inherently suspect, because class actions, by their very nature, are focused on group harm.

But even more fundamentally, this Court should deny Simon Intervenors Motion for Class Certification because the rights of the proposed class will be adequately represented by the Simon

Intervenors and other Plaintiff Intervenors in this action, and because the class is not needed to achieve the same result. Simon Intervenors and other Plaintiff Intervenors in this action have sought both declaratory and injunctive relief. And if they prevail, this relief will benefit all members of the proposed class.

Courts across the country have routinely denied class action certifications in instances such as these, many of which have involved districting or other voting rights issues. *See Fairley v. Forrest Cty., Miss.*, 814 F. Supp. 1327, 1330 (S.D. Miss. 1993) (denying motion for class certification because the Plaintiffs sought declaratory and injunctive relief which would bind and benefit all members of the proposed class); *Ball v. Brown*, 450 F. Supp. 4, 8 (N.D. Ohio 1977) (denying class action certification in a voting rights case because ("[t]he effect of the Court's decree will extend to the plaintiff and all others similarly situated irrespective of whether this case proceeds as a class action"); *United Farmworkers of Florida Housing Project, Inc. v. City of Delray Beach,* 493 F.2d 799 (5th Cir. 1974) (upholding denial of class action certification because any injunctive relief won by plaintiff would benefit not just plaintiff, but "all other persons subject to the practice under attack"); *Baughman* v. *Bowman*, 2021 WL 3924081, at *2 (E.D. Tex. July 22, 2021), report and recommendation adopted sub nom. *Baughman v. Bowman*, No. 6:20-CV-560-JDK-KNM, 2021 WL 3912666 (E.D. Tex. Sept. 1, 2021) (holding the same); *Dionne v. Bouley*, 757 F.2d 1344, 1357 (1st Cir. 1985) (upholding district court's denial of class certification where there was "no practical need for class certification" due to the injunctive nature of the relief sought).

## **CONCLUSION**

For the foregoing reasons, Simon Intervenors' Motion for Class Certification should be denied.

Respectfully submitted this the 19th day of April, 2022.

/s/ Phillip J. Strach

Phillip J. Strach, *pro hac vice*
phillip.strach@nelsonmullins.com
Thomas A. Farr, *pro hac vice*
tom.farr@nelsonmullins.com
John E. Branch, III, *pro hac vice*
john.branch@nelsonmullins.com
Alyssa M. Riggins, *pro hac vice*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt, *pro hac vice*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: 919-329-3800

W. Stuart Dornette (0002955)
dornette@taftlaw.com
Beth A. Bryan (0082076)
bryan@taftlaw.com
Philip D. Williamson (0097174)
pwilliamson@taftlaw.com
**TAFT STETTINUS & HOLLISTER LLP**
425 Walnut St., Suite 1800
Cincinnati, OH 45202-3957
Telephone: 513-381-2838

*Counsel for Intervenor-Defendants Huffman and Cupp*

4878-2363-4716 v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th of April 2022 the foregoing document was filed via the Court's CM/ECF system which sent notice of the same to all counsel of record in this matter.

/s/ Phillip J. Strach

Phillip J. Strach, *pro hac vice*
phillip.strach@nelsonmullins.com
Thomas A. Farr, *pro hac vice*
tom.farr@nelsonmullins.com
John E. Branch, III, *pro hac vice*
john.branch@nelsonmullins.com
Alyssa M. Riggins, *pro hac vice*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt, *pro hac vice*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: 919-329-3800

W. Stuart Dornette (0002955)
dornette@taftlaw.com
Beth A. Bryan (0082076)
bryan@taftlaw.com
Philip D. Williamson (0097174)
pwilliamson@taftlaw.com
**TAFT STETTINUS & HOLLISTER LLP**
425 Walnut St., Suite 1800
Cincinnati, OH 45202-3957
Telephone: 513-381-2838

*Counsel for Intervenor-Defendants Huffman and Cupp*