**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| MICHAEL GONIDAKIS, ET AL. | : | CASE NO. 2:22-CV-773 |
| | : | |
| PLAINTIFFS | : | CHIEF JUDGE ALGENON L. |
| | : | MARBLEY |
| VS. | : | |
| | : | CIRCUIT JUDGE AMUL R. |
| FRANK LAROSE, | : | THAPAR |
| | : | |
| DEFENDANTS. | : | JUDGE BENJAMIN J. BEATON |

**REPLY OF SIMON PLAINTIFFS TO INTERVENOR-DEFENDANTS HUFFMAN AND CUPP'S MEMORANDUM IN OPPOSITION TO SIMON PARTIES' MOTION FOR CLASS CERTIFICATION**

Reverend Kenneth L. Simon, Reverend Lewis W. Macklin, II and Helen Youngblood, (hereinafter the "Simon Parties"), hereby Reply to the Opposition of Intervenor-Defendants Huffman and Cupp, ECF Docket #195, to the Simon Parties' Motion to Certify a Class under Fed. R. Civ. P. 23(b)(2). ECF Docket #140. The Opposition argues that class certification should be denied for the following reasons:

1. This Honorable Court's April 12, 2022 Order, ECF Docket #185 that limited the permissible scope of Simon Party intervention to challenges to the redistricting of the Ohio General Assembly, has rendered the Simon Party motion to certify moot;

2. If the Motion to Certify is not moot, a class action is not the appropriate vehicle to prosecute a voting rights challenge to districting; and

3. The rights of the Simon Parties are adequately protected by other parties to this action.

The Simon Parties respectfully disagree with the Opposition arguments and reject each one for reasons set forth hereinafter

1

### A. MOOTNESS

The Intervenor Complaint filed by the Simon Parties alleged a single argument against Defendants, that the express policy of Defendants to intentionally disregard racial demographics, as evidenced by the adoption of an explicit rule, Ohio Redistricting Commission, Rule No. 9, given the history of racial discrimination in Ohio's Mahoning Valley as documented in the case of *Armour v. Ohio* and the directive set forth in *Thornbury v. Gingles*, that Defendants had a duty to engage in an intensely local appraisal of indigenous political reality in the affected locate, is a violation of the §2 of the Voting Rights Act.

The General Assembly maps poised to be ordered into effect under this Court's April 20, 2022 Order, ECF Docket #196, was formulated pursuant to Defendants' unlawful Rule 9 policy of failure to consider racial demographics. This Court's April 12, 2022 Order limited the Simon Parties intervention to challenges to the General Assembly Plan. The Motion for Class Certification is limited to the Simon Parties General Assembly challenge alone. To the extent the Motion mentions County or Congressional elections, even though the Defendants' conduct is also actionable in relation to those electoral structures, the Simon Parties' motion is limited to the General Assembly Plan, Map 3 . That map places the Simon parties into a proposed Senate District , District 33 with Carroll County . Seventy two Black people live in Carroll County and its considerably further from Mahoning County where the Simon parties reside than adjacent Trumbull County which has over 15,000 Blacks. Under Rule 9 that racial disparity and associated voting behavior was purportedly ignored. Whether Rule 9 is violative of Section 2 of the Voting Rights Act is the sole target of the Simon Parties' action here.

### B. CLASS ACTION IN VOTING CASES

The Simon Parties have moved under Fed. R. Civ. P. 23(b)(2) to certify a class for the reason similarly situated Mahoning Valley Black voters, persons protected under the provisions of the VRA, stand to benefit from a favorable ruling that proscribes the utilization of Ohio Redistricting Commission Rule 9. According to the Advisory Committee notes on Federal Civil Rule 23, 39 F.R.D. 73, 102, Rule 23(b)(2) was crafted specifically to facilitate civil rights litigation. Any determination that Rule 9 is unlawful in relation to the named putative class representatives will necessarily effect the other members of the putative class. It would be wasteful for those affected by a ruling against Defendants to be required to institute individual actions to prevent Defendants use of Rule 9 against other Blacks. See, *Brandon L. Garrett, Aggregation and Constitutional Rights*, 88 Notre Dame L Rev. 593 (2012); also see, *McKenzie v. City of Chicago*, 118 F. 3d 552 (7th Cir. 1997).

Given that the Simon Parties attack the use by Defendants of the unlawful policy embodied in Rule 9, a Fed. R. Civ. P. 23 (b)(2) class action is the most efficient vehicle to enjoin Defendants' continued violation of the VRA and the Simon Parties' rights thereunder by the use of Rule 9.

### C. ADEQUACY OF REPRESENTATION

The arguments that the rights of the Simon Parties under the VRA are adequately protected by other parties is baseless. No other party has raised race in this action and no other party has asserted violation of the VRA. Accordingly, Defendants adequacy argument is due for rejection.

### D. CONCLUSION

For the above reasons it is respectfully requested that the motion to certify a class be granted.

3

/s/ Percy Squire  
Percy Squire (0022010)  
Percy Squire Co., LLC  
341 S. Third Street, Suite 10  
Columbus, Ohio 43215  
(614) 224-6528, Telephone  
(614) 224-6529, Facsimile  
psquire@sp-lawfirm.com  
Attorney for Simon Party-Plaintiffs  

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by operation of the United States District Court, Southern District of Ohio electronic filing system, on May 4, 2022

*s/Percy Squire, Esq.*  
Percy Squire (0022010)  
Attorney for Simon Party-Plaintiffs