IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL GONIDAKIS, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **FRANK LAROSE,** <br><br> Defendant, and <br><br> **LEAGUE OF WOMEN VOTERS OF OHIO and A. PHILIP RANDOLPH INSTITUTE OF OHIO,** <br><br> Intervenor-Defendants. | Circuit Judge Amul R. Thapar <br> Chief Judge Algenon L. Marbley <br> Judge Benjamin J. Beaton <br><br> Case No. 2:22-cv-773 |

**MEMORANDUM IN SUPPORT OF INTERVENOR-DEFENDANTS' MOTION TO MODIFY THE COURT'S APRIL 20, 2022 ORDER**

The League of Women Voters of Ohio and the A. Philip Randolph Institute of Ohio, ("Intervenor-Defendants") submit this memorandum in support of their motion to modify the court's April 20, 2022 Order under Federal Rule of Civil Procedure 60(b)(6), or alternatively under Rule 60(b)(1).  Since the entry of that Order, the majority of the Ohio Redistricting Commission has failed to live up to this Court's assessment that it is constituted of "public servants who still view partisan advantage as subordinate to the rule of law."  *See* PI Order, ECF No. 196 at 48 n. 19.  On the contrary, after this Court's ruling, the majority of the Commission simply re-enacted the Third Plan—the exact map already struck as unconstitutional by the Supreme Court of Ohio.  The Supreme Court of Ohio has since struck that map again, and directed the Commission to adopt a new General Assembly plan by June 3, 2022.  Intervenor-

Defendants respectfully request that this Court stay its hand until June 6, so that the results of the Supreme Court's order can be considered before this Court acts.

Federal Rule of Civil Procedure 60(b) provides that "the [C]ourt may relieve a party or its legal representative from a final judgment, order, or proceeding" on the basis of "(6) any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) calls for "a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (internal citation omitted). Rule 60(b)(1) authorizes relief in the event of, in relevant part, "when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). The facts revealed since this Court's April 20, 2022 Order reveal that the underpinnings of that Order were incorrect, and the unfortunate outcome is severe injustice.

The Court's belief that the majority Commissioners intended to maintain even a basic degree of fidelity to their roles as public servants, *see* ECF No. 196 at 48 n. 19, though surely an understandable expectation of elected officials, has proven to be sadly mistaken. Despite being afforded ample time to enact a new plan, the Ohio Redistricting Commission made no effort to adopt any plan other than the unconstitutional Third Plan—and that at the last possible minute. When it adopted the Third Plan, it did so fully knowing that plan was unconstitutional. *League of Women Voters of Ohio v. Ohio Redistricting Comm.,* Slip Opinion No. 2022-Ohio-1727, ¶ 4 (May 25, 2022) (ECF No. 203-1) ("On May 5, the commission readopted Map 3, purportedly only for use in the 2022 election."). As three concurring justices of the Supreme Court of Ohio observed, the majority Commissioners' actions amounted to "utter refusal to comply with this

court's orders as rulings of law," and "insistence that they can act in derogation of the law and against their oaths to uphold it." *Id.* at ¶ 13. In short, the Commission chose partisan advantage over the rule of law. Such actions fly in the face of this Court's efforts to do justice "in light of all the facts," *see Thompson*, 580 F.3d at 442, and warrant revisiting the April 20 Order.

On May 25, 2022, the Supreme Court of Ohio invalidated the Third Plan (for the second time) and ordered the Ohio Redistricting Commission to adopt an entirely new map, to be filed with the Secretary of State by 9:00 a.m. on Friday, June 3, 2022. *League of Women Voters of Ohio v. Ohio Redistricting Comm.,* Slip Opinion No. 2022-Ohio-1727, ¶ 6 (May 25, 2022). This Court should continue to stay its hand until Monday, June 6, 2022 to permit a short period for the Ohio state process to play out and permit the enactment of a new map in compliance with the Ohio Constitution, the orders of the Ohio Supreme Court, and the will of Ohio voters. Otherwise this court will reward the Ohio Redistricting Commission "for do[ing] nothing, await[ing] a map with the desired partisan favoritism, retain[ing] the administrative benefits of an August 2 primary, and leav[ing] the election calendar unaltered." ECF No. 196 at 78–79 (Marbley, J., *dissenting*).[1]

---

[1] To the degree that this Court's decision was premised on an August 2, 2022 primary date, it is worth noting that at least eight states (Hawaii, Alaska, Wyoming, Florida, Delaware, New Hampshire, Rhode Island, and Massachusetts) have primaries occurring August 13 or later. *See* 2022 State Primary Election Dates and Filing Deadlines, National Conference of State Legislatures available at https://www.ncsl.org/research/elections-and-campaigns/2022-state-primary-election-dates-and-filing-deadlines.aspx.

| | |
|---|---|
| Dated: May 27, 2022 | Respectfully submitted, |
| | */s/ Freda J. Levenson* |
| Robert D. Fram | Freda J. Levenson (0045916) |
| COVINGTON & BURLING, LLP | *Counsel of Record* |
| Salesforce Tower | ACLU OF OHIO FOUNDATION, INC. |
| 415 Mission Street, Suite 5400 | 4506 Chester Avenue |
| San Francisco, CA 94105-2533 | Cleveland, OH 44103 |
| (415) 591-6000 | (614) 586-1972 x125 |
| rfram@cov.com | flevenson@acluohio.org |
| | |
| James Hovard | David J. Carey (0088787) |
| COVINGTON & BURLING, LLP | ACLU OF OHIO FOUNDATION, INC. |
| 3000 El Camino Real | 1108 City Park Avenue, Suite 203 |
| 5 Palo Alto Square, 10th Floor | Columbus, OH 43206 |
| Palo Alto, CA 94306-2112 | (614) 586-1972 x2004 |
| (650) 632-4700 | dcarey@acluohio.org |
| jhovard@cov.com | |
| | Alora Thomas |
| | Julie A. Ebenstein |
| | AMERICAN CIVIL LIBERTIES UNION |
| | 125 Broad Street |
| | New York, NY 10004 |
| | (212) 519-7866 |
| | athomas@aclu.org |
| | jebenstein@aclu.org |

## CERTIFICATE OF SERVICE

I , Freda J. Levenson, hereby certify that on this 27th day of May, 2022, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Southern District of Ohio, Eastern Division via the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Freda J. Levenson*
Freda J. Levenson (0045916)
*Counsel for Intervenor-Defendants*