# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL GONIDAKIS, et al.,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:22-cv-0773 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Judge Amul R. Thapar |
| **OHIO REDISTRICTING COMMISSION, et al.,** | : | Judge Benjamin J. Beaton |
| | : | |
| | : | Magistrate Judge Elizabeth P. |
| Defendants. | : | Deavers |

### SECRETARY LAROSE, AUDITOR FABER AND GOVERNOR DEWINE'S RESPONSE IN OPPOSITION TO SIMON PARTIES' MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e) (ECF No. 202)

## I.  INTRODUCTION

The Simon Parties fail to show that the Court should alter or amend its judgment issued on May 12, 2022. Distilled to its essence, the Simon Parties' motion amounts to nothing more than a disagreement with the Court's decision and represents one last attempt to relitigate the issue of which General Assembly-district map to use for the upcoming election. The Simon Parties' motion asks for the same relief that they requested in their April 25, 2022 motion to alter or amend, and it is based entirely on arguments that could have been presented to the Court prior to the entry of the May 12, 2022 Order. This latest challenge is not sufficient for the Court to grant the extraordinary remedy of amending its judgment. As explained in this response, the Court did not commit any clear errors of fact or law in issuing its May 12, 2022 Order. Nor will the parties suffer manifest injustice if the motion is not granted. Thus, the Simon Parties have not established any basis for the Court to alter or amend the judgment, and the Court should deny the Simon Parties' motion.

## II. LEGAL STANDARD

Motions to alter or amend a judgment pursuant to Rule 59(e) "are extraordinary and sparingly granted." *Conway v. Portfolio Recovery Assocs., LLC*, No. 13-07-GFVT, 2015 U.S. Dist. LEXIS 192330, at *3 (E.D. Ky. July 23, 2015). A Rule 59(e) motion may be well-taken if there is (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 808-09 (N.D. Ohio 2010) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Here, the Simon Parties assert that manifest injustice will occur if their motion is not granted. *See* Motion to Alter, ECF No. 202 at PageID 6330.

While "the 'manifest injustice' ground for a Rule 59(e) motion appears to be a catch-all provision, it is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind." *Lonardo*, 706 F. Supp. 2d at 809 (citing *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485, n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, p. 127-28 (2d ed. 1995)). Raising a claim for the first time on a Rule 59(e) motion is "simply too little, too late." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009) (citing *Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005)). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment. A district court abuses its discretion when it relies on clearly erroneous findings of

2

fact, or when it improperly applies the law or uses an erroneous legal standard." *Betts*, 558 F.3d at 467 (quoting *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004)).

## III. THE SIMON PARTIES COULD AND SHOULD HAVE MADE THEIR ARGUMENTS BEFORE THE COURT'S ORDER WAS ISSUED.

The Simon Parties are improperly using Rule 59(e) motions as vehicles for re-argument or asserting arguments that could and should have been made before judgment issued—this is their second Rule 59(e) motion in 30 days.[1] In this motion they contend that "[m]anifest injustice will occur unless the [May 12, 2022] Order is altered or amended in advance of its implementation of Map 3 of the current proposed redistricting of the Ohio General Assembly." *See* Motion, ECF No. 202 at PageID 6330. That is, they are asking for the same relief that they requested in their April 25, 2022 Rule 59(e) motion, which this Court denied. *See generally* Motion to Alter, ECF No. 197. Additionally, the Simon Parties make new arguments for claims they raised in their Complaint—when they could have and should have made these arguments *prior* to this Court's Order.[2]

---

[1] The Simon Parties erroneously assert that "this Court's May 12, 2022 Order [denied] the Simon Parties' Second Motion for Preliminary Injunction and Declaratory Relief, ECF No. 147." Mot. to Alter or Amend May 12, 2022 Order, ECF No. 202, PageID 6330. The May 12, 2022 Order actually denied the Simon Parties' *first* Motion for Temporary Restraining Order, Preliminary Injunction, Partial Summary Judgment, and Immediate Appointment of a Special Master (ECF No. 141). *See* May 12. 2022 Order ECF No. 201, PageID 6321.

[2] On June 6, 2022, thirteen days after filing this Fed.R.Civ.P. 59(e) motion, the Simon Parties also filed a Notice of Appeal of this Court's May 12, 2022 Order. *See* Notice of Appeal, ECF No. 206, PageID 6380. Thus, the Simon Parties' attempt to appeal this Court's May 12, 2022 Order to the U.S. Supreme Court and, at the same time, ask this Court to amend or alter it. This Court retains jurisdiction over this Rule 59(e) motion pursuant to FRAP 4(B)(i), which states, "If a party files a notice of appeal after the court announces or enters a judgment-but before it disposes of any motion listed in Rule 4(a)(4)(A)-the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." A Rule 59(e) motion is a motion listed in Rule 4(a)(4)(A)(iv).

In determining whether a Rule 59(e) motion simply asserts arguments that could and should have been made before a judgment issued, the appropriate question is when the Simon Parties were on notice that such an issue existed. In this case, the Simon Parties have been aware at least since the time of their intervention that the Gonidakis Parties' proposed relief contemplated the use of Map 3.  *See* Intervenor Complaint, ECF No. 92 at PageID 1526-28. In fact, the Simon Parties assert in their First Claim for Relief of their Intervenor Complaint that "[i]n direct violation of Section 2 of the Voting Rights Act: (a) [Map 3] will split the district encompassing Youngstown, Ohio in Mahoning County from Warren, Ohio in Trumbull County, which is adjacent to Youngstown, causing the Black community in Warren and Youngstown to be placed into separate Senate districts; and (b) Submerge Youngstown and Warren Black voters into a Congressional District with extreme racially polarized voting."  *Id.* at PageID 1527, ¶ 54.

Moreover, it is absolutely clear that the Simon Parties were made aware of the precise issue raised by their motion when they filed their motion in opposition to the Gonidakis Parties' Second Motion for Preliminary Injunction and Declaratory Relief on March 24, 2022—almost two months before this Court's Order. Thus, there can be no dispute that the Simon Parties were on notice. Yet, the Simon Parties *still* never moved for injunctive relief to enjoin the use of Map 3 as violative of the Voting Rights Act.  Instead, the Simon Parties simply opposed the Gonidakis Plaintiffs' request to use Map 3 for the 2022 election.  *See*, Opp. to TRO, ECF No. 93, PageID 1548.  Now, in *two* Rule 59(e) motions, the Simon Parties seek affirmative relief from Map 3 for the first time in this litigation.

When this Court addressed the Simon Parties' arguments regarding Map 3 anyway, and found that they did not meet their burden to establish a violation of the Voting Rights Act, *see* May 12 Order, ECF No. 201 at Page ID 6316, the Simon Parties now make new arguments.  They claim

for the first time in their Rule 59(e) motion that they can avoid this Court's *Gingles* analysis because their claim is a "nomination claim" rather than an "election claim." *See* Motion to Alter, ECF No. 202 at PageID 6331 ("The May 12 Order completely misses the point that the Simon claim, like the claim in *Armour.* is a claim that the 33rd Ohio Senate District as proposed in Map 3 will result in the process leading to nomination of a candidate of choice not being equally open to the Simon parties."). This is a pivot from their Intervenor Complaint, wherein the Simon Parties allege harm from the inability to elect representatives of their choice. *See generally* Intervenor Complaint, ECF No. 92. However, the idea that a "nomination claim" is not required to meet the same preconditions as an "election claim" to establish a violation of Section 2 of the Voting Rights Act—or that there is even such a distinction between claims—is wholly unfounded.

In *Thornburg v. Gingles*, 478 U.S. 30, 50, 106 S.Ct. 2752 (1986), the first time the Supreme Court construed Section 2 of the Voting Rights Act of 1965, as amended, the Court established the three "necessary preconditions" for proving that an electoral structure "operate[s] to impair minority voters' ability to elect representatives of their choice." Nowhere in the Court's analysis is there a distinction made between the ability to nominate a representative and the ability to elect a representative. Rather, *Gingles* and every case since *Gingles* that has analyzed a Section 2 Voting Rights Act claim—including *Armour v. Ohio*, 775 F.Supp. 1044 (N.D. Ohio 1991), looked at the challenged legislative redistricting plan and whether a discriminatory effect resulted from the enactment of such a plan. Since the overarching concern of Section 2 of the Voting Rights Act is to avoid a discriminatory effect, *see, e.g.*, *Gingles* at 35, it would not make sense to apply different frameworks for a "nomination claim" and an "election claim." Thus, only one framework is applied and it is the framework devised in *Gingles*. The Simon Parties cannot avoid the requirements established by the Supreme Court by labeling their claims something else in a Rule 59(e) motion.

5

Courts routinely deny Rule 59(e) motions made under circumstances similar to this case. *See, e.g.*, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *F.D.I.C. v. World University Inc.,* 978 F.2d 10, 16 (1st Cir. 1992). The Simon Parties' motion should be denied.

## IV. CONCLUSION

For the reasons discussed above, the Defendants respectfully request the Court to deny the Simon Parties' Motion under Rule 59(e).

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)
*Counsel of Record*
JONATHAN D. BLANTON (0070035)
Deputy Attorney General
MICHAEL A. WALTON (0092201)
ALLISON D. DANIEL (0096186)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Julie.Pfeiffer@OhioAGO.gov
Michael.Walton@OhioAGO.gov
Jonathan.Blanton@OhioAGO.gov
Allison.Daniel@OhioAGO.gov

*Counsel for Defendants*

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2022, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)
Assistant Attorney General