# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DISTRICT

| | |
|---|---|
| MICHAEL GONIDAKIS, ET AL., <br><br> PLAINTIFFS, <br><br> AND <br><br> THE HONORABLE REVEREND KENNETH L. SIMON, ET AL., <br><br> INTERVENOR-PLAINTIFFS, <br><br> VS. <br><br> GOVERNOR MIKE DEWINE, GOVERNOR AND MEMBER OF THE OHIO REDISTRICTING COMMISSION, ET AL., <br><br> DEFENDANTS. | **CASE NO. 2:22-CV-00773** <br><br> CHIEF JUDGE ALGENON L. MARBLEY <br><br> JUDGE AMUL R. THAPAR <br><br> JUDGE BENJAMIN J. BEATON |

### INTERVENOR-DEFENDANTS HUFFMAN AND CUPP'S MEMORANDUM IN OPPOSITION TO SIMON INTERVENOR-PLAINTIFFS' MOTION TO ALTER OR AMEND MAY 12, 2022 JUDGMENT

Intervenor-Defendants Senate President Matt Huffman and Speaker Robert R. Cupp ("Legislative Defendants") file this Memorandum in Opposition to Intervenor-Plaintiffs' Kenneth L. Simon, Lewis Macklin, and Helen Youngblood's (collectively, "Simon Intervenors") Motion to Alter or Amend May 12, 2022 Judgment (D.E. 201) and for Shortened Response Time (D.E. 202 ("Motion to Alter" or "Motion")). For the reasons stated below, the Simon Intervenors' Motion should be denied.

**PROCEDURAL BACKGROUND**

On February 18, 2022, Plaintiffs initiated this action seeking relief under the Fourteenth Amendment of the United States Constitution and requesting that the Court adopt an interim general assembly redistricting plan for the State of Ohio to be used solely for elections in 2022. Plaintiffs filed this action because the Ohio Redistricting Commission ("Commission") was unable to adopt a general assembly plan that would receive the approval of a majority of the members of the Ohio Supreme Court.

On March 29, 2022, the Simon Intervenors filed their Motions for Temporary Restraining Order, Preliminary Injunction, Partial Summary Judgment and for Immediate Appointment of Special Master (D.E. 141). Subsequently, on April 1, 2022, the Simon Intervenors filed a Second Motion for Temporary Restraining Order, Preliminary Injunction, and Partial Summary Judgment (D.E. 147)

On April 12, 2022, the Court entered an Order (D.E. 185) denying the Simon Intervenors' Second Motion for a Temporary Restraining order (D.E. 147).

On April 20, 2022, the Court entered an Order (D.E. 196), granting Plaintiffs' Second Motion for Preliminary Injunction and Declaratory Relief. In its Order of April 20, 2022, the Court held that it would order Ohio's primary election for general assembly districts be moved to August 2 under a plan that had been previously adopted by the Commission ("Plan 3"), only for the 2022 election cycle. The Court conditioned its Order by holding that Plan 3 would only be used if the Commission was unable to pass a new general assembly plan on or before May 28, 2022.

On April 25, 2022, the Simon Intervenors filed their Motion to Alter Judgment or Motion to Amend/Correct the Court's Order of April 20, 2022. (D.E. 197).

On May 12, 2022, the Court entered an Order (D.E. 201) denying the Simon Intervenors' Motion for Temporary Restraining Order, Preliminary Injunction and Summary Judgment (141) as well as the Simon Intervenors' Motion to Alter or Amend the Court's Order of April 20,2022 (D.E. 197).

On May 24, 2022, the Simon Intervenors filed their pending Motion to Alter the Court's Order of May 12, 2022 (D.E. 201 and 202). The Simon Intervenors contend that their Motion to Alter has been filed pursuant to Rule 59(e), Fed. R. Civ. P. (D.E. 202).

On May 27, 2022, the Court entered an Order (D.E. 205), directing the Secretary of State to conduct the 2022 primary elections for the Ohio general assembly pursuant to Plan 3, as had been previously directed by the Court's Order of April 20, 2022 (D.E. 196), assuming that no new general assembly plan was adopted by the Commission on or before midnight on Saturday, May 28, 2022.

Subsequently, no new general assembly plan was adopted by the Commission and the Secretary of State is now conducting general assembly primary elections under Plan 3 as ordered by this Court on both April 20, 2022, and May 27, 2022.

## ARGUMENT

1. **Even assuming Simon Intervenors' Motion to Alter and request for preliminary relief is not moot, it is clearly too late for the Court to grant any further relief for the 2022 election cycle.**

Simon Intervenors' Motion to Alter is now moot in light of this Court's Orders of April 20, 2022 (D.E. 196) and May 27, 2022 (D.E. 205), and the subsequent actions of the Secretary of State, who is presently conducting general assembly primary elections for 2022 pursuant to Plan 3. *Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 530 (6th Cir. 2001) *quoting County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) ("[a]

case becomes moot 'when the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome.'"). Moreover, given the fact that the Secretary of State is already conducting primary elections under a general assembly plan the Court has ordered him to implement, it is clearly too late in the election cycle for the Court to grant the preliminary relief requested by the Simon Intervenors for the 2022 general assembly elections. *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) (per curiam); *Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring in grant of applications for stays).

    **2. The Simon Intervenors have failed to offer evidence or argument establishing grounds for the Court to award them relief under Rule 59(e), Fed. R. Civ. P.**

The Simon Intervenors have moved to alter or amend the Court's Order of May 12, 2022, pursuant to Rule 59(e), Fed.R.Civ.P. In general, Rule 59(e) is an extraordinary remedy, which is to be used only in limited circumstances. *Marinkovic v. Hazelwood*, Case No. 1:19-cv-01710, 2021 U.S. Dist. Lexis 98365, * 4 (S.D. Ohio May 25, 2021). Rule 59(e) allows for reconsideration in a limited set of circumstances but does not permit parties to "re-argue a case." *Howard v. United States*, 553 F.3d 472, 475 (6th Cir. 2019). A court may only grant a motion to alter or amend under Rule 59(e) where: "(1) there was clear error of law in the judgment, (2) the movant has newly discovered evidence, (3) there has been an intervening change in controlling law, or (4) the alteration or amendment is needed to prevent manifest injustice." *Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 941 F.3d 828, 833 (6th Cir. 2019).

Nothing in the Simon Intervenors' Motion to Alter satisfies the requirements of Rule 59(e). The Simon Intervenors provide no case authority to support their novel argument that Section 2 of the Voting Rights Act protects their right to win primary elections, regardless of whether their minority group can win any subsequent general election in any district configuration favored by

them.[1] Nor have the Simon Intervenors offered evidence that a reasonably compact district of at least 50% plus one Black Voting Age Population ("BVAP") is either possible or required to give their minority group an equal opportunity to elect their preferred candidate of choice. *Bartlett v. Strickland*, 556 U.S. 1, 19–20, 129 S. Ct. 1231, 1246, 173 L. Ed. 2d 173 (2009). The Simon Intervenors have not even attempted to cite any new evidence or any intervening change in controlling law. Finally, there is no manifest injustice resulting from the Secretary of State's implementation of Plan 3 so that Ohio voters have an opportunity to vote for general assembly candidates during the 2022 primary election cycle. Instead, the only possible manifest injustice would arise if the Court granted the Simon Intervenors' Motion to Alter at this late stage of the elections cycle. *Merrill,* 142 S. Ct. at 880 (2022 (Kavanaugh, J., concurring). In short, the Simon Intervenors have fallen woefully short of even articulating, much less proving, any of the grounds that must be established before the Court can even consider whether it should alter or amend its Order of May 12, 2022.

## CONCLUSION

The Simon Intervenors' claims for injunctive relief are moot in light of the Court's prior Orders of April 20, 2022, and May 12, 2022, as well as the steps already taken by the Secretary of State to conduct 2022 general assembly primary elections in Ohio pursuant to Plan 3. Moreover, because of the Court's prior orders and the steps taken by the Secretary of State, it is too late in the election cycle for the Court to grant the Simon Intervenors' requested relief. Finally, the Simon Intervenors have failed to demonstrate the presence of any of the conditions that must be

---

[1] In fact, Legislative Defendants are not aware of any district configuration that has actually been proposed by the Simon Intervenors

established before a court may grant a motion to alter under Rule 59(e). For the foregoing reasons, Simon Intervenors' Motion to Alter the Court's Order of May 12, 2022 should be denied.

Respectfully submitted this the 14th day of June, 2022.

/s/ *Phillip J. Strach*
Phillip J. Strach, *pro hac vice*
phillip.strach@nelsonmullins.com
Thomas A. Farr, *pro hac vice*
tom.farr@nelsonmullins.com
John E. Branch, III, *pro hac vice*
john.branch@nelsonmullins.com
Alyssa M. Riggins, *pro hac vice*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt, *pro hac vice*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: 919-329-3800

W. Stuart Dornette (0002955)
dornette@taftlaw.com
Beth A. Bryan (0082076)
bryan@taftlaw.com
Philip D. Williamson (0097174)
pwilliamson@taftlaw.com
**TAFT STETTINUS & HOLLISTER LLP**
425 Walnut St., Suite 1800
Cincinnati, OH 45202-3957
Telephone: 513-381-2838

*Counsel for Intervenor-Defendants Huffman and Cupp*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14 of June 2022 the foregoing document was filed via the Court's CM/ECF system which sent notice of the same to all counsel of record in this matter.

/s/ *Phillip J. Strach*
Phillip J. Strach, *pro hac vice*
phillip.strach@nelsonmullins.com
Thomas A. Farr, *pro hac vice*
tom.farr@nelsonmullins.com
John E. Branch, III, *pro hac vice*
john.branch@nelsonmullins.com
Alyssa M. Riggins, *pro hac vice*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt, *pro hac vice*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: 919-329-3800

W. Stuart Dornette (0002955)
dornette@taftlaw.com
Beth A. Bryan (0082076)
bryan@taftlaw.com
Philip D. Williamson (0097174)
pwilliamson@taftlaw.com
**TAFT STETTINUS & HOLLISTER LLP**
425 Walnut St., Suite 1800
Cincinnati, OH 45202-3957
Telephone: 513-381-2838

*Counsel for Intervenor-Defendants Huffman and Cupp*

4883-2087-1717 v.1