**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Gonidakis, *et al.*, | : | |
| | : | Case No. 2:22-cv-773 |
| Plaintiffs, | : | |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| Frank LaRose, | : | Circuit Judge Amul R. Thapar |
| | : | |
| Defendant. | : | Judge Benjamin J. Beaton |

**PLAINTIFFS' OPPOSITION TO THE SIMON PARTIES'
MOTION TO ALTER OR AMEND JUDGMENT**

The Panel should deny the Simon Parties' Rule 59(e) motion because the Panel properly adopted Map 3 as backstop for an August 2, 2022 primary election for General Assembly candidates.

The Simon Parties' "Motion to Alter or Amend Judgment" is effectively a motion to reconsider the Panel's April 25, 2022 decision and to rewrite it to grant the relief previously requested by the Simon Parties and denied. Since the Simon Parties present no new evidence or authority, show no "manifest injustice," and have failed to *timely* make any such request, the Motion should be denied.

**I.     BACKGROUND**

Plaintiffs filed their Complaint on February 18, 2022, nearly four months ago. (ECF No. 1). The Simon Parties moved to intervene soon after. (ECF No. 7). While Plaintiffs alleged violations of the U.S. Constitution based on malapportionment, among other things, the Simon Parties did not. (*See* ECF No. 92). Instead, the Simon Parties brought race-based claims under the Voting Rights Act as well as the Fourteenth and the Fifteenth Amendments of the U.S.

Constitution. (*Id.*, ¶¶ 52–75). Plaintiffs and the Simon Parties also requested different relief. Plaintiffs requested a map adopted by the Ohio Redistricting Commission. (*See* ECF No. 86, PageID # 1272). The Simon Parties, on the other hand, requested a special master. (ECF No. 92, ¶ 76).

As Ohio neared a May 3, 2022 primary election, Plaintiffs moved for a preliminary injunction and declaratory relief. (*See* ECF No. 96). The Simon Parties opposed, arguing that the Ohio Redistricting Commission ignored race in drawing the General Assembly maps. (ECF No. 100, PageID # 2059). Plaintiffs responded that abstaining from race considerations is lawful, and the Simon Parties, if alleging any sort of viable claim, had failed to put forward any evidence. (ECF No. 114, PageID # 2958).

The Panel held a hearing on March 31, 2022. Plaintiffs examined Deputy Assistant Secretary of State Amanda Grandjean and Michael Gonidakis, which confirmed the primary election for General Assembly candidates had been canceled. (*See* ECF No. 150). The Simon Parties' examination of witnesses showed that racial data was "instructed by the Commission to be removed prior to drawing." (*Id.*, PageID # 4386). The Panel then requested and received post-hearing briefing and established an April 11, 2022 deadline for such briefing to be completed. (ECF Nos. 143 and 172).

Soon after briefing finished, the Panel issued its Opinion and Order. (ECF No. 196). The Panel's majority found that it would wait until May 28, 2022, but if Ohio failed to reach its own resolution by then, the state-legislative primary races would be held on August 2, 2022 using Map 3. (*Id.*, PageID # 6219). In doing so, the Panel rejected the Simon Parties' call for special master and rejected the argument that Map 3 should not be used. (*Id.*).

The Simon Parties, without new evidence or new relevant authority, and well past both the April 11, 2022 briefing deadline and the April 20, 2022 "drop dead" date, then asked the Panel to alter or amend its Opinion and Order solely as it related to the rejected VRA claim, arguing that there is a manifest injustice. (ECF Nos. 7, 197). The Panel denied this motion, concluding that the Simon Parties failed to put forward any evidence of a violation. (ECF No. 201, PageID # 6329) (Marbley, C.J., concurring) ("Because the Simon Parties have not made their necessary showing, I join the majority in its disposition of their motions).

The Simon Parties now file a *second* motion under Fed. R. Civ. P. 59(e), arguing that the Panel's earlier order "completely misses the point that the Simon claim [concerns] nomination of a candidate of choice not being equally open to the Simon Parties." (ECF No. 202, PageID # 6331) (emphasis sic). Because the Simon Parties still fail to put forward evidence, among other reasons, Plaintiffs oppose.

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 59(e), a court will reconsider its own prior decision if the moving proves a "manifest injustice." *Scharbrough v. S. Cent. Ohio Job & Fam. Servs.*, No. 2:20-cv-4527, 2022 U.S. Dist. LEXIS 36375, at *4 (S.D. Ohio Feb. 28, 2022) (Marbley, C.J.) (quoting *Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A "manifest injustice" is defined as an error that is "direct, obvious, and observable . . . ." *Bradley J. Delp Revocable Tr. Dated January 8, 1992 v. MSJMR 2008 Irrevocable Tr. Dated December 31, 2008*, 665 F. App'x 514, 530 (6th Cir. 2016) (citation and quotation omitted). A Rule 59(e) motion is not an opportunity for "new arguments or evidence that the moving party could have raised before the decision was issued." *Shine-Johnson v. Warden*, No. 2:20-cv-1873, 2021 U.S. Dist. LEXIS 221609, at *2 (S.D. Ohio Nov. 17, 2021) (Marbley, C.J.) (quoting Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller)).

3

Here, there is no manifest injustice. Indeed, the Simon Parties merely reiterate arguments previously made and rejected by the Panel. So the motion should be denied.

## III. ANALYSIS

### A. The Panel correctly rejected the Simon Parties' VRA claim.

There is no evidence of a discriminatory result. For this reason alone, the Panel properly rejected the Simon Parties' VRA claim. The Voting Rights Act requires showing discrimination in the "results" of a state's electoral procedures under the totality of the circumstances. *See* 52 U.S.C. § 10301(a); *Thornburg v. Gingles*, 478 U.S. 30, 46 (1982). "[N]o court has ever construed the Voting Rights Act as prohibiting the use of any particular method of redistricting." *Bonilla v. City Council of Chi.*, 809 F. Supp. 590, 596 (N.D. Ill. 1992) (emphasis in original). Instead, there must be an evidentiary showing of the *Gingles* factors by the plaintiff. *See Abbott v. Perez*, 138 S.Ct. 2324-25 (2018); *Ohio A. Philip Randolph Inst. v. Householder*, 367 F. Supp. 3d 697, 721 (S.D. Ohio 2019) (three-judge panel).

Here, the Simon Parties put forward no evidence of discriminatory results, so the Panel properly rejected the Simon Parties' VRA claim and requested remedy of a special master. The Simon Parties' argument—and only evidence in the record—is that the Ohio Redistricting Commission abstained from considering race. This is lawful. Neither the Simon Parties' unsupported reference to voting tendencies, nor the slight shift to a "nomination claim," can sustain the Simon Parties' VRA claim, especially with no evidence before the Panel. Therefore, as the Panel has already found, there is no manifest injustice here. (ECF Nos. 196, 201). Therefore, the motion should be denied.

### B. The Panel need not consider new arguments.

Because the Simon Parties lost their race-abstention argument, they now argue (still without any real evidence) that "Voting is clearly racially polarized" and "no Blacks have been

4

elected to countywide office in either county." (ECF No. 202, PageID # 6335). And while Plaintiffs agree that a showing of discriminatory results is the threshold issue, this argument was available to the Simon Parties the whole time. Instead, the Simon Parties rested only on their role as "successor representatives" of Mahoning Valley litigation 30 years ago. (*See, e.g.*, ECF No. 92, ¶ 10; ECF No. 149, PageID # 3740). Thus, this request is a new argument unavailable under Fed. R. Civ. P. 59(e). Therefore, the motion should be denied.

### C. The Panel need not consider the Simon Parties' proposed "evidence."

Simon Parties *argue* that there is "evidence" of discriminatory results. (ECF No. 202, PageID # 6331). But because the Simon Parties declined to put forward evidence supporting discriminatory results prior to the Panel's decision, the Panel should decline to consider any new evidence now.

First, the Simon Parties had a chance to put forward evidence of discriminatory results. This included an opportunity to submit affidavits in the multiple briefs submitted thus far. This also included a day-long evidentiary hearing, where the Simon Parties put forward no evidence of discriminatory results. As no evidence was put forward then, evidence cannot be put forward now after the Panel reached a decision.

Second, an argument is not evidence. The Simon Parties *still* fail to put forward evidence of discriminatory results. Instead, the Simon Parties assert facts without evidence, saying that the "recent nomination of J.D. Vance for an Ohio U.S. Senate seat with 32.2% of the vote is clear evidence of Simon's nomination argument's validity." (ECF No. 202, PageID # 6331). But this is not evidence: "statements in motions are not evidence and are therefore not entitled to evidentiary weight." *Singh v. INS*, 213 F.3d 1050, 1054 n.8 (9th Cir. 2000) (citation omitted); *see also* Fed. R. Civ. P. 59 (c) (allowing affidavits). Thus, the Panel continues to have no evidence before it of a supposed discriminatory result.

5

For these reasons, the Panel should deny the Simon Parties' Rule 59(e) motion.

### D. It is too late for the Simon Parties' requested remedy of a special master.

The Panel should also reject the Simon Parties' continued call for a special master because the Panel has already ordered the use of Map 3. *See Flores v. Town of Islip*, 382 F. Supp. 3d 197, 250 (E.D.N.Y. 2019) (requested injunction to cure alleged VRA violation denied because of delay); *Voters Organized for the Integrity of Elections v. Balt. City Elections Bd.*, 214 F. Supp. 3d 448, 455 (D. Md. 2016) (laches barred requested election relief). Therefore, the motion should be denied.

### IV. CONCLUSION

For all these reasons, the Panel should deny the Simon Parties' Rule 59(e) motion.

Respectfully submitted,

**Isaac Wiles & Burkholder LLC**

*/s/ Donald C. Brey*
Donald C. Brey (0021965)
Brian M. Zets (0066544)
Matthew R. Aumann (0093612)
Ryan C. Spitzer (0093515)
Trista M. Turley (0093939)
Two Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax: 614-365-9516
dbrey@isaacwiles.com
bzets@isaacwiles.com
maumann@isaacwiles.com
rspitzer@isaacwiles.com
tturley@isaacwiles.com

*Attorneys for Plaintiffs Michael Gonidakis, Mary Parker, Margaret Conditt, Beth Ann Vanderkooi, Linda Smith, Delbert Duduit, Thomas W. Kidd, Jr., and Ducia Hamm*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Donald C. Brey*
Donald C. Brey (0021965)
