**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Gonidakis, *et al.*, | : | |
| | : | Case No. 2:22-cv-773 |
| Plaintiffs, | : | |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| Frank LaRose, | : | Circuit Judge Amul R. Thapar |
| | : | |
| Defendant. | : | Judge Benjamin J. Beaton |

**PLAINTIFFS' OPPOSITION TO THE SIMON PARTIES'**
**MOTION TO STAY PENDING APPEAL**

The Panel should deny the Simon Parties' Motion to Stay pending appeal because the Simon Parties put forward no evidence of their claim, and a stay would likely disenfranchise Ohio voters, including the Simon Parties.

**I.     BACKGROUND**

Plaintiffs filed their Complaint on February 18, 2022, more than four months ago. (ECF No. 1). The Simon Parties moved to intervene soon after. (ECF No. 7). While Plaintiffs alleged violations of the U.S. Constitution based on malapportionment, among other things, the Simon Parties did not. (*See* ECF No. 92). Instead, the Simon Parties brought race-based claims under the Voting Rights Act ("VRA") as well as the Fourteenth and the Fifteenth Amendments of the U.S. Constitution. (*Id.*, ¶¶ 52–75).

As Ohio neared a May 3, 2022 primary election, Plaintiffs moved for a preliminary injunction and declaratory relief. (*See* ECF No. 96). The Simon Parties opposed, arguing that the Ohio Redistricting Commission ignored race in drawing the General Assembly maps. (ECF No. 100, PageID # 2059). Plaintiffs responded that abstaining from race considerations is lawful, and

the Simon Parties, if alleging any sort of viable claim, had failed to put forward any evidence. (ECF No. 114, PageID # 2958).

The Panel held a hearing on March 31, 2022, and soon after issued its Opinion and Order. (ECF No. 196). The Panel's majority found that it would stay its hand until May 28, 2022, but if Ohio failed to reach its own resolution by then, the General Assembly primary races would be held on the special election date of August 2, 2022, using Map 3. (*Id.*, PageID # 6219). In doing so, the Panel rejected the Simon Parties' call for special master and rejected the argument that Map 3 should not be used. (*Id.*).

When Ohio failed to adopt an alternative map by the May 28 deadline, the Panel ordered Secretary LaRose to implement Map 3 and to push the General Assembly primary election to August 2, 2022. (ECF No. 205, PageID # 63736). Secretary LaRose has begun that process.

The Simon Parties, more than once, have asked the Panel to revisit its decisions. The Simon Parties asked the Panel to alter its April 20, 2022 Order under Fed. R. Civ. P. 59(e). (ECF No. 197). This was denied. (ECF No. 201, PageID # 6321). The Simon Parties moved (again) under Rule 59(e) (*See* ECF No. 202), noticed an appeal (ECF No. 206), and then moved to stay the Panel's work. (ECF No. 207).

Plaintiffs opposed the Rule 59(e) motion (ECF No. 210), and now, for similar reasons, oppose the Simon Parties' motion to stay the Panel's Order pending an appeal.

II. <u>**STANDARD OF REVIEW**</u>

Under Fed. R. Civ. P. 62, the Court considers four factors to determine whether a decision should be stayed pending appeal: "(1) whether the party which seeks or would benefit from a stay has made a strong showing that he is likely to succeed on the merits; (2) whether the party favoring a stay will be irreparably injured if the stay does not issue; (3) whether issuance of a stay will substantially injure other parties to the proceeding; and (4) where the public interest lies." *Mich.*

*Chamber of Commerce v. Land*, 725 F. Supp. 2d 665, 698 (W.D. Mich. 2010) (citation and quotation marks omitted); *see also Tri Cty. Wholesale Distribs. v. Labatt USA Operating Co., LLC*, 311 F.R.D. 166, 172 (S.D. Ohio 2015) (Marbley, C.J.) (noting that these factors are the same as the preliminary injunction factors).

The Simon Parties cannot show that any of the four elements favor a stay, so the motion should be denied.

### III.     ANALYSIS

#### A.  The Simon Parties are unlikely to succeed on the merits.

The Simon Parties failed to put forward evidence of a discriminatory result, so they are unlikely to succeed on the merits. The Voting Rights Act requires showing discrimination in the "results" of a state's electoral procedures under the totality of the circumstances. *See* 52 U.S.C. § 10301(a); *Thornburg v. Gingles*, 478 U.S. 30, 46 (1982). "[N]o court has ever construed the Voting Rights Act as prohibiting the use of any particular method of redistricting." *Bonilla v. City Council of Chi.*, 809 F. Supp. 590, 596 (N.D. Ill. 1992) (emphasis in original). Instead, there must be an evidentiary showing of the *Gingles* factors by the plaintiff. *See Abbott v. Perez*, 138 S.Ct. 2324–25 (2018); *Ohio A. Philip Randolph Inst. v. Householder*, 367 F. Supp. 3d 697, 721 (S.D. Ohio 2019) (three-judge panel).

Here, the Simon Parties put forward no evidence of discriminatory results, so the Panel properly rejected the Simon Parties' VRA claim and requested remedy of a special master. The Simon Parties' argument—and only evidence in the record—is that the Ohio Redistricting Commission abstained from considering race.[1] This is lawful. Neither the Simon Parties' reference to unsupported voting tendencies, nor the slight shift to a "nomination claim," can sustain the

---

[1] "[S]tatements in motions are not evidence and are therefore not entitled to evidentiary weight." *Singh v. INS*, 213 F.3d 1050, 1054 n.8 (9th Cir. 2000) (citation omitted)

3

Simon Parties' VRA claim, especially with no evidence before the Panel. Therefore, as the Panel has already found, the Simon Parties are unlikely to succeed on the merits. (*See* ECF Nos. 196, 201). Thus, the motion to stay pending the appeal should be denied.

### B. The remaining factors favor denying the motion to stay.

Because a stay pending an appeal would throw another wrench into Ohio's election process, the remaining stay factors favor denying the motion. First, a stay would harm the public interest and the other parties in the proceeding. The Panel, following an evidentiary hearing, moved Ohio's primary election for General Assembly seats to the last possible date. (*See* ECF No. 196, PageID # 6219). More delay, the Panel found, risked total disenfranchisement of Ohio voters. (*Id.*, PageID # 6248). Yet the Simon Parties ask for exactly that remedy: more delay. But because the Panel set the election wheels in motion at the last moment, a stay risks the total disenfranchisement the Panel feared. Therefore, issuing a stay would substantially harm the other parties and the public at large. For these reasons, the motion should be denied.

Second, the Simon Parties would also be harmed by a stay. The Simon Parties argue that they would be harmed by voting in an "unlawful election system." (ECF No. 207, PageID # 6390). But this is wrong. There is still *no evidence* before the Panel that the currently scheduled primary election as ordered by the Panel is unlawful. Moreover, because the "drop dead" date has come and gone, a stay ordered by the Panel would likely disrupt the August 2, 2022 primary election, disenfranchising the Simon Parties (along with everyone else). So this factor, which considers the injury of the moving party, also favors denying the stay.

Because a stay would disenfranchise voters, including the Simon Parties, the motion to stay pending the appeal should be denied.

4

### IV. CONCLUSION

For all these reasons, the Panel should deny the Simon Parties' motion to stay pending an appeal.

Respectfully submitted,

**Isaac Wiles & Burkholder LLC**

*/s/ Donald C. Brey*
Donald C. Brey (0021965)
Brian M. Zets (0066544)
Matthew R. Aumann (0093612)
Ryan C. Spitzer (0093515)
Trista M. Turley (0093939)
Two Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax: 614-365-9516
dbrey@isaacwiles.com
bzets@isaacwiles.com
maumann@isaacwiles.com
rspitzer@isaacwiles.com
tturley@isaacwiles.com

*Attorneys for Plaintiffs Michael Gonidakis, Mary Parker, Margaret Conditt, Beth Ann Vanderkooi, Linda Smith, Delbert Duduit, Thomas W. Kidd, Jr., and Ducia Hamm*

### CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Donald C. Brey*
Donald C. Brey (0021965)