# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL GONIDAKIS, et al., | : |
| | : |
| Plaintiffs, | : Case No. 2:22-cv-0773 |
| | : |
| v. | : Chief Judge Algenon L. Marbley |
| | : Judge Amul R. Thapar |
| OHIO REDISTRICTING COMMISSION, et al., | : Judge Benjamin J. Beaton |
| | : |
| | : Magistrate Judge Elizabeth P. |
| Defendants. | : Deavers |

**SECRETARY LAROSE, AUDITOR FABER AND GOVERNOR DEWINE'S RESPONSE IN OPPOSITION TO SIMON PARTIES' MOTION TO STAY PENDING APPEAL (ECF No. 207)**

## I.   INTRODUCTION

This Court ordered Ohio to hold a primary election on August 2, 2022 for its legislative districts using Map 3. *See*, Order, ECF. No. 205.  In compliance with that order, Ohio's 88 county boards of elections have been preparing for the August 2nd primary election, which is now barely one month away.  Now, the Simon Parties ask this Court to stay its Order and its denial of their first Motion for Temporary Restraining Order, Preliminary Injunction, and Summary Judgment (ECF No. 141) pending appeal to the U.S. Supreme Court.  *See*, Mot. to Stay, ECF. No. 207.

The Simon Parties fail to show that they are entitled to a stay pending appeal.  First, the Simon Parties can show no likelihood of success on the merits of their claims.  They still cannot show a violation of the Voting Rights Act, as they cannot meet the mandatory pre-conditions

and "totality of circumstances" test established in *Thornburg v. Gingles*, 478 U.S. 30, 50, 106 S.Ct. 2752 (1986).  The Simon Parties' failure under *Gingles* alone is fatal to their case.

Even so, a stay would cause substantial injury and is not in the public interest.  This Court ordered an August 2 primary election and to change course now would prove chaotic to say the least, and it would offend the bedrock principles in *Purcell v. Gonzalez,* 549 U.S. 1, 127 S. Ct. 5, 166 L. Ed. 2d 1 (2006) (per curiam).  The Simon Parties do not genuinely dispute this fact.  Instead, they fall back on their flawed claim that Ohio's "electoral mapping structure" violates the VRA.  Mot. for Stay, ECF. No. 207 at PageID 6390.  Thus, the Simon Parties offer no support for their claim that granting a stay would save them from irreparable injury or that it would be in the public interest.

For these reasons, and the reasons set forth in the Defendants' Response in Opposition to Simon Parties' Motion to Alter or Amend Judgment under Rule 59(e) (ECF No. 202), this Court should deny the Simon Parties' Motion to Stay Pending Appeal (ECF No. 207).

**II.     LEGAL STANDARD**

A movant must establish four factors to obtain a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009).

When a party has no likelihood of success on the merits, we may not grant a stay. *SawariMedia, LLC v. Whitmer*, 963 F.3d 595, 596 (6th Cir. 2020) (quoting *Daunt v. Benson*, 956 F.3d 396, 421-22 (6th Cir. 2020)); *Tiger Lily, LLC v. United States HUD*, 992 F.3d

518, 521-522 (6th Cir. 2021). "Success on the merits which must be demonstrated is inversely proportional to the harm. More than a possibility of success must be shown, and "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [nonmoving party] if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" *Grutter v. Bollinger*, 247 F.3d 631, 632-633 (6th Cir. 2001) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991)).

      A.    **The Simon Parties Show No Likelihood of Success on the Merits of Their Voting Rights Act Claim.**

On June 6, 2022, thirteen days before they filed their Notice of Appeal (ECF No. 206) and this Motion to Stay Pending Appeal, the Simon Parties also filed a second Motion to Alter or Amend this Court's May 12, 2022 Order under Fed. R. Civ. P. 59(e). See, ECF No. 202. In effect, the Simon Parties' attempt to appeal this Court's May 12, 2022 Order to the U.S. Supreme Court and, at the same time, ask this Court to amend or alter it. In these situations, Fed. R. App. P. 4(B)(i) states, "If a party files a notice of appeal after the court announces or enters a judgment-but before it disposes of any motion listed in Rule 4(a)(4)(A)-the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." A Rule 59(e) motion is a motion listed in Rule 4(a)(4)(A)(iv). Thus, this Court must resolve the Simon Parties' second Rule 59(e) motion before their notice of appeal becomes effective.

In any event, the Simon Parties show *no* likelihood of success on the merits of their Voting Rights Act claim. The Simon Parties' arguments in support of their second Motion to Alter or Amend under Rule 59(e) and for their Motion to Stay Pending Appeal are substantively the same. They argue that this Court misinterpreted *Armour v. Ohio,* 775 F.Supp. 1044 (N.D.

Ohio 1991), and they advance a new theory that Map 3 prevents their preferred candidates from being *nominated* at a primary election as opposed to being *elected.* Their new "nomination theory" they say, allows them to avoid the *Gingles* pre-conditions and "totality of circumstances" test, which they cannot meet. See Mot. to Stay, ECF. No. 207 at PageID 6383-89.  As set forth in the Defendants' response in opposition to their second Rule 59(e) motion, none of these arguments hold any merit.  They are irrelevant and legally baseless.  At bottom, the Simon Parties' VRA claim fails under *Thornburg v. Gingles*, 478 U.S. 30, 50, 106 S.Ct. 2752 (1986).   For this reason, and the reasons in the Defendants' opposition to their Rule 59(e) motion, the Simon Parties show no likelihood of success on the merits of their claims and therefore, their stay application must be denied.

**B.     A Stay Would Cause Substantial Injury and is Not in the Public Interest.**

"When analyzing the balance of equities, '[the Supreme] Court has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election.'" *Kishore v. Whitmer*, 972 Fed.3d 745, 751 (6th Cir. 2020) (quoting *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207, 206 L. Ed. 2d 452 (2020)); *see also Purcell v. Gonzalez*, 549 U.S. 1, 4-5, 127 S. Ct. 5, 166 L. Ed. 2d 1 (2006) (per curiam) ("[c]ourt orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase."); *SEIU Local 1 v. Husted*, 698 F.3d 341, 345 (6th Cir. 2012) ("As a general rule, last-minute injunctions changing election procedures are strongly disfavored." (citing *Purcell*, *supra*)).

Additionally, the state holds a compelling interest in "efficiently allocating its election resources and administering elections in an orderly manner." *Mays v. LaRose*, 951 F.3d 775,

783 (6th Cir. 2020). *See also A. Philip Randolph Inst. of Ohio v. LaRose*, 831 Fed.Appx. 188, 192 (6th Cir. 2020). In *Crawford v. Marion County Election Bd.*, 553 U.S. 181, 196 (2008), Justice Stevens recognized the relevance and legitimacy of a State's interest in the "orderly administration" of elections. "And courts have recognized all the subsidiary interests as relevant and legitimate as well." *Mays,* 951 F.3d at 783; *see also Crawford* at 197; *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 364, 117 S. Ct. 1364, 137 L. Ed. 2d 589 (1997); *Ohio Democratic Party v. Husted*, 834 F.3d 620, 634 n.8 (6th Cir. 2016).

This Court set Ohio on a straight and orderly path to an August 2, 2022 primary election for its legislative districts. Ohio's 88 county boards of elections are working towards that directive and to change course now, with barely one month to go, would be extremely ill-advised. There is absolutely no indication that any appeal to the U.S. Supreme Court would be resolved before August 2, let alone in time to hold a primary election before the November 8 general election. Thus, granting a stay pending resolution of the Simon Parties' appeal, which is not even effective at this point, would throw Ohio into election chaos with no answer for when, if at all, Ohioans would be able to vote for their legislative representatives. Even the Simon Parties do not dispute this reality. They offer no viable alternative plan but simply claim that having to "vote in an election utilizing an electoral mapping structure that violates the VRA" could cause them irreparable harm. Mot. to Stay, ECF. No. 207 at PageID 6390. As this Court and the Defendants have pointed out on numerous occasions, the Simon Parties fail to show that Map 3 violates the Voting Rights Act. Thus, the Simon Parties will suffer no irreparable harm by a denial of their stay application.

### III. CONCLUSION

For these reasons, and the reasons set forth in the Defendants' Response in Opposition to Simon Parties' Motion to Alter or Amend Judgment (ECF No. 208), the Simon Parties' Motion for Stay Pending Appeal (ECF No. 207) should be denied.

    Respectfully submitted,

    DAVE YOST
    Ohio Attorney General

    */s/ Julie M. Pfeiffer*
    JULIE M. PFEIFFER (0069762)
    *Counsel of Record*
    JONATHAN D. BLANTON (0070035)
    Deputy Attorney General
    MICHAEL A. WALTON (0092201)
    ALLISON D. DANIEL (0096186)
    Assistant Attorneys General
    Constitutional Offices Section
    30 E. Broad Street, 16th Floor
    Columbus, Ohio 43215
    Tel: 614-466-2872 | Fax: 614-728-7592
    Julie.Pfeiffer@OhioAGO.gov
    Michael.Walton@OhioAGO.gov
    Jonathan.Blanton@OhioAGO.gov
    Allison.Daniel@OhioAGO.gov

    *Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

    */s/ Julie M. Pfeiffer*
    JULIE M. PFEIFFER (0069762)
    Assistant Attorney General