IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GONIDAKIS, *et al.*, | :  |
| Plaintiffs, | :  Case No. 2:22-cv-0773 |
| v. | :  Chief Judge Algenon L. Marbley |
| | :  Judge Amul R. Thapar |
| FRANK LAROSE, in his capacity as Ohio Secretary of State, *et al.*, | :  Judge Benjamin J. Beaton |
| Defendants. | :  |

## ORDER

BEFORE: THAPAR, Circuit Judge; MARBLEY, Chief District Judge; and BEATON, District Judge.

PER CURIAM. In the months leading to the 2022 elections, the Ohio Redistricting Commission and the Ohio Supreme Court deadlocked while picking a map. The Commission drew four maps, and the Ohio Supreme Court rejected each in turn. To ensure that one was in place in time for the elections, Ohioans filed this suit. Others intervened. Ultimately, after compromise failed, we ordered Ohio to implement the third map the Commission had created. Ohio complied. Our rationale and the full background to the litigation are set out in our orders of April 20 and May 27, 2022. *See* ECF Nos. 196 & 205.

The 2022 election cycle's now over. Yet many motions are still pending in this court that must be disposed of. This order handles the final housekeeping in this case.

I.

*The Motions to Dismiss*: The two outstanding motions to dismiss are moot. *See* ECF Nos. 132 & 133. Plaintiffs' operative complaint asked us to compel Ohio to use the Commission's third map for the 2022 election cycle. ECF No. 86, Pg. ID 1259, 1272. In the end, that's what we did.

1

*See* ECF Nos. 196 & 205. And now that the 2022 elections are over, granting or denying the motions to dismiss this complaint will have no practical effect. The election can't be rerun, and both the complaint and the relief we granted were expressly limited to the 2022 election cycle. ECF No. 86, Pg. ID 1259, 1272; ECF No. 196, Pg. ID 6273. Thus, the motions are moot, and they are denied.

II.

*The Remaining Motions Concerning the 2022 Cycle*: Nine further motions are moot for similar reasons.

Three pending motions concern the choice of map for the 2022 elections cycle. First, the plaintiffs sought a temporary restraining order directing Ohio to implement the third map. ECF No. 84, Pg. ID 1154. Second, the intervenor-plaintiffs moved to appoint a special master to pick a map for the 2022 election cycle. ECF No. 149, Pg. ID 4223.[1] And third, the same intervenor-plaintiffs sought an injunction directing Ohio to use an expert-drawn map if the deadlock persisted. ECF No. 165, Pg. ID 5420. As with the motions to dismiss, the end of the 2022 election cycle made these motions moot, so they are denied.

The same goes for the three motions challenging the order directing Ohio to implement the third map. Both the Simon intervenors and the intervenor-defendants filed motions to amend this order or a related one. ECF No. 202, Pg. ID 6330; ECF No. 204, Pg. ID 6364.[2] The Simon intervenors also moved stay this order pending appeal. ECF No. 207, Pg. ID 6382. Since this

---

[1] The "intervenor-plaintiffs" are Ahmad Aboukar; Crystal Bryant; the Council on American-Islamic Relations; Samuel Gresham, Jr.; Prentiss Haney; Mikayla Lee; the Ohio Environmental Council; Pierrette M. Talley; and the Ohio Organizing Collaborative.

[2] The "intervenor-defendants" are the A. Philip Randolph Institute of Ohio and the League of Women Voters of Ohio. The "Simon intervenors" are Rev. Lewis Macklin, Rev. Kenneth L Simon, and Helen Youngblood.

order has already been implemented and the 2022 election cycle's over, these three motions are similarly moot, so we deny them as well.

Three final motions concern the briefing. The Simon intervenors moved to join a motion opposing a preliminary injunction that's since been resolved. ECF No. 186, Pg. ID 6020; *see* ECF Nos. 181 & 100. They also later sought leave to file a consolidated reply brief. ECF No. 214, Pg. ID 6451. And the Center for Competitive Democracy moved to file an amicus brief. ECF No. 187, Pg. ID 6021. Since the issues this briefing addressed have been resolved, these motions are denied as moot as well.

### III.

*The Simon Intervenors' Motion for Class Certification*: This motion is denied too. Even when allowing intervention, a court may limit intervenors to address only those issues already raised by the original parties. *United States v. City of Detroit*, 712 F.3d 925, 931–32 (6th Cir. 2013). That's what happened here. We allowed the Simon intervenors to join this litigation to address the 2022 election maps for Ohio's state offices. *See* ECF No. 185, Pg. ID 6013. U.S. congressional district maps were never part of this litigation, and we did not allow the Simon intervenors to raise that issue. *Id*. Now, this motion seeks to certify a class to challenge Ohio's U.S. congressional districts and Ohio's state senate districts. ECF No. 140, Pg ID 3159. Since the motion bears on a subject beyond the scope of the intervention we allowed, it's not permissible. Moreover, to the extent the motion is read narrowly as seeking to certify a class to challenge only 2022 state senate election maps, it's now moot. Therefore, the motion is denied.

IV.

*The Motions to Withdraw*:  Finally, we grant Derek Clinger's and Harleen K. Gambhir's motions to withdraw as co-counsel for the Bennett petitioners.  *See* ECF Nos. 215 & 218.

**IT IS SO ORDERED.**

s/ Amul R. Thapar
_____
**AMUL R. THAPAR**
**UNITED STATES CIRCUIT JUDGE**

s/ Algenon L. Marbley
_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

s/ Benjamin J. Beaton
_____
**BENJAMIN J. BEATON**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 24, 2023**